### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JENNIFER PAYNE** | * | CIVIL ACTION NO. |
| Plaintiff | * | DIVISION: |
| | * | JUDGE: |
| | * | MAGISTRATE JUDGE: |
| **VERSUS** | * | |
| | | |
| **CITY OF HAMMOND and** | * | |
| **ABC INSURANCE COMPANY** | | |
| Defendant | * | |

**********************************************************************

### PLAINTIFF'S FIRST SUPPLEMENTAL AND AMENDED COMPLAINT FOR DAMAGES

**NOW INTO COURT**, comes Jennifer Payne (hereinafter "Plaintiff"), being of the full age of majority, and domiciliary of the City of Hammond, Parish of Tangipahoa, State of Louisiana, who with respect represents that:

### I. NAMED DEFENDANTS

1.

Named defendants in this suit herein are:

a) City of Hammond, (hereinafter referred to as "Hammond Police Department or HPD") located within the parish of Tangipahoa, State of Louisiana, who can best be served through its authorized agent for the service of process, Mayor Pete Panepinto, 310 East Charles Street, Hammond, LA 70401;

b) ABC Insurance Company (hereinafter "ABC"), the presently unknown liability carrier of the City of Hammond, at all times pertinent hereto.

2.

The above defendants are truly, justly, legally, and solidarily bound unto your Plaintiff herein for the full sum and amount to be determined by this Honorable Court, together with legal interest and court costs.

## II. JURISDICTION AND VENUE

3.

Jurisdiction is proper in this Honorable Court pursuant to 28 U.S.C. § 1331, because Petitioner's claims invoke federal law, and jurisdiction is based upon this federal question. This Court has supplemental jurisdiction over Petitioner's claims under Louisiana law pursuant to 28 U.S.C. § 1367.

4.

Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391(b), because the discrimination and retaliatory treatment occurred in the Hammond, Louisiana.

## III. COMPLIANCE WITH JURISDICTIONAL REQUIREMENTS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

5.

Plaintiff has complied with the jurisdictional requirements of Title VII, to wit: that in January, 2022 and on May 3, 2023, Petitioner caused a charge of discrimination in employment based upon discrimination to be filed with the Equal Employment Opportunity Commission ("EEOC").

6.

A Notification of Right to Sue letter dated March 3, 2024, was received by Petitioner on or about May 12, 2024. On July 25, 2024, Plaintiff filed her *pro se* Complaint. Accordingly, suit was filed within ninety days of Petitioner's receipt of the Notice of Right to Sue. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.

At all times pertinent hereto, Defendant was an "employer" of Petitioner within the meaning and intent of Federal and Louisiana law and as defined in Title VII of the Civil Rights Act of 1964. Petitioner was at all times an "employee" of Defendant within the meaning and intent of Federal and Louisiana law and as that term is defined in Title VII of the Civil Rights Act of 1964.

8.

During Ms. Payne's employment, The City of Hammond and the Hammond Police Department were engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. Section 2000e-2(a) and under Louisiana Revised Statutes, Title 23. The unlawful practices consisted of discrimination of the disabled female petitioner that adversely affected her status as an employee with defendant. These same unlawful employment practices further violated anti-discrimination statutes of the State of Louisiana under Louisiana Revised Statutes, Title 23

### IV. RELEVANT FACTS

9.

Plaintiff, Jennifer Payne started her full-time employment with HPD in July of 2000 when she was twenty-one years old as a female communications officer.

10.

In 2003, Plaintiff took a position as a patrol officer, and was promoted to sergeant in 2017, and lieutenant in February of 2022.

11.

Plaintiff had ongoing, severe back problems that eventually required a lumbar fusion. The severity of Plaintiff's injuries qualified her as disabled.

12.

Plaintiff was qualified for her job as evidenced by her promotion to Lieutenant.

13.

Plaintiff was demoted and eventually terminated after reporting that she was being discriminated against for being disabled and being a female.

14.

On September 22, 2022, while at home with her husband, she told him that she felt that the Chief of Police had a personal vendetta against her. She also discussed an incident that occurred in 2020 when she worked directly with the Chief of Police, and he requested that she send him nude photographs via Snap Chat. Her husband, who also works for HPD reported the incident to HPD and an investigation ensued.

15.

In September of 2022, Ms. Payne requested reasonable accommodations by asking to be placed on light duty due to her disability. Notably, her job as Lieutenant was all "light duty." Ms. Payne was denied this request and was forced to begin sick leave which requires employees to remain in "their place of confinement." After Ms. Payne was denied "light duty" other male officers were contacted by HPD and asked to work light duty.

16.

While Ms. Payne was required to remain in her "place of confinement" male officers who are on sick leave are allowed to leave their place of confinement, come

and go as they please, and only required to notify HPD if their permanent address changes.

17.

