## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JENNIFER PAYNE** | **CIVIL ACTION NO. 24-1857** |
| **Plaintiff,** | |
| | **SECTION "E"** |
| **VERSUS** | **JUDGE SUSIE MORGAN** |
| **CITY OF HAMMOND AND ABC** | **MAG. DIV. (3)** |
| **INSURANCE COMPANY** | **MAGISTRATE JUDGE** |
| **Defendant.** | **EVA J. DOSSIER** |

### MEMORANDUM IN SUPPORT OF CITY OF HAMMOND'S PARTIAL MOTION TO DISMISS FIRST SUPPLEMENTAL AND AMENDED COMPLAINT FOR DAMAGES

**MAY IT PLEASE THE COURT:**

Defendant, City of Hammond ("the City"), who, appears solely to support the instant motion, and expressly reserves all defenses, objections, and arguments, without waiver, submits this Memorandum in Support of Defendant's Partial Motion to Dismiss First Supplemental and Amended Complaint for Damages (the "Amended Complaint"), filed by Plaintiff, Jennifer Payne. (R. Doc. 22). Defendant submits (i) punitive damages are not available and were previously "yielded" by Plaintiff; (ii) compensatory damages are unavailable for ADA retaliation claim; (iii) failure to state a claim under the Rehabilitation Act; (iv) retaliatory demotion claim under La. R.S. 23:967 is time-barred; (v) failure to state a retaliation claim under the LEDL; (vi) failure to exhaust Title VII and ADA administrative remedies for hostile work environment claims based on sex or disability; (vii) failure to provide pre-suit notice for LEDL hostile work environment claims based on sex or disability; and (viii) failure to state a hostile work environment claim under Title VII, the ADA, or the LEDL based on sexual harassment or disability.

### I.    RELEVANT PROCEDURAL BACKGROUND

This lawsuit was filed by Plaintiff, on July 25, 2024, as a pro se litigant but Plaintiff is now represented by counsel. (R. Docs. 1, 9-10). The Original Complaint brought claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), Americans with Disabilities Act ("ADA"), and

the Louisiana Employment Discrimination Law ("LEDL") for hostile work environment, gender discrimination, disability discrimination, and retaliation; and alleged "negligence and/or fault claims" and requested punitive damages. (R. Doc. 1).  The original Complaint included an EEOC Determination and Notice of Rights and an EEOC Charge as exhibits. (*See* R. Docs. 1-1 and 1-2).

Defendant filed a partial motion to dismiss seeking dismissal of (i) negligence and/or fault claims; (ii) punitive damages claim; (iii) Title VII and ADA hostile and/or harassing work environment claims due to failure to exhaust administrative remedies; (iv) LEDL hostile and/or harassing work environment and retaliation claims for failure to provide pre-suit notice; and (v) Title VII, ADA, and LEDL hostile and/or harassing work environment claims for failure to state a claim. (R. Doc. 6).  Plaintiff's Opposition (filed by her counsel of record) "concede[d] that her claim for negligence and/or fault are preempted by federal and state employment discrimination laws," and "yield[ed] her claims for exemplary (punitive) damages against the City, a municipality/local government entity [as] unrecoverable as a matter of law." (R. Doc. 19, at 1, 4).

On December 4, 2024, the Court issued an Order granting Plaintiff leave to file an amended complaint. (R. Doc. 21).  Importantly, the Court specified in its Order:

> This case is in the early stages of litigation, and Defendant will have ample time to file a new motion to dismiss Plaintiff's amended complaint, if Plaintiff chooses to so file….The Court will allow Plaintiff to amend her complaint. **Any amended complaint Plaintiff files must address, fully and completely, all arguments raised in the Defendant's motion to dismiss.**

(R. Doc. 21, at 6) (emphasis added).

On December 16, 2024, Plaintiff filed a First Supplemental and Amended Complaint for Damages (the "Amended Complaint"). (R. Doc. 22).  The Amended Complaint contains some new allegations and omits other allegations, compared to the Original Complaint. (R. Docs. 1, 22). Plaintiff did not attach the two EEOC exhibits to the Amended Complaint that were attached to the Original Complaint. *Id.*  The Amended Complaint brings claims under Title VII, the ADA, the

2

Rehabilitation Act of 1973, La. R.S. 23:301 *et seq.* (the "LEDL"), and La. R.S. 23:967 for sex and disability discrimination, sex and disability-based hostile work environment, and retaliation. (R. Doc. 22, at pp. 7-13). Plaintiff continues to seek punitive damages. (R. Doc. 22, p. 13 at ¶ 43(e)).

As shown herein, contrary to the Court's Order, the Amended Complaint fails to "address, fully and completely, all arguments raised in the Defendant's [first] motion to dismiss." (R. Doc. 21, at 6). Additionally, the Amended Complaint contains new claims that are also not legally cognizable. Thus, Defendant respectfully submits the instant partial motion to dismiss to address claims and damages in the Amended Complaint that are subject to dismissal, as a matter of law.

## II.    FACTUAL ALLEGATIONS OF AMENDED COMPLAINT

Plaintiff alleges she "complied with the jurisdictional requirements of Title VII" through filing of an EEOC Charge, receipt of a right to sue notice, and timely filing of this suit; and concludes "[a]ll conditions precedent to the institution of this lawsuit have been fulfilled." (R. Doc. 22, at ¶¶ 5-6). Plaintiff further alleges she was hired by the City of Hammond as a communications officer for the Hammond Police Department ("HPD") in July of 2000. (R. Doc. 22, at ¶ 9). In 2003, Plaintiff "took a position as a patrol officer, and was promoted to sergeant in 2017, and lieutenant in February of 2022." (R. Doc. 22, at ¶ 10). On September 22, 2022, the Amended Complaint newly alleges that Plaintiff told her husband she felt the Chief of Police "had a personal vendetta against her," and she discussed a past, unreported incident with him from 2020 where the Police Chief allegedly asked her to "send nude photographs via Snap Chat." (R. Doc. 22, at ¶ 14). Her husband reported the 2020 allegation to the HPD "and an investigation ensued." *Id.*

Plaintiff also alleges she had "ongoing, severe back problems that eventually required a lumbar fusion." (R. Doc. 22, at ¶ 11). In September 2022, Plaintiff requested a reasonable accommodation of light duty "due to her disability." (R. Doc. 22, at ¶ 15). Plaintiff alleges her light duty request was denied and she was "forced to begin sick leave which requires employees

to remain in their place of confinement," while unidentified male officers were contacted by HPD and asked to work light duty. *Id.* Plaintiff further alleges unidentified male officers on sick leave were permitted to leave their homes and "come and go as they please," while she was not allowed to leave her home except for limited activities such as doctor's visits and to obtain food. (R. Doc. 22, at ¶¶ 16-17). For over six months, the City allegedly did not respond to or acknowledge physician recommendations for adjustments to Plaintiff's home confinement during sick leave. (R. Doc. 22, at ¶¶ 18). Plaintiff further alleges that she submitted eight doctor's notes to leave her home that were all denied, while an unidentified male coworker only provided one note and his request to leave his place of confinement was granted. (R. Doc. 22, at ¶ 19).

