IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JENNIFER PAYNE** | * | CIVIL ACTION NO. 24-1857 |
|     **Plaintiff** | * | SECTION "E" |
| | * | JUDGE: SUSIE MORGAN |
| | * | MAGISTRATE JUDGE: EVA DOSSIER |
| **VERSUS** | * | |
| | | |
| **CITY OF HAMMOND and** | * | |
| **ABC INSURANCE COMPANY** | | |
|     **Defendant** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Opposition to Motion to Dismiss First Supplemental and
Amended Complaint for Damages**

**NOW INTO COURT**, comes Jennifer Payne (hereinafter "Plaintiff"), who submits this Memorandum in Opposition to Defendant, City of Hammond's Motion to Dismiss First Supplemental and Amended Complaint for Damages. For the reasons set forth below, Defendants' Motion should be denied with the exception of the claim for punitive damages. Plaintiff previously conceded that putative damages were unavailable against the City of Hammond and therefore respectfully requests that Defendants' Motion be denied as to all claims except the request for punitive damages.

**STANDARD OF REVIEW**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)), and "that, if true, 'raise a right to relief above the speculative level.'" *Franklin v. Regions Bank*, 976 F.3d 443, 447 (5th Cir. 2020) (quoting Twombly, 550 U.S. at 555). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

On a Rule 12(b)(6) motion, the Court must limit its review to the contents of the pleadings, including attachments. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The Court may also consider documents attached to a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. Id. Additionally, the Court may "consider matters of which [it] may take judicial notice." *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008) (alteration in original) (*quoting Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996) (internal quotation marks omitted)).

## **COMPENSATORY DAMAGES**

Defendant contends that compensatory damages "are unavailable for ADA retaliation claims."[1] Defendant cites cases out of the Southern District of Texas and (incorrectly) cites an Eastern District of Louisiana case to support this argument, while conceding that the Fifth Circuit has not directly ruled on this issue to date. However, in *Fox v. City of Hammond*, 24-1568 (E.D. La. 12/17/2024), the City of Hammond contended that compensatory damages were not available for an ADA retaliation claim. *Id*. at *4. The court denied the Defendant's Motion to Dismiss plaintiff's claim for compensatory damages arising from the ADA retaliation claim. The court held that the

---

[1] R. Doc. 28-1 pg. 9.

Fifth Circuit has not resolved the issue and that because the case was in its infancy, the "Court sees nothing to be gained by making a premature guess as to how the Fifth Circuit would rule on the issue." *Id*. Here, like in *Fox*, the case is in its infancy and Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss the compensatory damages claim for her ADA retaliation claim.

### PLAINTIFF'S STATE LAW CLAIMS ARE NOT PRESCRIBED AND SHE GAVE REASONABLE NOTICE THAT SHE WOULD BE PERSUING THESE CLAIMS

Defendant next argue that Plaintiff's claims for retaliatory demotion pursuant to La. R.S. 23:967 are time barred and that she failed to state a claim for retaliation under the LEDL.[2] La. R.S. 23:967 states in pertinent part:

> An employer shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of law:
> (1) Discloses or threatens to disclose a workplace act or practice that is in violation of state law.
> (2) Provides information to or testifies before any public body conducting an investigation, hearing, or inquiry into any violation of law.
> (3) Objects to or refuses to participate in an employment act or practice that is in violation of law.
> B. An employee may commence a civil action in a district court where the violation occurred against any employer who engages in a practice prohibited by Subsection A of this Section. If the court finds the provisions of Subsection A of this Section have been violated, the plaintiff may recover from the employer damages, reasonable attorney fees, and court costs.
> C. For the purposes of this Section, the following terms shall have the definitions ascribed below:
> (1) "Reprisal" includes firing, layoff, loss of benefits, or any discriminatory action the court finds was taken as a result of an action by the employee that is protected under Subsection A of this Section; however, nothing in this Section shall prohibit an employer from enforcing an established employment policy, procedure, or practice or exempt an employee from compliance with such.