During Ms. Payne's sick leave, she was not allowed to leave her home except for limited activities such as doctors' visits and to obtain food, despite providing documentation from her private physician and the city physician recommending Ms. Payne to be able to leave her place of confinement in order to heal correctly, reorient herself with day-to-day activities, regain strength, and to maintain a healthy mental state.

18.

The city never responded to and/or acknowledged the physicians' requests for Ms. Payne's confinement to be adjusted for over six months.

19.

Plaintiff provided eight ("8") doctors notes stating reasons why she should needed to leave her "place of confinement." Her requests were all denied while a male co-worker provided one ("1") doctor's note stating why he needed to leave his "place of confinement." The male officer's request was granted.

20.

Plaintiff filed a complaint in January of 2023 while out on sick leave with the U.S. Equal Employment Opportunity Commission (EEOC).

21.

Plaintiff filed a charge of discrimination with the EEOC on May 3, 2023.

22.

On May 3, 2023, Plaintiff was informed by another HPD officer that the Chief of Police contacted the office state examiners to inquire about demoting Plaintiff from Lieutenant to Officer.

23.

On May 24, 2023, Ms. Payne was demoted from Lieutenant to Officer. The stated purpose for her demotion was that she violated the sick leave policy. However, upon information and belief she was demoted in retaliation for filing the EEOC complaint.

24.

On June 10, 2023, Plaintiff notified her supervisor that she would be leaving her "place of confinement" to eat at a restaurant with her family on the day of her father's funeral. "Obtaining food" is one of the approved reasons HPD employees are allowed to leave their "place of confinement." Nonetheless, Plaintiff's supervisor denied her request despite it being an approved purpose and despite it being the date of her father's funeral.

25.

Prior to being demoted, Plaintiff's job duties and responsibilities as a Lieutenant were all considered "lite duty."

26.

Ms. Payne subsequently requested to return to work on light duty and was informed that there was no availability for lite duty and HPD refused to make accommodations. She was later told that male colleagues were asked to perform lite duty after her request was denied.

27.

During Plaintiff's employment with Defendant, Defendant, through its employees afforded Petitioner different treatment than male and non-disabled employees holding the same or similar positions as Petitioner.

## V. CAUSES OF ACTION

**Count 1- Discrimination on the basis of sex in Violation of Title VII of the Civil Rights Act of 1964, 42 USC 2000e. et seq.**

28.

The foregoing paragraphs are realleged and incorporated by reference herein.

29.

The Defendant's conduct as alleged at length herein constitutes discrimination based on sex in violation of Title VII. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus. Plaintiff was treated differently than her male colleagues, was subjected to sexual harassment, was held to a different sick leave standard and after reporting the discrimination she was demoted and eventually terminated. Pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000e and following), an employer, such as HPD and the City of Hammond, is prohibited from engaging in unlawful discrimination in employment on the basis of sex and prohibited from retaliating against employees who assert his or her rights under the law. This prohibition includes discrimination in all terms, conditions, and privileges of employment, including hiring, firing, compensation, benefits, job assignments, promotions, and discipline.

**Count 2 - Title I of the Americans with Disabilities Act**

30.

The allegations of the foregoing paragraphs are hereby re-alleged and incorporated herein by reference.

31.

Title I of the ADA, 42 U.S.C. § 12111, et seq., and its implementing regulation, 29 C.F.R. Part 1630, requires covered employers, such as Defendant, to provide reasonable accommodations to otherwise qualified employees with disabilities.

32.

Reasonable accommodations include, but are not limited to, reassignment to a vacant position within the employer's organization when an employee with a disability can no longer perform the essential functions of the employee's position and a vacant position for which the employee is qualified is available.

33.

Ms. Payne is an otherwise qualified individual with a disability.

34.

Defendant failed to provide Ms. Payne a reasonable accommodation, including but not limited to a reassignment to a position within the Defendant's organization where such an accommodation was available. 42 U.S.C. §§ 12112(a) and (b); 29 C.R.F. § 1630.9.

35.

Defendant's conduct as described in this Complaint constitutes discrimination on the basis of disability in violation of Title I of ADA, 42 U.S.C. § 12111, *et seq.*, and its implementing regulation, 29 C.F.R. Part 1630.

36.

As a result of Defendant's discriminatory conduct, Ms. Payne suffered and continues to suffer damages.

37.

Plaintiff realleges and incorporates by reference each allegation contained in each aforementioned paragraph as thoughtfully set forth herein.

38.

Defendant has discriminated against Plaintiff by denying her reasonable accommodations for her disabilities, including occupational stress, in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., as amended.

39.

Defendant, through its employees and/or representatives has conducted itself intentionally, deliberately, willfully, and in callous disregard of the rights of Plaintiff.

40.

By reason of HPD's discrimination, Plaintiff is entitled to all legal and equitable remedies available under the Rehabilitation Act.

41.