Plaintiff alleges she filed a complaint with the EEOC in January 2023 and filed an EEOC Charge on May 3, 2023. (R. Doc. 22, at ¶¶ 20-21). Plaintiff reports she was demoted from Lieutenant to Officer on May 24, 2023, for the "stated purpose" of violation of the sick leave policy, but alleges the demotion was "in retaliation for filing the EEOC complaint." (R. Doc. 22, at ¶ 23). Plaintiff further alleges her request on June 10, 2023 to eat at a restaurant with her family on the day of her father's funeral was denied. (R. Doc. 22, at ¶ 24). Plaintiff then alleges she requested to return to work on light duty but was informed there was no availability and "HPD refused to make accommodations," while unidentified male colleagues were asked to perform light duty after her request was denied. (R. Doc. 22, at ¶ 26). Plaintiff concludes she was treated differently than male and non-disabled employees, including "subjected to sexual harassment, was held to a different sick leave standard and after reporting the discrimination she was demoted and eventually terminated." (R. Doc. 22, at ¶¶ 27, 29). Plaintiff further claims the alleged "unlawful practices" created a hostile work environment. (R. Doc. 22, pp. 10-11 at ¶ 46).[1]

---

[1] The Amended Complaint contains separate paragraphs with duplicate numbering of ¶ 30-43; thus, Defendant cites the page and paragraph numbers to avoid confusion. (*See* R. Doc. 22, at pp. 11-13, repeating ¶¶ 30-43).

## III.    STANDARD OF REVIEW

F.R.C.P. 12(b)(6) permits dismissal of claims for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).  Under Rule 12(b)(6), a court "must take the well-pleaded factual allegations of the complaint as true." *Dupre v. State Farm Mutual Automobile Ins. Co.,* 2014 WL 2441124, at *1 (E.D. La. May 30, 2014).  A court is not required to "accept labels, conclusions, or formulaic recitation of the elements of a cause of action," and is not bound to accept legal conclusions couched as factual allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); and *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "Indeed, the Court must first identify allegations that are conclusory and, thus, are not entitled to the assumption of truth." *Currier v. Entergy Servs., Inc.*, 2014 WL 1093687, at *5 (E.D.La. Mar. 14, 2014).  A Complaint must contain more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 550 U.S. at 555.   Factual allegations "must be enough to raise a right to relief above the speculative level." *Id.*; *see also Iqbal,* 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

In addition, documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claims. *Carter v. Target Corp.,* 541 Fed. Appx. 413, 416 (5th Cir. Oct. 4, 2013) (citing *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498-99 (5th Cir. 2000)); and *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir. 2010) (finding review of 12(b)(6) motion is limited to the complaint, documents attached to complaint, and documents attached to motion to dismiss that are central to claims and referenced in complaint).[2]  "In so attaching, the defendant merely assists the

---

[2]    *See also Tynes,* 2018 WL 11471783, at *4 (taking judicial notice of EEOC documents attached to motion to dismiss as matters of public record, and finding "[a]ny reference to EEOC documents, therefore, does not convert

plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Collins,* 224 F.3d at 499.  The Fifth Circuit has also found that EEOC charges attached to a 12(b)(6) motion are essential to determining if the charge was filed within the applicable statute of limitations, and if the charge alleges a viable Title VII claim. *Carter,* 541 Fed. Appx. at 417 (refusing to accept allegations as true that were negated by EEOC charge attached to 12(b)(6) motion).[3]  "These issues are central to [plaintiff's] pleadings, and her failure to include them does not allow her complaint to bypass [defendant's] motion to dismiss unexamined." *Id.*[4]  Further, such documents are considered "solely to determine whether Plaintiff has sufficiently alleged exhaustion of [her] administrative remedies." *Tynes v. Nationwide Mut. Insur. Co,* 2018 WL 11471783, at *4 (W.D. Tex. May 9, 2018).

## IV.    PUNITIVE DAMAGES ARE NOT AVAILABLE <u>AND</u> PLAINTIFF PREVIOUSLY "YIELDED" HER CLAIMS FOR PUNITIVE DAMAGES AGAINST THE CITY

Defendant's motion to dismiss the original complaint objected to a request for punitive damages against the City. (R. Doc. 6-1, at 8-12).  Plaintiff's Opposition stated she "yields her claims for exemplary (punitive) damages against the City, a municipality/local government entity [as] unrecoverable as a matter of law." (R. Doc. 19, at 4).  Despite this concession and the Court's Order to address all arguments raised in Defendant's motion to dismiss, the Amended Complaint continues to seek punitive damages against the City, which are barred as a matter of law. (*See* R. Doc. 22, p. 13 at ¶ 43(e)).  *See also Ozon v. Bank of Am., N.A.,* 2015 WL 11545020, at *5 (W.D.

---

Defendant's 12(b)(6) motion into a motion for summary judgment"); and *Shiell v. Rowan,* 2015 WL 750705, at *1 n.7 (E.D. La. Feb. 20, 2015) (confirming attachments to a motion to dismiss may be considered without converting to motion for summary judgment when documents are referenced in complaint and central to claims).

3    *See also Emperador-Baker v. Jazz Casino Co. LLC,* 2017 WL 1346380, at *2 (E.D. La. Apr. 12, 2017) ("An EEOC charge that is referenced in a plaintiff's Title VII complaint is central to her claim and may be considered in deciding a Rule 12(b)(6) motion.").

4    *See also Newell v. Acadiana Planning Comm'n Inc.,* 637 F.Supp.3d 419, 432 (W.D. La. 2022), for proposition:

When a plaintiff does not attach a pertinent document to the complaint, a defendant may introduce the exhibit as part of his motion attacking the pleading.  When facts in a complaint are contradicted by facts disclosed in an exhibit that is treated as part of the complaint, the allegations are not admitted as true.

PD.47901855.1

Tex. Nov. 9, 2015) (finding the Fifth Circuit and other appellate courts have approved of dismissal under FRCP 12(b)(6) of punitive damages requests that are unrecoverable as a matter of law).

**Title VII Discrimination and Retaliation.** "Congress has clearly provided that punitive damages are not available from a governmental entity under Title VII." *Chaney v. New Orleans Public Facility Mgmt, Inc.,* 1997 WL 685351, at *1 (E.D.La. Nov. 4, 1997). *See also* 42 U.S.C. § 1981 a(b)(1) (a complaining party may recover punitive damages against a respondent "(other than a government, government agency or political subdivision)"); and *Bradford v. Jackson Parish Police Jury,* 2019 WL 1966139, at *8 (W.D. La. Apr. 17, 2019). Defendant, City of Hammond, is a municipality/local government entity. Thus, Defendant is exempt from punitive damages under Title VII, and such damages are subject to dismissal under F.R.C.P. 12(b)(6), as a matter of law. *See Oden v. Oktibbeha Cnty., Miss.*, 246 F.3d 458, 465-66 (5th Cir. 2001) (finding punitive damages not available against City or county Sheriff); *Bernard v. City of Mesquite, Tex.,* 2023 WL 2169083, at *5 (N.D. Tex. Feb. 22, 2023) (dismissing punitive damages under ADA, Title VII, FMLA, and §1983); *Morgan v. City of Fort Worth,* 2019 WL 13472206, at *6 (N.D. Tex. Aug. 13, 2019) ("Title VII and Chapter 21 [of Texas labor code] bar recovery of punitive damages against governmental entities and political subdivisions, and Plaintiff cannot recover punitive damages against the City."); and *Adams v. City of Gretna,* 2009 WL 10679757, at *2 (E.D. La. Sept. 9, 2009) (dismissing claim for punitive damages against City municipality).