---

[2] R. Doc. 28-1, pg. 11.

The Louisiana Whistleblower Law, La. R.S. 23:967, et seq., "does not specifically set out a prescriptive period so the general one-year prescriptive period for delictual actions applies." *Bowie v. Hodge*, No. 20-2441, 2021 U.S. Dist. LEXIS 2288, 2021 WL 53312, at *8 (E.D. La. Jan. 6, 2021)

Plaintiff alleges that she was wrongfully terminated in retaliation for reporting the sex and disability discrimination to Defendant.[3] Persons who file a charge, oppose unlawful employment discrimination, participate in employment discrimination proceedings, or otherwise assert their rights under the laws enforced by the Equal Opportunity Employment Commission (EEOC) are protected against retaliation.[4] It is unlawful to retaliate against employees who file an EEOC charge, complaint or lawsuit. Here, Plaintiff filed an EEOC Charge of Discrimination in May, 2023. Thereafter, Plaintiff was terminated from employment in December, 2023. Her complaint alleges that she was demoted and later discharged from employment for filing the charge of discrimination. Importantly, Plaintiff was demoted and later discharged after she filed the EEOC Charge of Discrimination. Plaintiff was terminated on December 20, 2023, and filed her Complaint on July 25, 2024, within the one-year prescriptive period.[5] Clearly, her claim for retaliatory demotion and discharge are not time barred as it was filed within one year of her termination.

Next Defendant argues that Plaintiff failed to state a claim under the LEDL. Pursuant to the Louisiana Commission on Human Rights Act, La. R.S. 51:2256:

> It shall be an unlawful practice for an employer as defined in R.S. 23:302 to conspire (1)  To retaliate or discriminate in any manner against a person because he has opposed a practice declared unlawful by this Chapter or by Chapter 3-A of Title 23 of the Louisiana Revised Statutes

---

[3] R. Doc. 22 at para. 31.
[4] La. R.S. 23:967.
[5] R. Doc. 1.

> of 1950, or because he has made a charge, filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under this Chapter or by Chapter 3-A of Title 23 of the Louisiana Revised Statutes of 1950.
> (2) To aid, abet, incite, compel, or coerce a person to engage in any of the acts or practices declared unlawful by this Chapter or by Chapter 3-A of Title 23 of the Louisiana Revised Statutes of 1950.
> (3) To obstruct or prevent a person from complying with the provisions of this Chapter or by Chapter 3-A of Title 23 of the Louisiana Revised Statutes of 1950 or any order issued thereunder.
> (4) To resist, prevent, impede, or interfere with the commission, or any of its members or representatives, in the lawful performance of duty under this Chapter or by Chapter 3-A of Title 23 of the Louisiana Revised Statutes of 1950.

> La. R.S. 51:2256.

This provision specifically states that it covers the LEDL under Title 23. Plaintiff contends that this authorizes a cause of action for retaliation under the LEDL. Here, Plaintiff's Supplemental and Amended Complaint alleges that she was retaliated against and wrongfully terminated for opposing a practice declared unlawful by Title 23. Her complaint alleges that she was denied light duty and forced to remain in her place of confinement when other male officers were contacted by the Hammond Police Department and asked to work light duty.[6] She provided eight doctors notes to the "City" why she needed to leave her place of confinement while her male counterpart only needed to submit one note. The Amended Complaint details an incident involving the Chief of Police, his inquiry about how she could be demoted, discussion with another officer about this conversation and the denial of her requests to her supervisor.[7] Plaintiff's Complaint has sufficiently alleged that she was terminated in retaliation for reporting the discriminatory treatment she suffered by more than one of Defendant's employees and/or representatives sufficient to state a claim under the LEDL.

---

[6] R. Doc. 22 at para. 15.
[7] Id. at para. 18-25.