Attorney's fees should be awarded under 29 U.S.C. § 794(a) (1)

### Count 3- Louisiana Employment Discrimination Law("LEDL"), La. R.S. 23:301, et seq.,

42.

Att all times pertinent hereto, she was a qualified individual with a disability within the meaning and intent of the ADA and the LEDL.

43.

The aforementioned incident was in no way caused or contributed to by Plaintiff but was due solely to the negligence and fault of defendant, HPD and/or associates under its direct control of the City of Hammond and therefore, responsibility for this incident and for the damages to Plaintiff lies solely with defendant.

### Count 4-Retaliatory Discharge and Wrongful Termination

44.

Petitioner re-iterates the allegations contained in the forgoing, as if copied herein in extenso.

45.

During the course and scope of her employment with Defendant, Plaintiff reported the sexist discrimination and discriminatory behavior to her supervisors several times.

46.

During Petitioner's employment, Defendant was engaged in unlawful employment practices in violation of Federal and State law including, but not limited to, Section 703 of Title VII, 42 U.S.C. Section 2000(e) and under Louisiana Revised

Statutes, Title 23. The unlawful practices consisted of discrimination on the basis of sex, the female Plaintiff and retaliatory actions, the effect of which created a hostile work environment for the Plaintiff and adversely affected her status as an employee with Defendant and resulted in damages to Petitioner. The unlawful practices were carried out by the supervisor and Chief of Police, employees of Defendant; therefore, Defendant had full knowledge of its unlawful and sexist discriminatory behavior.

30.

Defendant, through the conduct of its supervisors, managers, officers, employees, agents and/or representatives, deprived Plaintiff of the rights, privileges, and immunities secured to her by the laws of the United States, specifically, his right to be free from retaliatory discharge and wrongful termination and his rights as provided by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), et seq.

31.

Defendant's actions in terminating Petitioner were discriminatory in that they constituted a retaliatory discharge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A 2000e 3 et seq, and Louisiana statutes relevant to retaliatory discharge and wrongful termination including, but not limited to, La. R.S. 23:332 and La. R.S. 23:967.

32.

Defendant is responsible under both Federal and State laws cited herein through direct participation or through agency principals or respondent superior.

33.

The conduct of the offending supervisors were sudden, unexpected, and extraordinary in relation to Petitioner's employment.

34.

As a result of the acts alleged herein, Petitioner sustained damages which include, but are not limited to, emotional distress, humiliation, embarrassment, severe mental anguish, physical pain and suffering, past and future medical expenses, lost wages, back and front pay, loss of employment related benefits, and other such damages as will be more fully shown at the trial of this matter.

35.

Petitioner is entitled to and desires an award of attorney's fees and all court costs and litigation expenses of these proceedings, including expert witness fees in accordance with law.

36.

Petitioner is entitled to and desires an award of attorney's fees and all court costs and litigation expenses of these proceedings, including expert witness fees in accordance with law.

37.

At all times pertinent hereto, ABC Insurance Company was the liability insurer of the City of Hammond whose policy or policies of insurance were in full force and effect at all times pertinent hereto and rendered defendant, ABC, liable jointly,

severally, and *in solido* with its insured, the City of Hammond to Petitioner herein.

## V. DAMAGES

43.

The aforementioned discrimination, harassment and retaliation of Plaintiff has been devastating to her, causing Plaintiff mental distress, humiliation, embarrassment, past and future pain and suffering, and loss of income, past and future. Petitioner hereby requests the following relief be granted:

a. Compensatory damages as a result of the discrimination based on sex and disability, , wrongful termination, and/or retaliatory discharge;

b. Loss of income and back pay with benefits plus interest;

c. Front pay or loss of future earnings;

d. Expungement of Petitioner's employment record including but not limited to removal from the ineligible to rehire list;

e. Punitive damages;

f. Court costs and litigation expenses;

g. Legal interest from the date of termination;

h. Reasonable attorney's fees; and

i. Reinstatement of his former position or a position of comparable salary, status, hours, and benefits, or front pay in lieu thereof.

## **PRAYER**

**WHEREFORE**, Plaintiff, Jennifer Payne, hereby requests that Defendant, the City of Hammond be cited to appear and answer herein and upon final hearing, have judgment against Defendants for all sums reasonable under the premises, reasonable

attorney's fees, and all costs of these proceedings, together with legal interest thereon from the date of judicial demand until paid, and for all such relief to which Petitioner is entitled at law or in equity.

                                                Respectfully submitted,

                                                **ANDERSON TRAYLOR EDWARDS**

                                                ***/s/ Ashley Anderson Traylor***
Ashley Anderson Traylor, Bar #36287
Christopher J. Edwards, Jr., Bar #35471
S. Camp Sledge, Bar # 39506
509 W. Morris Ave.
Hammond, Louisiana 70403
Phone – (985) 345-7777
Fax – (985) 221-7501
ashley@ateattorneys.com