**ADA Discrimination and Retaliation.** Punitive damages against a municipality/local government entity are also unavailable for ADA discrimination. *See Bernard v. City of Mesquite, Tex.,* 2023 WL 2169083, at *5 (N.D. Tex. Feb. 22, 2023) ("[B]ecause it is a municipality, the City is not liable for punitive damages under the ADA or Title VII."); *Franklin v. City of Slidell,* 936 F.Supp.2d 691, 719 (E.D. La. 2013) (citing *Liner v. Hosp. Serv. Dist. No. 1 of Jefferson Parish,*

230 Fed. Appx. 361, 365 (5th Cir. 2007), finding punitive damages against a political subdivision under the ADA is precluded by 42 U.S.C. § 1981a(b)(1)); and *Barnes v. Gorman,* 536 U.S. 181, 189 (2002) (barring punitive damages under ADA and Rehabilitation Act).

In addition, punitive damages are also unavailable for ADA retaliation. 42 U.S.C. §12203(a) prohibits retaliation against an employee who engages in protected activity under the ADA. While a court may order certain "equitable relief as the court deems appropriate," the jurisprudence provides that "the statutory language is clear that compensatory and punitive damages . . . are not available for violations of the ADA's retaliation provision." *Rizzo v. Blues Mgmt., Inc.,* 2017 WL 549016, at *3 n.1 (S.D. Tex. Jan. 24, 2017) (citing 42 U.S.C. § 12203(c); and 42 U.S.C. § 2000e-5(g)(1)). *See also Miles-Hickman v. David Powers Homes, Inc.,* 613 F.Supp.2d 872, 885 (S.D. Tex. 2009) ("[T]he only damages available under an ADA retaliation claim are equitable damages, including back pay and front pay."). Thus, punitive damages are also unavailable for an ADA retaliation claim and are subject to dismissal. *See Oliver v. Roehm Am., LLC,* 2022 WL 11763644, at *21 (E.D. La. Oct. 20, 2022) (dismissing punitive damages for ADA retaliation claim); and *Rizzo,* 2017 WL 549016, at *4 (same). Thus, punitive damages against the City for ADA discrimination or retaliation claims are subject to dismissal. *See Bernard,* 2023 WL 2169083, at *5 (dismissing punitive damages claims under ADA); *Rizzo,* 2017 549016, at *4 (dismissing punitive damages for ADA retaliation); and *Oliver v. Roehm Am., LLC,* 2022 WL 11763644, at *21 (E.D. La. Oct. 20, 2022) (dismissing punitive damages for ADA retaliation).

**Rehabilitation Act.** The Amended Complaint newly raises claims under the Rehabilitation Act ("RA"). (R. Doc. 22, p. 9 at ¶¶ 38-41). However, punitive damages are also not recoverable under the Rehabilitation Act. *Barnes v. Gorman,* 536 U.S. 181, 188-89 (2002); *see also Dugger v. Stephen F. Austin State Univ.,* 232 F.Supp.3d 938, 953 (E.D. Tex. 2017). Thus, punitive damages

under the RA are subject to dismissal. *Sanders v. Cajun Iron Workers, Inc.,* 2016 WL 4063868, at *8 (E.D. La. July 29, 2016) (dismissing punitive damages under the RA, FMLA, and state law).

**Louisiana State Law Claims.** The Amended Complaint also brings claims under the LEDL, La. R.S. 23:301 *et seq.*, and the La. Whistleblower statute, La. R.S. 23:967. (R. Doc. 22, pp. 10-11 at ¶¶ 42-43, 46, 31). However, punitive damages are unavailable under Louisiana state law "unless expressly authorized by statute." *Int'l Harvester Credit Corp. v. Seale,* 518 So.2d 1039, 1041 (La. 1988); *see also Breaux v. Bollinger Shipyards, LLC,* 2017 WL 1109566, at *7 (E.D. La. Mar. 23, 2017) (citing *Ross v. Conoco, Inc.,* 828 So.2d 546, 555 (La. 2002)). Aside from a general request for punitive damages, the Amended Complaint does not cite to any statutory provision under Louisiana state law that provides for the recovery of punitive damages for the claims at issue in this suit. (*See* R. Doc. 22, p. 13 at ¶ 43(e); *see also* La. R.S. § 23:303(A)*;* La. R.S. § 23:967(C)(2)). Thus, punitive damages continue to be subject to dismissal, with prejudice. *See Benjamin v. Consol. Gov't of Lafayette,* 2020 WL 548806, at *2 (W.D. La. Feb. 3, 2020) (dismissing punitive damages under state law claims); *Jones v. City of Monroe,* 2019 WL 5488603, at *12 (E.D. La. Oct. 8, 2019) (dismissing punitive damages under Title VII and La. state law).

## V.    COMPENSATORY DAMAGES ARE UNAVAILABLE FOR ADA RETALIATION

The Amended Complaint seeks compensatory damages for "discrimination based on sex and disability, wrongful termination, and/or retaliatory discharge" with no limitation to a certain claim. (R. Doc. 22, at p. 13, ¶ 43(a)). Compensatory damages are unavailable under an ADA retaliation claim. *See Rizzo v. Blues Mgmt., Inc.,* 2017 WL 549016, at *4 (S.D. Tex. Jan. 24, 2017) ("In this case, the statutory language is clear that compensatory and punitive damages…are not available for violations of the ADA's retaliation provision."); and *Miles-Hickman v. David Powers Homes, Inc.,* 613 F.Supp.2d 872, 878 (S.D. Tex. 2009) (finding compensatory and punitive damages are not available for ADA retaliation). The Fifth Circuit has not directly ruled on this

issue, but other federal circuit courts have held that compensatory damages are not available for ADA retaliation.[5]  District courts in this federal circuit have also held that compensatory damages are not available for ADA retaliation.[6]  *See Oliver v. Roehm Am., LLC,* 2022 WL 11763644, at *22 (E.D. La. Oct. 20, 2022); *Rizzo v. Blues Mgmt., Inc.,* 2017 WL 549016, at *4 (S.D. Tex. Jan. 24, 2017); and *Miles-Hickman v. David Powers Homes, Inc.,* 613 F.Supp.2d 872, 879 (S.D. Tex. 2009).  Thus, any request for compensatory damages for ADA retaliation are subject to dismissal.