## PLAINTIFF WAS DISCHARGED AFTER FILING THE EEOC CHARGE OF DISCRIMINATION

As previously stated in Plaintiff's Opposition to Defendant's Partial Motion to Dismiss, her claims regarding a hostile and/or harassing work environment could reasonably have been expected to grow out of the sex and disability discrimination claims, especially given that she was demoted and later terminated after filing the EEOC Charge of discrimination. A lawsuit stemming from an EEOC charge is limited in scope to the charge set forth therein as well as the EEOC investigation that could reasonably be expected to grow out of the charge of discrimination. *Richoux v. Chevron Oronite Co., LLC*, 2024 Us. Dist. LEXIS 34027 (La. E.D. 2/28/24). The scope of the inquiry is not, however, limited to the exact charge brought to the EEOC. A subsequent suit encompasses claims made in the employee's initial EEOC charge or any type of discrimination 'like or related to the charge's allegations, limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination. *Id.* There must be some factual relationship between the act and the acts described in the charge, beyond the fact that both involve the same employer and the same general type of discrimination. *Id*. Here, the EEOC Charge of Discrimination states:

I was hired on July 3, 20fi), with my most recent position being police lieutenant. I am a person with a disability and my employer is aware of my disability. In January 2022, I returned to work after being out on an extensive medical leave for several months. In January 2022 I was promoted to my current rank of lieutenant and placed over records and communications division. In September 2022 I went out on medical leave. I wanted to return to work in December 2022,but I was told there was no light duty. During this time, my probation period was halted which means I would need to resume my probation period when I return to work. **Chief Edwin Bergeron has approached me about taking disability retirement, and he once told me that I should wear a wig because I look like a man**. I was informed by another officer that the chief stated

**that I took off too much.** There are males who have taken significant time off and they were not disciplined and they were granted light duty. The rules and policies have been applied differently to males in comparison to how they are applied to me regarding medical leave and time off. To date, I am currently out on medical leave. (emphasis added).[8]

Plaintiff filed the EEOC Charge of Discrimination prior to her demotion and termination. Her EEOC Charge alleges that she was treated differently, she was talked about by her co-workers for "taking off too much" because of her disability and she was told by the Chief of Police that she should "wear a wig because she looked like a man. These facts are sufficient to put the Defendant on notice of her claims of harassment and/or hostile work environment and they reasonably arise from her EEOC Charge of Discrimination of discrimination based on her sex and disability as stated above. Additionally, Plaintiff put Defendant on notice of her intention to pursue claims against it prior to her termination when she filed the EEOC Charge, and the numerous communications with her superiors.

## PRAYER

**WHEREFORE**, Plaintiff Jennifer Payne, hereby requests that Defendants' Motion to Dismiss First Supplemental and Amended Complaint for Damages be denied with the exception of the claims for punitive damages which Plaintiff previously conceded were not allowed against the City of Hammond and that were not alleged in her First Supplemental and Amended Complaint. Alternatively, should the Court determine that Plaintiff's First Supplemental and Amended Complaint does not sufficiently allege facts for any of the claims in Defendant's Motion for Partial

---

[8] Exhibit A to R. Doc. 28-1, Plaintiff's EEOC Charge of Discrimination.

Dismissal, Plaintiff respectfully requests that the Court grant her an opportunity to amend the Complaint to address any deficiencies.

          Respectfully submitted,

          **ANDERSON TRAYLOR EDWARDS**

          */s/ Ashley Anderson Traylor*
          Ashley Anderson Traylor, Bar #36287
          Christopher J. Edwards, Jr., Bar #35471
          S. Camp Sledge, Bar # 39506
          509 W. Morris Ave.
          Hammond, Louisiana 70403
          Phone – (985) 345-7777
          Fax – (985) 221-7501
          ashley@ateattorneys.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2025, a copy of the forgoing was filed electronically with the Clerk of Court using the CM/ECF system and served on all counsel of record.

          */s/ Ashley Anderson Traylor*
          Ashley Anderson Traylor