## VI.    FAILURE TO STATE A CLAIM UNDER THE REHABILITATION ACT

The Amended Complaint newly alleges Defendant denied reasonable accommodations to Plaintiff in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.,* and seeks all legal and equitable remedies under the Rehabilitation Act. (R. Doc. 22, at ¶¶ 38-41).  The Rehabilitation Act ("RA") prohibits disability-based discrimination in federal agencies and federally funded programs. *Powers v. Northside Indep. Sch. Dist.,* 662 Fed. Appx. 306, 307 (5th Cir. 2016) (citing 29 U.S.C. § 794(a)).  *See also Kemp v. Holder,* 610 F.3d 231, 234-35 (5th Cir. 2010) (finding the ADA and RA prohibit disability-based employment discrimination but the two statutes govern different entities: "the ADA applies only to public entities, including private employers, 42 U.S.C. § 12131(1), whereas the RA prohibits discrimination in federally funded programs and activities, 29 U.S.C. § 794(a)").  To establish a RA claim, a plaintiff must show she (i) is an individual with a disability, (ii) is otherwise qualified to perform the job, (iii) was employed in a program or activity that receives federal funding, and (iv) was discriminated against solely because of her

---

[5]    *See Israelitt v. Enterprise Servs. LLC,* 78 F.4th 647, 660 (4th Cir. 2023) (finding compensatory and punitive damages are not available for ADA retaliation after finding "[t]here's simply no way around it: § 1981(a)(a)(2) provides legal damages only for specific ADA claims. And ADA retaliation is not on the list.").  *See also Tucker v. Shulkin,* 2020 WL 4664805, at *1 (3d Cir. July 24, 2020); *Alvarado v. Cajun Operating Co.,* 588 F.3d 1261, 1270 (9th Cir. 2009); and *Kramer v. Bank of Am. Sec., LLC,* 355 F.3d 961, 966 (7th Cir. 2004).

[6]    *See also, persuasively, Jones v. Allied Servs. Skilled Nursing & Rehab. Ctr.,* 2024 WL 1533665, at *5 (M.D. Penn. Apr. 9, 2024) (granting motion to dismiss compensatory damages for ADA retaliation claim); and *Jenkins v. Reddirt Road Partners LLC,* 2024 WL 1793665, at *2-3 (N.D. Fla. Mar. 13, 2024) (granting motion to dismiss or strike portions of amended complaint and striking request for compensatory damages for ADA retaliation).

disability. *Handy v. Brownlee,* 118 Fed. Appx. 850, 854 (5th Cir. 2004). Moreover, a RA claim may not be based "against a state actor on the mere fact that the state itself obtains federal money." *Lightbourn v. City of El Paso, Tex.,* 118 F.3d 421, 427 (5th Cir. 1997).

Plaintiff's discrimination claims under the RA are not legally viable. Plaintiff does not allege she was a federal employee, or that Defendant is a federal agency, employer, contractor, or grantee. The Amended Complaint also contains no facts showing Defendant receives or directly benefits from federal financial assistance or receives federal funds in any manner used to employ Plaintiff. Thus, Plaintiff's Rehabilitation Act claim fails as a matter of law. *See, e.g., Johnson v. Callanen,* 608 F.Supp.3d 476, 488 (W.D. Tex. 2022) (finding failure to state a RA claim and granting motion to dismiss); and *Hernandez v. Tiendas Cuadra US LLC,* 2019 WL 2344726, at *2 (S.D. Tex. June 3, 2019) (granting motion to dismiss RA claim with prejudice).

## VII. RETALIATORY DEMOTION CLAIM UNDER LA. R.S. 23:967 IS TIME-BARRED

In relevant part, the Amended Complaint asserts claims of retaliatory demotion for filing an EEOC charge and retaliatory discharge under La. R.S. 23:967, the La. Whistleblower Statute. (R. Doc. 22, at p. 6, ¶ 23, and pp. 10-11, ¶¶ 46, 31). The La. Whistleblower Statute "does not specifically set out a prescriptive period so the general one-year prescriptive period for delictual actions applies." *Fleury v. Sodexo, Inc.,* 2022 WL 17532295, at *3 (E.D. La. Dec. 8, 2022); *see also Bowie v. Hodge,* 2021 WL 53312, at *8 (E.D. La. Jan. 6, 2021). This one-year prescriptive period begins to run from the date an injury or damage is sustained. *Butler v. Denka Performance Elastomer, LLC,* 16 F.4th 427, 437-38 (5th Cir. 2021) (citing La. Civ. Code art. 3492)). Further, "the Fifth Circuit has made clear that the filing of an EEOC charge does not toll, interrupt, or suspend prescription with regard to a plaintiff's state law claims." *Fleury,* 2022 WL 17532295, at *4 (finding plaintiff could have filed action in state court and obtained stay while pursing Title VII administrative remedies). *See also Julien v. St. John the Baptist Parish Sch. Sys.,* 2022 WL

11

2528234, at *8 (E.D. La. July 7, 2022) (finding no six-month tolling provision for La. R.S. 23:967 claims; thus, such claims prescribe one year from date plaintiff knew of alleged violation); and *Hunter v. Jefferson Par. Public Sch. Sys.,* 2017 WL 2910992, at *7 (E.D. La. July 7, 2017) ("It is well established that filing a charge with the EEOC does <u>not</u> suspend the running of prescription for claims asserted under Section 23:967.") (emphasis in original).

Here, it is apparent from the face of the Amended Complaint that Plaintiff's retaliatory demotion claim under La. R.S. 23:967 has prescribed.  Plaintiff alleges that she was demoted on May 24, 2023 "in retaliation for filing the EEOC complaint." (R. Doc. 22, at p. 6, ¶ 23).  This suit was filed on July 25, 2024 – over 14 months after the demotion. (R. Doc. 1).  Thus, a retaliatory demotion claim under La. R.S. 23:967 is time-barred, as a matter of law.  *See, e.g., Campbell v. Verma Sys., Inc.,* 2022 WL 256298, at *3 (M.D. La. Jan. 26, 2022) (granting motion to dismiss prescribed La. 23:967 claims with prejudice); *Clark v. Auger Servs., Inc.,* 443 F.Supp.3d 685, 712 (M.D. La. Mar. 10, 2020) (finding a La. R.S. 23:967 claim time-barred and granting motion to dismiss with prejudice); and *Lefort v. Lafourche Parish Fire Protection Dist. No. 3,* 39 F.Supp.3d 820, 826 (2014) (granting motion to dismiss prescribed La. R.S. 23:967 claim).

## VIII.   FAILURE TO STATE A RETALIATION CLAIM UNDER THE LEDL

The Amended Complaint raises sex and disability-based claims under the LEDL, La. R.S. § 23:301 *et seq.*, and retaliation claims under Title VII "and Louisiana statutes relevant to retaliatory discharge and wrongful termination including, but not limited to, La. R.S. 23:332 [LEDL] and La. R.S. 23:967." (R. Doc. 22, at p. 11, ¶ 31).  However, there is no cause of action for opposing sex or disability discrimination under the LEDL.  *See Glover v. Smith,* 478 Fed. Appx. 236, 243 (5th Cir. 2012); *Johnson v. JP Morgan Chase Bank, N.A.,* 293 F.Supp.3d 600, 615 (W.D. La. 2018); *Callais v. United Rentals, N.A., Inc.,* 2017 WL 4706897, at *4 n.1 (M.D. La. Oct. 19, 2017); and *Lowry v. Dresser, Inc.,* 893 So.2d 966, 967 (La. Ct. App. 2005).

PD.47901855.1

This issue was recently analyzed and confirmed by this Court in *Monette v. Walgreen Co.,* 2024 WL 4528156, at *3 (E.D. La. Oct. 18, 2024) (analyzing this issue in detail and finding no general prohibition against retaliation in the LEDL). In *Monette,* this Court found the "LEDL does not contain a general prohibition against retaliation." *Id.* The *Monette* Court also found that while certain LEDL sections prohibiting age-based (§ 23:312(D)) and sickle cell-based (§ 23:352(D)) discrimination expressly prohibit retaliation, other LEDL sections do not provide a cause of action for retaliation based on other forms of discrimination. *See id.* (finding no retaliation claim under the LEDL for race-based discrimination). Like *Monette*, the LEDL sections prohibiting disability and sex-based discrimination are also silent as to any cause of action for retaliation. (*See* §§ 23:323 and 23:332). Thus, per the plain text of the LEDL, there is no cause of action for retaliation for opposing sex or disability-based discrimination, and dismissal is warranted.

## IX.    FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES FOR HOSTILE WORK ENVIRONMENT CLAIMS BASED ON SEXUAL HARASSMENT OR DISABILITY UNDER TITLE VII OR THE ADA

Defendant's motion to dismiss the original Complaint objected to claims of hostile and/or harassing work environment that were not within the scope of the EEOC's investigation that could reasonably be expected to grow out of the EEOC charge and, thus, were barred for failure to exhaust administrative remedies. (R. Doc. 6-1, at 12-17). While the Court allowed Plaintiff to amend her complaint to "address, fully and completely, all arguments raised in the Defendant's motion to dismiss" (R. Doc. 21, at 6), the Amended Complaint continues to fail to plead facts showing administrative exhaustion of hostile work environment claims based on sex or disability.

Under Title VII and the ADA, a plaintiff must first exhaust administrative remedies before filing suit. *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378-79 (5th Cir. 2002); and 42 U.S.C.

§ 6104(e)(2).[7] "The crucial element of a charge of discrimination is the factual statement contained therein." *Clayton v. Rumsfeld,* 106 Fed. Appx. 268, 271 (5th Cir. 2004) (citing *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 462 (5th Cir. 1970)). An EEOC charge is construed "broadly, not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation and that which 'can reasonably be expected to grow out of the charge of discrimination.'" *Pacheco v. Mineta,* 448 F.3d 783, 789 (5th Cir. 2006) (quoting *Sanchez,* 431 F.2d at 465). Thus, courts engage in a "'fact-intensive analysis of the EEOC charge that looks beyond the four corners of the document to its substance." *McClain v. Lufkin Indus., Inc.,* 519 F.3d 264, 273 (5th Cir. 2008).

As a result, a plaintiff cannot assert additional claims in a lawsuit when such additional claims were not raised in a prior EEOC charge. *Richoux v. Chevron Oronite Co., LLC,* 2024 WL 844547, at *4 (E.D. La. Feb. 28, 2024); *see also Hills v. LaShip, LLC,* 2019 WL 498950, at *5 (E.D. La. Feb. 8, 2019) (quoting *Aucoin v. Kennedy,* 355 F.Supp.2d 830, 840 (E.D. La. 2004), for proposition that a "plaintiff may not circumvent the EEOC filing requirements by raising only a few claims in her EEOC filings, and later suing over every claim arising out of her employment")). The "Fifth Circuit has held that a claim is not reasonably expected to grow out of an EEOC charge if the claim is absent on the charge form." *Barnes v. Rite-Aid,* 2010 WL 4553493, at *4 (E.D. La. Oct. 28, 2010) (citing *Kebiro v. Walmart,* 193 Fed. Appx. 365, 367 (5th Cir. 2006)). Moreover:

> [A]n entirely different basis of alleged discrimination not mentioned to the EEOC will fall outside of the permissible scope of a lawsuit. There must be some factual relationship between the act and the acts described in the charge, beyond the fact that both involve the same employer and the same general type of discrimination.

*Richoux,* 2024 WL 844547, at *5 (finding "Courts should not condone lawsuits that exceed the

---

[7] The ADA incorporates by reference the procedures applicable to Title VII claims, which require a plaintiff to timely file a charge of discrimination with the EEOC, receive a right to sue letter, and file suit within the applicable 90-day period after receipt of right to sue letter. *See Dao v. Auchan Hypermarket,* 96 F.3d 787, 789 (5th Cir. 1996) (citing 42 U.S.C. § 2000e, *et seq.*); and *Franklin v. City of Slidell,* 936 F.Supp.2d 691, 709 (E.D. La. 2013) ("The ADA incorporates by reference the procedures for exhaustion applicable to claims under Title VII.").

scope of EEOC exhaustion because doing so thwarts the administrative process and peremptorily substitutes litigation for conciliation").[8] Thus, a "failure to reference a claim in the charge or allege any facts that would put the EEOC on notice to investigate will nullify that claim." *Freeman v. Delta Health Center, Inc.*, 2024 WL 3366387, at *6 (N.D. Miss. July 10, 2024) (citing *Pacheco,* 448 F.3d at 792). *See also Billups v. Vilsack,* 2024 WL 3274755, at *6 (E.D. La. July 2, 2024) ("A claim alleging one theory of discrimination must be dismissed where the EEOC charge only alleged a different theory of discrimination."); and *Longoria v. VIA Metro. Transit,* 2022 WL 1445396, at *5 (W.D. Tex. May 6, 2022) (finding dismissal of a claim for failure to exhaust administrative remedies is warranted when a lawsuit includes claims that were not named in the EEOC charge, and the nature of such claims were not described in the charge narrative section).[9]

## A.    EEOC Charge Asserted Only Sex and Disability-Based Disparate Treatment

Plaintiff attached her EEOC Charge to the Original Complaint, which she digitally signed under penalty of perjury on May 3, 2023. (R. Doc. 1-2). While Plaintiff did not re-attach the EEOC Charge to the Amended Complaint, the EEOC Charge is referenced in the Amended Complaint and is central to Plaintiff's Title VII and ADA claims. (R. Doc. 22, at ¶¶ 5-6, 20-21, 23). Thus, Defendant attaches Plaintiff's prior EEOC Charge exhibit to its instant motion to dismiss (*see* Exhibit A) to assist "in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Collins,* 224 F.3d at 499; *see also Carter,* 541

---

[8]  The Fifth Circuit has further held:

> One of the central purposes of the charge is to put employers on notice of the existence and nature of the charges. To notify employers adequately about the nature of the charges against them, employees must inform their employers from the outset about their claims of discrimination. Alternatively, allowing a complainant to encompass allegations outside the ambit of the predicate EEOC charge would circumvent the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charges.

> *Clayton v. Rumsfeld,* 106 Fed. Appx. 268, 271 (5th Cir. 2004) (internal citations omitted).

[9]  Citing *Miller v. Sw. Bell Tel. Co.,* 2002 WL 31415083, at *6-7 (5th Cir. 2002); *Anderson v. Venture Express,* 694 Fed. Appx. 243, 247 (5th Cir. 2017); and *Boudreaux v. St. Charles Mosquito Control, Inc.,* 2010 WL 2854276, at *3 (E.D. La. July 19, 2010).

Fed. Appx. at 417 (finding EEOC charges attached to 12(b)(6) motion essential to finding if charge

filed within applicable limitations period and if charge alleges administratively exhausted claim).[10]

The May 3, 2023 EEOC Charge, referenced in the Amended Complaint, alleged sex and

disability discrimination. (Exhibit A, at pp. 1-2). Specifically, the EEOC narrative alleged:

> I was hired on July 3, 2000, with my most recent position being police lieutenant. I am a person with a disability and my employer is aware of my disability. In January 2022 I returned to work after being out on an extensive medical leave for several months. In January 2022 I was promoted to my current rank of lieutenant and placed over records and communication division. In September 2022 I went out on medical leave. I wanted to return to work in December 2022, but I was told there was not light duty. During this time, my probation period was halted which means I would need to resume my probation period when I return to work. Chief Edwin Bergeron has approached me about taking disability retirement, and he once told me that I should wear a wig because I look like a man. I was informed by another officer that the chief stated that I took off too much. There are males who have taken significant time off and they were not disciplined, and they were granted light duty. The rules and policies have been applied differently to males in comparison to how they are applied to me regarding medical leave and time off. To date, I am currently out on medical leave.
>
> The Chief has issued me write-ups for abuse of sick leave and conduct unbecoming an officer. I have not been allowed to return to work because I was told there is no light duty for me.
>
> I believe I have been subjected to different terms and conditions of employment and disciplined because of my sex (female) in violation of Title VII of the Civil Rights Act of 1964, as amended; and I believe I was denied a reasonable accommodation, subjected to different terms and conditions of employment and disciplined because of my disability in violation of the Americans with Disabilities Act of 1990, as amended.

(Exhibit A, at pp. 1-2). As shown on the face of the EEOC charge, based on her sex and disability,

Plaintiff alleged different terms and conditions of employment and discipline based on refusal of

light duty and disciplinary actions, and alleged denial of a reasonable accommodation. *Id.* Thus,

the EEOC investigation that could reasonably have been expected to grow out of these allegations

is one based upon claims of sex and disability discrimination. *Id.*

---

[10] *See Funk v. Stryker Corp.,* 631 F.3d 777, 783 (5th Cir. 2011) ("When reviewing a motion to dismiss, a district court must consider the complaint in its entirety as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); and *Fuhr v. City of Sherman, Tex.,* 2022 WL 828926, at *2 (E.D. Tex. Mar. 18, 2022) ("[A]n EEOC charge constitutes a document central to the plaintiff's claim, thus permitting consideration of a charge attached to a motion to dismiss.").

**B.    Hostile Work Environment Claims Based on Sexual Harassment and Disability Could Not Reasonably Have Been Expected to Grow out of the EEOC Charge**

Sex discrimination and sexual harassment claims are distinct claims. *See Ellzey v. Catholic Charities Archdiocese of New Orleans,* 833 F.Supp.2d 595, 600 (E.D. La. 2011); and *Maldonado v. City of Midland,* 2023 WL 6978077, at *5 (W.D. Tex. Oct. 5, 2023). *See also Campos v. Insur. & Bonds Agency of Tex., LLC,* 2013 WL 321865, at *6 (W.D. Tex. Jan. 28, 2013) ("That harassment on the basis of sex and disparate treatment on the basis of sex are both forms of sex discrimination does not mean that a charge alleging one form of sex discrimination necessarily encompasses the other."). For a hostile work environment claim to reasonably be expected to grow out of an EEOC charge, Plaintiff must allege more than just discrete acts of discrimination. *Blanchard v. Tulane Univ.,* 636 F.Supp.3d 642, 653 (E.D. La. 2022). Further, "Courts have declined to find the exhaustion requirement met with respect to hostile work environment claims where the plaintiff alleged only specific and non-severe instances of discrimination in their EEOC charge." *Woods v. United Parcel Serv.*, 2018 WL 6729690, at *4 (N.D. Tex. Nov. 7, 2018).

While the EEOC narrative alleges Plaintiff was treated differently because of her sex and disability in terms and conditions of employment and discipline, and was denied a reasonable accommodation, it does not allege separate and distinct claims of hostile work environment based on sex or disability. While the Amended Complaint newly alleges the Chief of Police requested nude photographs in 2020, importantly, the EEOC Charge filed on May 3, 2023 made no mention of this pre-existing, unexhausted allegation and stated only that the earliest date discrimination took place was years later on September 15, 2022. (*Compare* Exhibit A *with* R. Doc. 22, at ¶ 14). Further, the Amended Complaint does not allege that Plaintiff amended her EEOC charge to add hostile work environment claims based on sex or disability. *Simmons-Myers v. Caesars Ent. Corp.,* 515 Fed. Appx. 269, 272 (5th Cir. 2013) ("[T]he proper question is whether the charge has stated

sufficient facts to trigger an EEOC investigation and to put an employer on notice of the existence and nature of the charges against him."). Thus, hostile work environment claims based on sexual harassment and disability alleged in the Amended Complaint are barred for failure to exhaust administrative remedies. *See Maldonado v. City of Midland,* 2023 WL 6978077, at *5 (W.D. Tex. Oct. 5, 2023) (dismissing sex-based hostile work environment claim that was not administratively exhausted); *Boudreaux v. Stranco Field Servs., LLC,* 2019 WL 2142045, at *6 (E.D. La. May 16, 2019) (dismissing sexual harassment claim that was not administratively exhausted); *Corkern v. Stranco Field Servs., LLC,* 2018 WL 4614001, at *4-5 (E.D. La. Sept. 26, 2018) (dismissing sexual harassment claim not pleaded in EEOC charge); *Tate v. Valero Servs., Inc.,* 2019 WL 718737, at *4 (E.D. La. Feb. 20, 2019) (hostile work environment claim barred when not pled in EEOC charge); *Reno v. Metro. Transit Auth.,* 977 F.Supp. 812, 819 (S.D. Tex. 1997) (sexual harassment claim not exhausted in EEOC charge alleging only sex discrimination).

## X.    FAILURE TO PROVIDE PRE-SUIT NOTICE FOR LEDL HOSTILE WORK ENVIRONMENT CLAIMS BASED ON SEXUAL HARASSMENT OR DISABILITY

Defendant's motion to dismiss the original Complaint also objected to Plaintiff's failure to provide pre-suit notice for certain LEDL claims. (R. Doc. 6-1, at 17-20).  Despite leave to amend the Complaint to "address, fully and completely, all arguments raised in the Defendant's motion to dismiss" (R. Doc. 21, at 6), the Amended Complaint continues to fail to plead facts showing pre-suit notice of hostile work environment claims based on sexual harassment or disability.

Like the pre-suit EEOC administrative exhaustion requirements under federal laws such as Title VII and the ADA, the LEDL similarly requires pre-suit notice:

> C.    A plaintiff who believes he or she has been discriminated against, and who intends to pursue court action shall give the person who has allegedly discriminated written notice of this fact at least thirty days before initiating court action, shall detail the alleged discrimination, and both parties shall make a good faith effort to resolve the dispute prior to initiating court action.

La. R.S. § 23:303(C); *see also Plaisance v. Airgas-Gulf States, Inc.,* 2008 WL 1730535, at *4

(E.D. La. Apr. 10, 2008).  As affirmed in *Dyes v. Damann*:

> The statute is very clear. [La. R.S. § 23:303(C)] says, a plaintiff who believes he or she has been discriminated against shall give the person who has allegedly discriminated written notice of this fact at least thirty days before initiating court action and shall detail the alleged discrimination. . . . **The failure to comply with the statute is fatal.**

2013 WL 1791036, at *1 (La. App. 1 Cir. 4/26/13) (emphasis added).

The filing of an EEOC charge may satisfy the LEDL notice requirement, "but only as to the discrimination alleged in the EEOC charge." *Bowie v. Hodge,* 2021 WL 53312, at *8 (E.D. La. Jan. 6, 2021); *see also Johnson v. Hosp. Corp. of Am.,* 767 F.Supp.2d 678, 704 (W.D. La. 2011) (finding Louisiana federal district courts consistently dismiss claims for failure to provide LEDL pre-suit notice, with exception of filing an EEOC charge). "To determine whether an EEOC charge provides sufficient notice under La. R.S. § 23:303(C), Louisiana courts analogize to the exhaustion of administrative remedies in federal employment discrimination cases." *Fontenot v. Bd. of Supervisors of La. State Univ.,* 2023 WL 4396493, at *2 (5th Cir. July 7, 2023) (citing *King v. Phelps Dunbar, L.L.P.,* 743 So.2d 181, 187 (La. 1999)).  Thus, LEDL claims in this suit are limited to the discrimination alleged in Plaintiff's EEOC charge, and LEDL claims are barred that failed to comply with LEDL pre-suit notice requirement or filing of an EEOC charge with such a claim. *Simpson-Williams v. Andignac,* 902 So.2d 385, 388 (La. App. 4 Cir. 4/20/05).

Here, while claims of sex and disability discrimination in Plaintiff's EEOC charge may suffice under § 23:303(C) as pre-suit notice of comparable LEDL discrimination claims, the EEOC narrative did <u>not</u> contain pre-suit notice of separate LEDL hostile work environment claims based on sex or disability. (Exhibit A, at pp. 1-2).  Thus, Plaintiff was required to provide written pre-suit notice of LEDL hostile work environment claims based on sex or disability "at least thirty days before initiating court action." *Fontenot,* 2023 WL 4396493, at *3 ("An EEOC charge cannot provide an employer with proper notice when the later-filed complaint adds a new and independent

charge . . . and new and independent facts to support this claim.").  The Amended Complaint is silent as to any factual allegations showing Plaintiff provided LEDL pre-suit notice before raising LEDL hostile work environment claims based on sex or disability. (*See* R. Doc. 22).  Thus, LEDL hostile work environment claims based on sex or disability are subject to dismissal for failure to provide pre-suit notice under La. R.S. § 23:303(C).  *See Fontenot,* 2023 WL 4396493, at *3 ("The "consistent holdings in the case law indicate that the statute is to be imposed literally and any deficiency to the notice requirement is fatal to the plaintiff's claim").  *See also Green v. Hosp. Serv. Dist. of W. Feliciana Parish,* 2017 WL 1097194, at *7 (M.D. La. Mar. 22, 2017) ("With the absence of information that Plaintiff provided notice of her retaliation and harassment claims before filing this suit, the Court finds that Plaintiff has failed to satisfy the requirements of La. R.S. 23:303(C)"); *Pickett v. Hosp. Serv. Dist. of W. Feliciana Parish,* 2017 WL 1097195, at *7 (M.D. La. Mar. 22, 2017) (dismissing LEDL claims because EEOC charge "only contained a claim of discrimination and not harassment or retaliation"); and *Galarza v. Ochsner Health Sys., Inc.* 2014 WL 1431708, at *8 n.6 (M.D. La. Apr. 14, 2014) (finding a failure to exhaust claims under federal law "applies with equal force to her corresponding claims brought under the LEDL").

## XI.  FAILURE TO STATE A HOSTILE WORK ENVIRONMENT CLAIM UNDER TITLE VII, ADA, OR LEDL BASED ON SEXUAL HARASSMENT OR DISABILITY

Defendant's motion to dismiss the original Complaint objected to Plaintiff's failure to state a harassment or hostile work environment claim under Title VII, the ADA, or LEDL. (R. Doc. 6-1, at 20-23).  Leave to amend the Complaint to "address, fully and completely, all arguments raised in the Defendant's motion to dismiss" (R. Doc. 21, at 6), shows the Amended Complaint continues to fail to plead a viable hostile work environment claim based on sexual harassment or disability.

"The legal standard for workplace harassment in this circuit is high." *Gaudette v. Angel Heart Hospice,* 2024 WL 1558162, at *3 (W.D. Tex. Apr. 10, 2024) (citing *Gowesky v. Singing*

*River Hosp.,* 321 F.3d 503, 509 (5th Cir. 2003)).  "Title VII does not prohibit all harassment," and the "standards for judging hostility are sufficiently demanding that Title VII does not become a 'general civility code.'" *Bye v. MGM Resorts Int'l, Inc.,* 49 F.4th 918, 923 (5th Cir. 2022).  To state a hostile work environment claim under Title VII, the ADA,[11] or the LEDL,[12] Plaintiff must allege facts showing (i) she belongs to a protected group; (ii) she was subjected to unwelcome harassment; (iii) the harassment was based on her sex or disability; and (iv) the harassment affected a term, condition, or privilege of employment.  *See White v. Gov't Employees Ins.,* 457 Fed. Appx. 374, 379-80 (5th Cir. 2012); and *Thompson v. Microsoft Corp.,* 2 F.4th 460, 471 (5th Cir. 2021).

A hostile work environment exists "when the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of [a plaintiff's] employment and create an abusive working environment." *Stewart v. Miss. Transp. Comm'n,* 586 F.3d 321, 328 (5th Cir. 2009).  Isolated incidents, offhand comments, and simple teasing (unless extremely serious) do not amount to discriminatory changes in terms and conditions of employment. *Faragher v. City of Boca Raton,* 524 U.S. 775, 778 (1998).  The Supreme Court has "made it clear that conduct must be extreme to amount to a change in terms and conditions of employment." *Meadows v. City of Crowley,* 2017 WL 2537282, at *4 (N.D. Tex. June 9, 2017).

In determining whether a work environment is hostile, federal courts examine the totality of the circumstances, including the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Hernandez v. Yellow Transp.,*

---

[11]    *See Flowers v. S. Regional Physician Servs., Inc.,* 247 F.3d 229, 235 (5th Cir. 2001) (noting a cause of action for disability-based harassment is "modeled after the similar claim under Title VII").

[12]    *See Mayes v. Office Depot, Inc.,* 292 F.Supp.2d 878, n.5 (W.D. La. 2003) (citing *LaBove v. Raftery,* 802 So.2d 566 (La. 2001)) ("Because Louisiana's anti-discrimination statutes are similar in scope to the federal anti-discrimination prohibitions in Title VII of the Civil Rights Act of 1964, Louisiana courts have routinely looked to federal jurisprudence for guidance in interpreting state law.").

PD.47901855.1

*Inc.,* 670 F.3d 644, 651 (5th Cir. 2012). The work environment must be "both objectively and subjectively offensive." *Id.* Objectively offensive harassment is the type a reasonable person would find hostile or abusive; thus, a subjective belief of sex or disability-based harassment, without more, is insufficient to show a hostile work environment. *Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 21 (1993); and *Cavalier v. Clearlake Rehab. Hosp., Inc.,* 306 Fed. Appx. 104, 107 (5th Cir. 2009). *See also Bye v. MGM Resorts Int'l, Inc.,* 49 F.4th 918, 924 (5th Cir. 2022) (noting plaintiff's "subjective beliefs as to the motivation of others are insufficient").

The Amended Complaint broadly alleges in a limited and conclusory fashion that Plaintiff was subjected to a hostile work environment based on sexual harassment and disability. (R. Doc. 22, at ¶¶ 29, 46, and p. 13 at ¶ 43). Absent from the Amended Complaint, however, are timely, administratively exhausted factual allegations of specific instances of harassment based on sex or disability. (R. Doc. 22, at ¶¶ 9-27). At most, the Amended Complaint only alleges an untimely, unexhausted allegation of a request by the Police Chief in 2020 for nude photographs via Snapchat. (R. Doc. 22, at ¶ 14). Even accepting this unsubstantiated allegation as true on a Rule 12(b)(6) motion to dismiss, this alleged incident from 2020 is time-barred under federal and state law and is lacking in pre-suit administrative exhaustion (*see* Exhibit A). Additionally, this isolated incident does not plead facts of pervasive or severe harassment in support of a hostile work environment. *Faragher,* 524 U.S. at 778 (isolated incidents, offhand comments, and simple teasing (unless extremely serious) do not show discriminatory changes in terms and conditions of employment).

Also absent from the Amended Complaint are facts showing a hostile work environment based on sex or disability while Plaintiff was in the workplace. Instead, the Amended Complaint alleges Plaintiff "was forced to begin sick leave" in September 2022, she was required to remain at home while on sick leave except for limited activities, a request to return to work on light duty

in 2023 was denied, and she was wrongfully terminated. (R. Doc. 22, at ¶¶ 13, 15-17, 26, and p. 10 at ¶¶ 30-31).  As such, the Amended Complaint alleges Plaintiff was on sick leave at home and, thus, was <u>not</u> present in the workplace throughout the relevant period in this suit of September 2022 through her termination in 2023. (*See* Exhibit A, confirming September 15, 2022 as earliest date discrimination allegedly took place and confirming Plaintiff remained on sick leave in 2023).

As a result, the Amended Complaint contains no timely, administratively exhausted factual allegations of severe and pervasive instances of unwelcome or derogatory sex-based remarks, sexual gestures, or sexual advances. (R. Doc. 22, at ¶¶ 9-27).  The Amended Complaint also pleads no factual allegations of comments or actions based on an alleged disability animus. *Id.*  Instead, the Amended Complaint asserts only discrete claims of discrimination and retaliation arising from allegations that Plaintiff (i) did not receive requested light duty and was "forced to begin sick leave;" (ii) "was not allowed to leave her home except for limited activities" while on sick leave; (iii) was unable to return to work due to unavailability of light duty; and (iv) was demoted and later terminated – all during  a period when Plaintiff was on sick leave and was not present in the workplace. (R. Doc. 22, at  ¶¶ 13, 15-17, 23, 26).

Simply repeating the same allegations relied on in support of sex and disability-based discrimination claims does not support a separate and distinct hostile work environment claim based on sexual harassment or disability.  *See Lumar v. Monsanto Co.,* 395 F.Supp.3d 762, 784 (E.D. La. 2019).  Aside from alleging she "was subjected to sexual harassment" and a hostile work environment in limited instances in the Amended Complaint (R. Doc. 22, at ¶¶ 29, 46, and p. 13 at ¶ 43), the Amended Complaint does not allege facts that plausibly show objectively and subjectively physically threatening or hostile or abusive actions that were sufficiently severe or pervasive to subject Plaintiff to a hostile work environment based on her sex or disability.  *See*

*Ashcroft,* 556 U.S. at 678 ("labels and conclusions" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to raise a viable claim). No instances of disability-based harassment are alleged in the Amended Complaint, and the one allegation of sexual harassment in 2020 is time-barred, not administratively exhausted, and does not rise to the level of severe or pervasive to support a hostile work environment claim. *See, e.g., Johnson v. Bd. of Supervisors La. State Univ. & Agric. & Mech. Coll.,* 2020 WL 1903997, at *2-3 (E.D. La. Apr. 17, 2020) (granting motion to dismiss after finding one isolated incident of sexual harassment was not sufficient to support sexual harassment claim); and *Karpaitis v. Mandal's, Inc.,* 2022 WL 2445004, at *3-4 (S.D. Miss. July 5, 2022) (granting motion to dismiss sexual harassment claim based on two isolated incidents of gender-related teasing and flirtation). Lastly, the Amended Complaint and EEOC charge (Exhibit A) allegations admit Plaintiff was on sick leave and was not present in the workplace from September 2022 through her termination in 2023.[13] Thus, the Amended Complaint fails to allege facts supporting a hostile work environment claim under Title VII, the ADA, or LEDL based on sexual harassment or disability, and dismissal is warranted. *Twombly,* 550 U.S. at 570 (finding a claim must be dismissed if it fails to allege facts sufficient to "nudge" claims "across the line from conceivable to plausible"); and *Watson v. Fedex Express,* 2024 WL 340817, at *3 (5th Cir. Jan. 30, 2024) (affirming 12(b)(6) dismissal of hostile work environment claim that lacked allegations of specific instances of harassment).

## XII.    CONCLUSION

Defendant submits the granting of this partial motion to dismiss the Amended Complaint

---

[13]    *See Horton v. CCA Props. of Am., LLC,* 2013 WL 2248033, at *5 (5th Cir. May 8, 2013) (finding a plaintiff who was on administrative leave with pay, and remained on leave until he was terminated, could not have faced a hostile work environment under the ADEA during the relevant period). *See also, persuasively, Wade v. Knoxville Utilities Bd.,* 259 F.3d 452, 460 (6th Cir. 2001) (plaintiff could not "claim he was subjected to hostile work environment during the relevant time period," "since he was on [medical] leave"); and *Linder v. Potter,* 2009 WL 2595552, at *13 (E.D. Wash. Aug. 18, 2009) ("[A]n employee cannot be subjected to a hostile work environment while he is at home on leave.")

PD.47901855.1

is warranted under Fed. R. Civ. P. 12(b)(6).  The Amended Complaint fails to "address, fully and completely, all arguments raised in the Defendant's motion to dismiss."  As shown herein, based on the facts and law herein, (i) punitive damages are not available and were previously "yielded" by Plaintiff; (ii) compensatory damages are unavailable for ADA retaliation claim; (iii) failure to state a claim under the Rehabilitation Act; (iv) retaliatory demotion claim under La. R.S. 23:967 is time-barred; (v) failure to state a retaliation claim under the LEDL; (vi) failure to exhaust administrative remedies under Title VII and ADA for hostile work environment claims based on sex or disability; (vii) failure to provide pre-suit notice for LEDL hostile work environment claims based on sex or disability; and (viii) failure to state hostile work environment claims under Title VII, the ADA, or the LEDL based on sexual harassment or disability. Thus, Defendant respectfully moves this Court for dismissal, with prejudice, of the claims and damages discussed herein.

<div style="margin-left:40%">

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:    */s/ M. Nan Alessandra*
M. NAN ALESSANDRA (#16783)
365 Canal St., Suite 2000
New Orleans, LA  70130
Telephone: (504) 566-1311
Facsimile:  (504) 568-9130
Email:  nan.alessandra@phelps.com

**AND**

**CASHE COUDRAIN & BASS**
ANDRE G. COUDRAIN (#1789)
106 South Magnolia St. (70403)
P.O. Drawer 1590
Hammond, LA  70404
Telephone: (985) 542-6848
Telecopier: (985) 542-9602
Email:  agc@ccbattorneys.com

**ATTORNEYS FOR DEFENDANT, CITY OF HAMMOND**

</div>

PD.47901855.1