## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JENNIFER PAYNE** | **CIVIL ACTION NO. 24-1857** |
| **VERSUS** | **SECTION "E"** |
| | **DISTRICT JUDGE SUSIE MORGAN** |
| **CITY OF HAMMOND AND ABC** | |
| **INSURANCE COMPANY** | **MAG. DIV. (3)** |
| | **MAGISTRATE JUDGE EVA J. DOSSIER** |

### JOINT PRE-TRIAL ORDER

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Jennifer Payne, and Defendant, City of Hammond, who respectfully represents:

1. A Pre-Trial Conference is currently scheduled on October 30, 2025, at 10:00a.m.

2. Plaintiff, Jennifer Payne is represented by Anna M. Singleton, Kiefer & Kiefer, and Ashley Traylor Anderson, ATE. Defendant, City of Hammond is represented by Nan Alessandra of Phelps Dunbar and Andre Coudrain, Hammond City Attorney.

3. Plaintiff was employed as a Police Officer by Defendant, City of Hammond through the Hammond Police Department until she was terminated on December 18, 2023.

4. Jurisdiction is proper in this Honorable Court pursuant to 28 U.S.C. 1331, because Plaintiff's claims invoke federal law and jurisdiction is based on this federal question. This Court also has supplemental jurisdiction over Plaintiff's claims under Louisiana law pursuant to 28 U.S.C. 1367.

5. Defendant currently has a Motion for Summary Judgment pending before the Court with a submission date of September 24, 2025. The parties may file Motions uin Limine to exclude certain testimony, witnesses and exhibits listed in the Pre Trial Order, in accordance with the Court's Scheduling Order.

**PLAINTIFF'S SUMMARY OF MATERIAL FACTS**

Plaintiff was hired by the Hammond Police Department on July 3, 2000, originally working in the communications department. Thereafter she became a patrol officer and was eventually promoted to Sergeant in 2017, and Lieutenant in 2022, As both a Sergeant and Lieutenant, her job duties and responsibilities were supervisory in nature and did not require strenuous activity as set forth in the job description provided by the Hammond PD. Originally, Payne supervised the communications department. She was later transferred to oversee patrol after being supportive of a female communications officer's grievance filed with the department. After being transferred from communications to patrol, Payne also filed a grievance with the department asking that she be returned to her position supervising the communications department. That request was denied.

Plaintiff received an injection in her back on September 2, 2022, requiring her to undergo anesthesia. She requested to return to light duty after the injection but that request was denied forcing her to take sick leave. She was already scheduled to go on a preplanned cruise with other officers on September 5-10, 2022, which was reflected in KRONOS the payroll system, until it was subsequently changed by Captain Wayne Scivicque, her supervisor. On September 9, 2022, Captain Scivicque made an internal complaint against Ms. Payne for allegedly violating the sick leave policy even though she was on a planned vacation. She communicated with Human Resources prior to leaving on vacation to notify them she would be on a cruise and to make sure she had a scheduled doctors appointment when she returned. Internal affairs investigated the complaint and found that she had violated the sick leave policy and for conduct unbecoming an officer. No disciplinary action was taken at that time.

On May 2, 2023, Plaintiff initiated an EEOC Complaint alleging discrimination on the basis of her disability and her gender. On May 9, 2023, the City was notified of this Charge. On May 25, 2023, fifteen (15) days after the City was notified of the Complaint and over eight (8)

months after the alleged violation.  Plaintiff was demoted two ranks to patrol officer for her first sick leave violation. No officer deposed had ever heard of such a harsh disciplinary action taken for a first sick leave violation.

Plaintiff was again written up for allegedly violating the sick leave policy for attending a fundraiser and having dinner. One of the stated reasons in the sick leave policy that allows an officer to leave their "place of confinement" is to obtain food, which is exactly what Payne did. Nonetheless, she was again written up by Captain Scivicque and investigated by internal affairs. She was given a one day suspension for the second alleged sick leave violation. Other male officer's were not written up for violating the sick leave policy.

After two prior surgeries, on December 27, 2022, Payne underwent spinal fusion surgery performed by Dr. Eric Oberlander. This is a major surgery that requires extensive healing and time off to fully recover and required Payne to take sick leave. The Hammond Police Department Sick Leave Policies state that you can only leave your "place of confinement" for certain enumerated activities without notifying your supervisor. Payne routinely notified her supervisor when leaving her place of confinement, unlike her male counterparts, yet she was written up twice for allegedly violating the sick leave policy. Plaintiff submitted numerous letters from her treating health care providers and the City's medical providers asking that she be allowed to leave her home to aid in her healing. These requests were repeatedly denied. Ms. Payne submitted numerous requests to return to work on light duty, those requests were also denied, despite other male employees being offered light duty during that same time period that Payne was requesting it.

On August 30, 2023, the City sent a letter and a two-page document for Dr. Oberlander, Payne's surgeon, and one to Dr. Christensen asking them to complete the forms without ever speaking to either physician. Dr. Christensen's form stated that it relied on Dr. Oberlander's form.

No one from the City contacted Dr. Oberlander before or after sending the form, Dr. Christensen never consulted with Dr. Oberlander regarding his analysis of Payne's ability to return to work and the incomplete forms were never discussed with Payne or her physician. No one from the City or Hammond PD ever engaged in a meaningful interactive process to discuss reasonable accommodations with Payne or her medical providers. They never reached out to Daniel Long, PA or Ms. Seller, NP, who believed that the City's policies were hindering her healing. Dr. Oberlander believes that after adequate healing, Payne could take the fitness for duty test and return to work. He also believes that the sick leave policies likely delayed her healing.

On December 18, 2023, just two and a half years shy of retirement, Payne was terminated by the City for allegedly being unable to perform the duties of her position. However, Payne could have easily performed her job duties as Lieutenant or Sergeant had she not been demoted two ranks fifteen days after filing an EEOC Charge of Discrimination. Her demotion and subsequent termination were done in retaliation for filing the EEOC Charge.

## DEFENDANT'S SUMMARY OF MATERIAL FACTS

This suit arises against a factual backdrop in which Plaintiff was on extended paid sick leave status from September 2, 2022, through December 18, 2023 – over fifteen months. For the entirety of this period, Plaintiff was not eligible to return to work pursuant to the City's Sick Leave Policy, an expired firearms certification, refusal by her personal physician to medically authorize fit-for-duty testing, and/or job analyses by her personal physician and the city physician that found Plaintiff's physical impairments were likely permanent and she was unable to safely perform essential job functions for a likely permanent duration. During this same period, Plaintiff violated the City's Sick Leave Policy on two occasions by taking a personal cruise to Mexico on September 5-10, 2022, and attending a community fundraiser event on March 18, 2023, without authorization,

while on sick leave status, and while holding a supervisory probationary Lieutenant rank. Two internal affairs investigations by the City, including pre-disciplinary Loudermill hearings with Plaintiff and her legal and union representatives, confirmed the Sick Leave Policy violations. Disciplinary actions for the two sick leave policy violations, including a demotion to a Police Officer rank, were based on consultation with and guidance received from the Office of State Examiners. When removed from service on December 18, 2023, the physicians' medical findings were unchanged, and Plaintiff remained ineligible to return or safely perform essential job duties. Plaintiff was hired by the Hammond Police Department ("HPD") on July 3, 2000 as a Communications Officer, reclassified as a Police Officer on Nov. 20, 2002, promoted to Sergeant in 2017, and promoted to probationary Lieutenant on Feb. 18, 2022. Probational employees complete a working test period of not less than six months and not more than a year before eligible for confirmation as permanent in a rank.

In her probationary Lieutenant rank, Plaintiff was initially assigned as a supervisor over the HPD Records and Communications Department. In May 2022, Plaintiff was transferred to the Patrol Division. During her working test period, Plaintiff took sick leave on June 20-July 21, 2022. Thus, as of August 31, 2022, Plaintiff had only worked approximately 5-1/2 months of the six-month to one-year working test period.

Previously, in April 2022, Plaintiff scheduled vacation leave to take a cruise on September 5-10, 2022. Thereafter, Plaintiff underwent a cervical injection on September 1, 2022. Plaintiff was unable to work on Friday, September 2. Her work absence was designated as sick leave. Per the City's Sick Leave Policy, officers remain on sick leave status until they return to work. On Friday, September 2, 2022 at 12:47 pm, Plaintiff submitted an Attending Physician Report ("APR") by her personal physician approving limited duty on September 3-10, with restrictions.

Plaintiff's sick leave on September 2 was her 32nd instance of sick leave and 7th non-consecutive sick leave period.  For non-consecutive leave, HPD General Order No. 140–Sick Leave Policies states: "on fifth (5+) absence personnel will be required to report to the city physician and provide required documentation."  On September 2, 2022, Plaintiff was notified by her supervisor, Captain Wayne Scivicque, that she was required to see the city doctor before returning to work.  Thus, on September 3-4, 2022, Plaintiff was not eligible to return –limited duty or otherwise–and she remained on paid sick leave.  At a later Loudermill hearing, Plaintiff admitted: "I couldn't do anything until I saw the city doctor.  I couldn't return to work."

Per City policy, sick leave begins upon notification and continues until an employee returns to work.  Employees are required to pursue recovery at home, except for activities listed in the Sick Leave policy, approved by Human Resources, the Police Chief or his designee, or as prescribed by the City's Physician (APR).  Here, Plaintiff took a cruise to Mexico on September 5-10, 2022, while on sick leave status, with substantial physician restrictions, and before reporting to the city doctor for return-to-work approval.  Plaintiff did not have authorization from HR, Police Chief, supervising officers, or her physician to take a cruise while on sick leave status.

On September 9, 2022, the City received an internal complaint by Captain Wayne Scivicque of a potential Sick Leave policy violation and initiated an investigation of Plaintiff's taking a cruise while on sick leave status (IA No. 22-05).  Despite an earlier vacation request in April 2022, Plaintiff admitted that after submitting a Sick Leave APR on September 2, 2022, the Sick Leave policy applied, and she was on sick leave on September 3-4, 2022.  Plaintiff also admitted she had no authorization from the Police Chief, Assistant Chief, or Captains to take a cruise while on sick leave.  The City's investigation found violations of the Sick Leave policy and Conduct Unbecoming an Officer.  Plaintiff was notified of the findings on November 18, 2022.

On September 15, 2022, HR notified Plaintiff of a city doctor appointment scheduled for September 19.  On this same date, Plaintiff underwent a second cervical injection procedure and submitted an APR from her personal physician approving limited duty on September 15-21. However, as of this date, Plaintiff had not yet reported to the city doctor.  Plaintiff later slept through the scheduled September 19 appointment, and the City rescheduled the city doctor appointment for October 5, 2022.  Thus, Plaintiff was ineligible to return to work on September 15-21 –on limited or full duty– and remained on sick leave status during this period as well.

On September 21, 2022, before Plaintiff attended the October 5 city doctor appointment, Plaintiff's personal physician submitted a new APR that stated Plaintiff "cannot return to work until pending MRI results."  Thereafter, the scheduled city doctor appointment on October 5, 2022 confirmed Plaintiff's ineligibility to return to work at that time.  Ensuing APR's submitted to the City through July 31, 2023 each confirmed Plaintiff "cannot return to work until TBD."

When sick leave began on September 2, 2022, Plaintiff had completed less than six months of the six-month to one-year working test period.  Thus, on October 25, 2022, the working test period was paused, effective September 2, 2022, until Plaintiff returned to duty from her sick leave status at the time.  Pausing a working test period is a standard action for an officer on extended sick leave during a probationary promotion.

While on extended sick leave, Plaintiff's firearms qualification expired. Firearms qualification for police officers expires after 13 months.  To requalify, an officer must complete the POST Pre-Academy test and physically shoot the mandatory POST qualification course four times and average a passing score of 96/120.  Every stage of the firearms course is timed, and officers must shoot from standing and kneeling positions on their own accord throughout the course. Requalification must occur before an officer can return to any situation where they may wear or

use their service weapon.  Plaintiff last qualified on January 18, 2022.  Thus, Plaintiff's firearms qualification expired on February 13, 2023 while on extended sick leave, and no renewal by Plaintiff was recorded in the City's records.

On March 18, 2023, while still on extended sick leave status, Plaintiff attended a fundraiser event without authorization from her supervisor.  On March 29, 2023, Plaintiff was notified of an investigation (IA No. 23-03) for attending a fundraiser while on sick leave. During the investigation, Plaintiff admitted she did not notify her supervisor she would be at a fundraiser.

After Plaintiff attended the March 18 fundraiser and after Plaintiff was notified of the initiation of an internal investigation into the second sick leave policy violation, Plaintiff submitted a letter by her healthcare provider, dated April 5, 2023, that recommended she participate in events outside her home within doctor restrictions.  Other APR's and letters on April 17-August 23, 2023 repeated this same recommendation. All of these letters post-dated Plaintiff's unauthorized attendance at the March 18, 2023 fundraiser.  Further, none of these letters identified any specific activities outside of Plaintiff's home, none requested waiver of the sick leave policy notification requirement when leaving home, and none requested that Plaintiff be permitted to leave her home, for any reason, at any time, without notification under the sick leave policy. Plaintiff later submitted another letter by Daniel Long, P.A. that asserted Plaintiff was not permitted by the City to leave her home while on sick leave and this alleged restriction could have impacted her recovery. However, Plaintiff admitted at her deposition that Mr. Long's letter was based only on statements by Plaintiff to him without corroboration with the City to clarify the accuracy of such statements.

On May 3, 2023, Plaintiff formalized an EEOC Charge of Discrimination.  The filing of Plaintiff's EEOC Charge occurred after the September 2022 and March 18, 2023 sick leave policy violations by Plaintiff, after notice by the City of initiation of internal investigations for taking a cruise while

on sick leave (IA No. 22-05) and attending a fundraiser event while on sick leave (IA No. 23-03), after completion of the City's cruise investigation on November 17, 2022, and after the City notified Plaintiff of the cruise investigation findings on November 18, 2022.

The City's investigation of the fundraiser incident was completed the next day on May 4, 2023. On this same date, the City consulted with the OSE on potential discipline for Plaintiff's policy violation of taking a cruise while on sick leave, without authorization, while holding a supervisory rank in the HPD. The Office of State Examiners (OSE) is the governing civil service agency and Police Chief Edwin Bergeron confirmed at his deposition that he regularly consulted with the OSE on disciplinary and other civil service matters. In attendance at this OSE meeting was Adrienne Bordelon, the State Examiner. During the meeting, the OSE identified termination or demotion to the City as potential disciplinary action for Plaintiff's sick leave policy violation. The City later selected the lesser discipline of demotion for the cruise sick leave policy violation.

On May 9, 2023, the City notified Plaintiff of the results of IA Investigation No. 23-03, which found violations of the Sick Leave policy and Conduct Unbecoming an Officer for Plaintiff's unauthorized attendance at a fundraiser event while on sick leave status. On or about May 9, 2023, the City was notified by the EEOC of Plaintiff's filing of an EEOC Charge. However, prior to the EEOC's May 9th notice, the City had already completed two internal investigations of Plaintiff's sick leave policy violations for taking a cruise to Mexico on September 5-10, 2022 and attending a fundraiser on March 18, 2023, had consulted with the OSE on potential disciplinary action for the cruise violation, and had notified Plaintiff of the investigation findings.

On May 25, 2023, the City notified Plaintiff of disciplinary action consisting of a demotion from probationary Lieutenant to Police Officer for two years, related to IA No. 22-05 for the taking of a cruise while on sick leave. The City was advised by the OSE that a demotion must be from one

permanent class to another. At this time, Plaintiff had not completed her working test period as a probational lieutenant and the working test period had been paused effective September 2, 2022. Thus, Plaintiff held no rights in a permanent Lieutenant rank. Per the OSE's guidance, Plaintiff was demoted Plaintiff from the rank of Sergeant (the last permanent rank she held) to the rank of police officer (the next lower rank).

On August 8, 2023, the City notified Plaintiff of disciplinary action consisting of a suspension without pay for one working day, related to IA No. 23-03 for attending a March 18, 2023 fundraiser while on sick leave. The working day suspension was to be scheduled upon Plaintiff's return to work from sick leave status. Ultimately, Plaintiff did not serve this disciplinary suspension before her later removal from service.

On July 31-August 1, 2023, Plaintiff submitted APR's approving limited duty on August 1, 2023, with physical restrictions. Per City policy, fit for duty testing is required prior to return to work in any capacity when an employee seeks to return from extended sick leave. HR provided a medical clearance and release form and job description for review by Plaintiff's personal physician. HR also advised Plaintiff to direct light duty requests to the HPD. Fitness testing was tentatively scheduled by the City for August 24, 2023 at Moreau Physical Therapy pending medical clearance by Plaintiff's personal physician.

An APR, dated August 23, 2023, approved light duty and simultaneously stated Plaintiff "cannot return to work until TBD." This same date, however, Plaintiff's personal physician refused medical clearance for fit-for-duty testing based on "medical contraindications or significant risks exist" and "cannot safely undergo prework/return to work screening until to be determined." Thus, the August 24, 2023 fitness testing was cancelled, and Plaintiff was not eligible to return to work

in any capacity.  Plaintiff notably admitted at her deposition in this suit that she was not ready for fit-for-duty testing at that time.

On August 30, 2023, the City notified Dr. Oberlander of an interactive dialogue with Plaintiff to determine if she could safely perform her essential job functions, with or without reasonable accommodation, and requested his recommendations.  On September 5, 2023, the City confirmed to Plaintiff that it had "reached out to Dr. Oberlander and are awaiting his response."  A Job Analysis by Dr. Oberlander, dated Sept. 25, 2023, found Plaintiff's lumbar fusion and related physical restrictions were likely permanent and identified restrictions of: No lifting greater than 35-40 lbs; minimal bending/twisting; standing limited to 0-2 hours at a time; and shifts limited to eight hours per day with mostly sitting and limited walking and lifting.  Dr. Oberlander also stated that these physical restrictions precluded Plaintiff from safely performing essential job duties for a "likely permanent" duration.  In addition, due to her disciplinary demotion on May 25, 2023, Plaintiff held a police officer rank at this time and Dr. Oberlander's recommended work restrictions eliminated or modified essential job duties of this rank.

An APR by Deborah Sellers N.P., dated October 6, 2023, approved limited duty for August 23, 2023 through "t.b.d."  An APR by Michael Christner M.D., dated October 26, 2023, also approved limited duty for Aug. 23, 2023 through "to be determined."  However, Plaintiff continued to possess an expired firearms certification and continued to lack medical clearance for return-to-work testing as of these dates.  Thus, Plaintiff remained ineligible to return to work from extended sick leave status.

On November 2, 2023, a second Job Analysis by the city doctor, Dr. Christner, stated he "reviewed Dr. Oberlander's eval and agree."  Dr. Christner similarly found Plaintiff's physical restrictions

were likely "permanent," similarly advised similar work restrictions, and similarly found Plaintiff was unable to safely perform her job duties for a "likely permanent" duration.

On November 20, 2023, the City attorney held a hearing with Plaintiff, her attorney and union representative, the Assistant Police Chief, and HR Director to review the findings in the two physician job analyses received by the City; each indicating that Plaintiff was unable to safely perform her essential job functions for a "likely permanent" duration. At the hearing, Plaintiff agreed with the doctor's findings, agreed she could not perform essential duties, and did not provide contrary medical information or fit-for-duty testing clearance.  Plaintiff and her attorney also advised at the hearing of the initiation of a disability retirement application by Plaintiff.

Previously, at a February 1, 2023 Loudermill hearing, the city attorney suggested to Plaintiff that requests for activities outside of her home should be "very clear about whatever is described" in the APR.  At a June 6, 2023 Loudermill hearing, the city attorney against suggested that Plaintiff should ask for permission for any activity she believed was consistent with her restrictions if she was unclear if allowed by the sick leave policy.  Plaintiff was also notified at the June 6, 2023 Loudermill hearing that "the city is not intending to entrap you in your house."  At the November 20, 2023 Loudermill hearing, the city attorney again suggested Plaintiff submit a request for approval for specific activities she believed would assist her recovery. Despite these recommendations, Plaintiff admitted at the November 20th hearing that she had not previously requested approval to leave home to walk stairs or uneven surfaces to assist her recovery.

Thereafter, Plaintiff submitted a written request to attend a union meeting.  On November 27, Plaintiff submitted a broader written request seeking approval to leave her home, "at my discretion and without notification or approval," to go to the gym, shop, visit friends, attend meetings, and engage in physical activities "that will aid in my recovery."  On November 30, 2023, HR notified

Plaintiff that she was not "confined" to her home while on sick leave, the Sick Leave policy provided several permitted reasons to leave home, and the City granted approval to Plaintiff for the requested activities within the restrictions imposed by her doctor, state law and policy notification requirements.

On December 18, 2023, Plaintiff was notified of her removal from service per La. R.S. §33:2560(A)(13) due to "development of any defect or physical condition which precludes the employee from properly performing the duties of his position, or the development of any physical condition that may endanger the health or lives of fellow employees." As of this date, Plaintiff had been on paid sick leave with benefits since September 2, 2022 – over fifteen months. The City's removal decision was supported by two Job Analyses of Plaintiff's personal physician and the City physician, with both analyses concluding Plaintiff's physical limitations were likely permanent and she was unable to safely perform essential job functions for a likely permanent duration. Additional facts at the time showed Plaintiff's firearms qualification was still expired, and she continued to lack medical clearance for fit-for-duty testing. Accordingly, Plaintiff remained ineligible to return to work, and she was removed from service. Plaintiff continued to receive paid sick leave and benefits through December 31, 2023.

<u>**UNCONTESTED MATERIAL FACTS**</u>

1. Plaintiff underwent a spinal fusion surgery on December 27, 2022.

2. On May 17, 2022, Payne was notified that she was being moved to Patrol from Communications Supervisor.

3. Payne underwent an epidural steroid injection on September 1, 2022, requiring her to be out of work due to anesthesia.

4. Payne underwent an epidural steroid injection on September 1, 2022, requiring her to be out of work due to anesthesia.

5. Payne was scheduled to go on a cruise on September 5-10, 2022 with other Hammond Police Department employees.

6.     An APR by Daniel Long P.A., dated July 31, 2023, approved limited duty on August 1, 2023 with no listed end date, with physical restrictions.

7.     An APR by Debbie Sellers N.P., dated August 1, 2023, approved limited duty for August 1-23, 2023, with physical restrictions.

8.     On March 23, 2023, an investigation was initiated into Payne attending the fundraiser.

9.     Payne was terminated on December 18, 2023

10.    Plaintiff was hired by the City of Hammond Police Department on July 3, 2000 as a Communications Officer.

11.    Hammond Police Department police officers are classified employees.

12.    Classified employees are subject to Louisiana civil service procedures and rules.

13.    A communications officer and a police officer are different civil service job classifications.

14.    Plaintiff was reclassified as a Police Officer on November 20, 2002.

15.    Plaintiff was promoted to a probational Sergeant, effective January 9, 2017.

16.    Plaintiff completed a working test period for probational Sergeant to Permanent Sergeant, effective July 9, 2017.

17.    Plaintiff was promoted to probationary Lieutenant, effective February 18, 2022.

18.    As a probationary Lieutenant, Payne was initially assigned as a supervisor over the Hammond Police Department records and communications division.

19.    Payne was transferred to a supervisory probationary lieutenant role in the Hammond Police Department Patrol Division on or about May 2022.

20.    On or about April 29, 2022, Plaintiff submitted a vacation request to take a cruise on September 5-10, 2022.

21.    Plaintiff was on sick leave status on or about June 20-July 21, 2022.

22.    On September 1, 2022, Plaintiff underwent a cervical injection procedure.

23.    Plaintiff could not drive and was unable to report to work on September 2, 2022.

24.    Plaintiff's work absence on September 2, 2022 was designated as sick leave.

25.    Section B, "Sick Leave Notification," of HPD General Order No. 140 – Sick Leave Policies states: "Sick leave shall begin upon notification (or at the beginning of the

work shift if lack of proper notification) and continue until the employee returns to work."

26.    Sick leave on September 2, 2022 was Plaintiff's 32nd instance of using sick leave and her 7th non-consecutive sick leave period.

27.    Per HPD General Order No. 140–Sick Leave Policies, for non-consecutive sick leave, "on [the] fifth (5+) absence[,] personnel will be required to report to the city physician and provide required documentation."

28.    Plaintiff submitted an Attending Physician Report ("APR"), dated September 1, 2022, approving limited duty on September 3-10, 2022, with physical restrictions.

29.    Captain Wayne Scivicque advised Plaintiff on September 2, 2022 that she was required to see the city doctor.

30.    Captain Wayne Scivicque or Captain Avery Rohner were Plaintiff's supervising officers during the relevant period in this suit.

31.    Diana McMahon is employed by the City of Hammond as Human Resources Director.

32.    Jacqueline Browder is employed by the City of Hammond as a Human Resource Generalist.

33.    North Oaks Occupational Health Services served as the city doctor for Hammond Police Department employees.

34.    Debbie Sellers N.P. and Dr. Michael Christner M.D. practiced at North Oaks Occupational Health Services.

35.    Dr. Eric Oberlander was Plaintiff's personal physician.

36.    Plaintiff's personal healthcare providers at the NeuroMedical Center included Eric Oberlander M.D., Daniel Thompson M.D., Daniel Long P.A., and Stephanie Guidry N.P.

37.    Plaintiff took a cruise to Mexico on September 5-10, 2022.

38.    Police Chief Edwin Bergeron did not authorize Payne to take a personal cruise on September 5-10, 2022 while on sick leave status.

39.    Section E, "Expectations of Employees While on Sick Leave," of HPD General Order 140 – Sick Leave Policies – states, in part:

It is recognized that certain illnesses and injuries require periods of convalescence.  Employees on sick leave for any length of time and for any reason are expected to be at their residence in diligent pursuit

of full recovery in order to affect a prompt and safe return to work. Employees who are not at their place of attendance must notify the Chief or his designee of their place of confinement.

Employees shall adhere to the following:

1. An employee shall not engage in activities that would be detrimental and/or impede his/her recovery.
2. An employee shall not leave his/her residence or approved place of confinement except for the following reasons:
   a. Visit a doctor
   b. Visit a hospital or clinic for treatment
   c. Obtain prescription medications
   d. Attend therapy sessions as prescribed by a physician
   e. Obtain food
   f. Attend Church
   g. To attend their child's activity/event
   h. Other reasons when the employee receives written notification from Human Resources, the Chief or his designee.
   i. Or as prescribe[d] by the City's Physician (APR).

40.    The Human Resources Department does not approve or disapprove vacation leave requests for employees of the Hammond Police Department.

41.    The Human Resources Department does not approve or disapprove sick leave requests for employees of the Hammond Police Department.

42.    The Human Resources Department does not approve or disapprove light duty requests for employees of the Hammond Police Department.

43.    On September 9, 2022, Captain Wayne Scivicque submitted a complaint regarding a potential Sick Leave Policy violation by Plaintiff.

44.    On September 23, 2022, Plaintiff received notification of Internal Affairs investigation No. 22-05 regarding a potential sick leave policy violation.

45.    Lieutenant David Mauro, Internal Affairs, conducted IA investigation No. 22-05.

46.    Plaintiff was interviewed on October 20, 2022 regarding IA investigation No. 22-05.

47.    IA investigation No. 22-05 concluded "Founded" for violation of HPD General Order No. 108, Section 2:15, Conduct Unbecoming an Officer, and "Founded" for violation of HPD General Order No. 140, Sick Leave Policy.

48.    On or about November 18, 2022, Plaintiff was notified of the findings of IA investigation No. 22-05.

49.    On September 15, 2022, Human Resources notified Plaintiff of a city doctor appointment scheduled for Plaintiff on September 19, 2022, at 8:30 a.m.

50.    On September 15, 2022, Plaintiff underwent a second cervical injection.

51.    On September 16, 2022, Plaintiff submitted an APR approving limited duty on September 15-21, 2022, with physical restrictions.

52.    An APR by Payne's personal physician, Dr. J. Thompson, dated September 21, 2022, stated Payne "cannot return to work until pending MRI results."

53.    Plaintiff attended a city doctor appointment on October 5, 2022.

54.    An APR by Debbie Sellers NP, dated October 5, 2022, stated Payne "cannot return to work until pending MRI results."

55.    An APR, dated November 14, 2022, stated Payne "cannot return to work until sees Dr. Oberlander for lumbar surgical consult."

56.    An APR by Dr. Oberlander, dated December 14, 2022, stated Payne "cannot return to work until pending surgery."

57.    Plaintiff underwent lumbar fusion surgery on or about December 28, 2022.

58.    On January 18, 2023, Plaintiff sent an email to Jacqueline Browder that stated, in part, "I am on bedrest until my appointment on February 13," and "I can't even drive until March sometime."

59.    An APR by Daniel Long P.A., signed February 13, 2023, stated Payne "cannot return to work until TBD."

60.    An APR by Daniel Long P.A., dated April 5, 2023, stated Payne "cannot return to work until TBD."

61.    An APR by Debbie Sellers NP, dated April 17, 2023, stated Payne "cannot return to work until TBD."

62.    An APR by Debbie Sellers NP, dated May 23, 2023, stated Payne "cannot return to work until TBD per Dr. Oberlander."

63.    An APR by Daniel Long PA, dated June 28, 2023, stated Payne "cannot return to work until TBD.

64.    A Personnel Action Form, effective October 25, 2022, stated: "Employee is on extended sick leave period it's undetermined when she will return to work. Employee's working test period is interrupted for this period of leave and shall

resume immediately upon return to duty. Employee began sick leave September 2, 2022."

65.     Firearms qualification for police officers expires after 13 months.

66.     To requalify, an officer must complete the P.O.S.T. Pre-Academy test and physically shoot the mandatory P.O.S.T. qualification course four times and average a passing score of 96/120.

67.     Every stage of the firearms course test is timed, and officers are required to shoot from standing and kneeling positions on their own accord throughout the course.

68.     Firearms requalification must occur before an officer can return to any situation where they may wear or use their service weapon.

69.     The last Firing Range qualification recorded for Plaintiff was January 18, 2022.

70.     Plaintiff's firearm qualification expired on or about February 13, 2023.

71.     A text message by Plaintiff to Captain Wayne Scivicque on March 18, 2023 stated, "Going to town."

72.     On March 18, 2023, Plaintiff attended a fundraiser event.

73.     Plaintiff was on sick leave status on March 18, 2023.

74.     On March 23, 2023, the City received a complaint by Captain Wayne Scivicque of a potential Sick Leave Policy violation by Plaintiff related to attending a fundraiser event.

75.     On March 29, 2023, Plaintiff received notification of Internal Affairs investigation No. 23-03 regarding a potential sick leave policy violation.

76.     Lieutenant David Mauro, Internal Affairs, conducted IA investigation No. 23-03.

77.     A letter by Daniel Long P.A., dated April 5, 2023, post-dated Plaintiff's attendance at the March 18, 2023 fundraiser.

78.     An April 17, 2023 APR by Debbie Sellers N.P. post-dated Plaintiff's attendance at the March 18, 2023 fundraiser.

79.     Plaintiff was interviewed for IA investigation No. 22-03 on April 27, 2023.

80.     On May 3, 2023, Plaintiff formalized EEOC Charge of Discrimination No. 461-2023-00971.

81.     IA investigation No. 23-03 was completed on May 4, 2023.

82. IA investigation No. 23-03 concluded "Founded" for violation of HPD General Order No. 108, Section 2:15, Conduct Unbecoming an Officer, and "Founded" for violation of HPD General Order No. 140, Sick Leave Policy.

83. Responsibilities of the Office of State Examiners includes advising local fire and police civil service boards, department officers, and classified employees regarding duties and obligations under civil service laws.

84. On May 4, 2023, Police Chief Edwin Bergeron Jr., Captain Wayne Scivicque, Captain Avery Rohner, and HR Director Diana McMahon attended a meeting with the Office of State Examiners.

85. Adrienne Bordelon is the State Examiner for the Louisiana Office of State Examiners.

86. Adrienne Bordelon was present at the May 4, 2023 meeting with Police Chief Edwin Bergeron Jr., Captain Wayne Scivicque, Captain Avery Rohner, and HR Director Diana McMahon.

87. OSE representatives at the May 4, 2023 meeting advised the City that termination or demotion were appropriate disciplinary actions related to IA investigation No. 22-05.

88. On May 9, 2023, Plaintiff was notified of the findings of IA investigation No. 23-03.

89. The City received an EEOC Notice of Charge of Discrimination, dated May 9, 2023, regarding EEOC Charge of Discrimination No. 461-2023-00971.

90. A May 23, 2023 letter by Debbie Sellers N.P. post-dated Plaintiff's attendance at the March 18, 2023 fundraiser.

91. On May 25, 2023, Payne was notified of a demotion to the rank of Police Officer for two years, as disciplinary action regarding IA investigation No. 22-05.

92. Payne was a probationary lieutenant at the time of her demotion.

93. Section 4:0, "Table of Penalties," of HPD General Order No. 108 – Disciplinary Code states: "The following table shall be used as a guide for making a recommendation as to discipline for violations of rules, regulations or Departmental policy. The Chief of Police, and the Administration shall have the authority to modify any recommendation and discipline personnel as they feel is appropriate under the circumstances."

94. A June 26, 2023 letter by Debbie Sellers N.P. post-dated Plaintiff's attendance at the March 18, 2023 fundraiser.

95.     A June 28, 2023 letter by Daniel Long P.A. post-dated Plaintiff's attendance at the March 18, 2023 fundraiser.

96.     An APR by Daniel Long P.A., dated July 31, 2023, approved limited duty on August 1, 2023 with no listed end date, with physical restrictions.

97.     An APR by Debbie Sellers N.P., dated August 1, 2023, approved limited duty for August 1-23, 2023, with physical restrictions.

98.     As of August 1, 2023, Plaintiff was classified at the rank of Police Officer.

99.     Section F(6), "Sick Leave Documentation," of HPD General Order No. 140 – Sick Leave Policies, states: "Upon release from physician to return to duty from extended sick leave a Fit for Duty will be required 'prior' to one's return to work and will be directed to a facility designated by the City at the City's expense."

100.    Section D, "Extended Sick Leave," of HPD General Order No. 140 – Sick Leave Policies, states in part, "For use in these policies, extended sick leave is defined as when an employee has been on sick leave for 15 or more continuous calendar days."

101.    Plaintiff was notified on August 8, 2023 of disciplinary action of one (1) working day suspension (without pay) with an effective date of "To be determined on return from sick leave," regarding IA investigation No. 23-03.

102.    Plaintiff did not serve the one-day working suspension regarding IA Investigation No. 23-03.

103.    An APR by Daniel Long P.A., dated August 23, 2023, approved limited duty for August 23, 2023 through "t.b.d," and simultaneously stated Plaintiff "cannot return to work until TBD."

104.    A City of Hammond Medical Clearance and Release Form, signed by Eric Oberlander M.D. on August 23, 2023, stated in part:

I have evaluated the applicant regarding the identified health concern(s) and the medical risks of participation in the prework/return to work screen as described in the attached protocol

…..

 X    Medical contraindications or significant risks exist. The applicant cannot safely undergo prework/return to work screening until to be determined.

105.    Plaintiff was tentatively scheduled by the City for fit-for-duty testing with Moreau Physical Therapy on August 24, 2023.

106.    Scheduled fit-for-duty testing at Moreau Physical Therapy on August 24, 2023 was cancelled due to a lack of medical clearance from Plaintiff's personal physician.

107.    The City's Human Resources Director, Diana McMahon, sent a letter to Dr. Eric Oblerander, dated August 30, 2023, requesting assistance in making a determination regarding Plaintiff's ability to safely perform her job duties with or without reasonable accommodation.

108.    A Job Analysis, dated Sept. 25, 2023, by Eric Oberlander M.D. stated in response to Question No. 2:

    2.    A prognosis as to the duration of any condition identified in response to Question No. 1.

    "<u>A fusion is permanent – patient with likely have restrictions permanently</u>."

109.    A Job Analysis, dated Sept. 25, 2023, by Eric Oberlander M.D. stated in response to Question No. 3:

    3.    Limitations/restrictions on workplace duties as a result of any condition and/or the treatment of the condition identified in response to Question No. 1 (e.g. limitations/restrictions on the ability to stand, sit, walk, climb stairs, operate a motor vehicle, etc.).

    "No lifting >35-40 lbs, minimal bending/twisting, can only stand for 0-2 hours @ a time w/o breaks."

110.    A Job Analysis, dated Sept. 25, 2023, by Eric Oberlander M.D. stated in response to Question No. 4:

    4.    Whether the condition or treatment for any condition identified in response to Question No. 1 precludes Ms. Payne from safely performing any of the essential functions of her job.  And, if so, the nature and duration of any limitations.

    "Yes, likely permanent."

111.    A Job Analysis, dated Sept. 25, 2023, by Eric Oberlander M.D. stated in response to Question No. 5:

    5.    Ms. Payne's typical schedule is a 12-hour shift, work rotating every 2 weeks (5:45 am to 5:45 pm then switching to 5:45 pm to 5:45 am). What, if any, adjustments may be needed to Ms. Payne's work schedule to enable her to saely perform the essential functions of her job position?

"Should likely only work 8 hrs/day, needs to mostly sit, minimal walking/lifting."

112.   An APR by Deborah Sellers, FNP-BC, dated Oct. 6, 2023, approved limited duty from August 23, 2023 through "t.b.d."

113.   An APR by Michael Christner M.D., dated October 26, 2023, approved limited duty from August 23, 2023 through "to be determined," with a listed restriction of "Other: PC – Neurosurgery."

114.   A Job Analysis by Michael Christner M.D., dated November 2, 2023, stated in part: "Reviewed Dr. Oberlander's eval and agree."

115.   A Job Analysis, dated November 2, 2023, by Michael Christner M.D. stated in response to Question No. 2:

   2.     A prognosis as to the duration of any condition identified in response to Question No. 1.

   "Fusions are permanent and will likely have permanent restrictions."

116.   A Job Analysis, dated November 2, 2023, by Michael Christner M.D. stated in response to Question No. 3:

   3.     Limitations/restrictions on workplace duties as a result of any condition and/or the treatment of the condition identified in response to Question No. 1 (e.g. limitations/restrictions on the ability to stand, sit, walk, climb stairs, operate a motor vehicle, etc.).

   "No lifting >35-40 lbs, minimal bending/twisting, can only stand for 0-2 hours at a time without breaks."

117.   A Job Analysis, dated November 2, 2023, by Michael Christner M.D. stated in response to Question No. 4:

   4.     Whether the condition or treatment for any condition identified in response to Question No. 1 precludes Ms. Payne from safely performing any of the essential functions of her job.  And, if so, the nature and duration of any limitations.

   "Yes. Likely permanent limitations."

118.   A Job Analysis, dated November 2, 2023, by Michael Christner M.D. stated in response to Question No. 5:

   5.     Ms. Payne's typical schedule is a 12-hour shift, work rotating every 2 weeks (5:45 am to 5:45 pm then switching to 5:45

pm to 5:45 am). What, if any, adjustments may be needed to Ms. Payne's work schedule to enable her to safely perform the essential functions of her job position?

"Should likely only work 8 hrs/day, needs to mostly sit, minimal walking."

119. A Loudermill hearing was held on November 20, 2023 with the following individuals in attendance: Plaintiff Jennifer Payne; City Attorney, Andre Coudrain; Payne's Attorney, Ted Alpaugh; Union Representative, Daniel Boudreaux; Assistant Chief of Police, Angelo Monistere; and HR Director, Diana McMahon.

120. On November 20, 2023, Plaintiff submitted a written request to the City seeking permission to attend a union meeting that evening.

121. On November 27, 2023, Plaintiff submitted a written request to the City, stating in part:

"Based on the letters from my doctor and the City's physician, I formally request that I be allowed to leave my place of confinement, at my discretion and without notification or approval, to acclimate back into society and for my physical and mental health as prescribed by my doctor. Activities may include, but are not limited to going to the gym, shopping, visiting friends, attending meetings and engaging in physical activities that will aid in my recovery."

122. On November 30, 2023, HR Director Diana McMahon replied to Plaintiff's November 27 request, stating in part:

"As already noted, the HPD sick leave policy allows for activities outside the home upon written notification from human resources, the police chief, or his designee. Please consider this communication notification that the above activities, within the restrictions and limitations imposed by your doctor, and within the provisions of state law and the city's policies, are allowed. Please ensure that you adhere to the policy by not engaging in activities detrimental to your recovery and through proper notification to the City as applicable per the policy."

123. On December 18, 2023, the City removed Plaintiff from service, effective immediately.

124. The Notice of Removal From Service, dated December 18, 2023, stated in part:

"Therefore, we are notifying you of your removal from service of the Hammond Police Department, effective immediately, in accordance with Louisiana Revised Statute 33:2560, Section A.13 which provides in relevant part:

The tenure of persons who have been regularly and permanently inducted into positions of the classified service shall be during good behavior. However, the appointing authority may remove any employee from the service or take such disciplinary action as the circumstances warrant in the manner provided below, for any one of the following reasons: . . .

13. The development of any defect or physical condition which precludes the employee from properly performing the duties of his position, or the development of any physical condition that may endanger the health or lives of fellow employees."

125.    Plaintiff was on paid sick leave during September 2, 2022 through December 18, 2023.

## PLAINTIFF'S CONTESTED ISSUES OF FACT

1.    No one has been demoted in the last twenty-five years for violating a sick leave policy until Plaintiff.

2.    Daniel Long, PA-C, recommended on June 28, 2023, that while Payne continued to heal she should be able to participate in events outside of the home in order to reorient herself with day to day activities, regain her strength, as well as maintain a healthy mental state."

3.    Daniel Long, PA-C, who was a treating medical provider advised the City that the City's refusal to lift Payne's restrictions to leave her home "could have certainly affected her healing and delayed her ability to perform return to work testing as the job description of police officer requires."

4.    The investigation into this alleged violation of the sick leave policy began on September 9, 2022.

5.    Payne was demoted two ranks for going on a scheduled vacation (cruise) for allegedly violating the sick leave policy on March 25, 2022, six months after the investigation determined that she had violated the policy.

6.    The City received notice that Payne filed an EEOC Charge of Discrimination 15 days before she was demoted for the September, 2022 sick leave violation.

7.    A June 26, 2023 letter by Debbie Sellers N.P. post-dated Plaintiff's attendance at the March 18, 2023 fundraiser and advised that she agreed that Plaintiff should be allowed to leave her home to aid in her healing.

8.    A June 28, 2023 letter by Daniel Long P.A. post-dated Plaintiff's attendance at the March 18, 2023 fundraiser and advised that forcing her to remain in her home like delayed her healing..

9.      An APR by Daniel Long P.A., dated July 31, 2023, approved limited duty on August 1, 2023 with no listed end date, with physical restrictions.

10.     An APR by Debbie Sellers N.P., dated August 1, 2023, approved limited duty for August 1-23, 2023, with physical restrictions.

11.     On March 18, 2023, Payne left her place of confinement to obtain food at a fundraiser.

12.     On March 23, 2023, an investigation was initiated into Payne attending the fundraiser.

13.     Payne was suspended for one day upon return from extended sick leave for the second violation of the sick leave policy.

14.     The City offered light duty to male officer's and refused Plaintiff's light duty request.

15.     Plaintiff was demoted two ranks for making an EEOC Complaint.

16.     Plaintiff was on vacation at the time she was written up for violation of the sick leave policies in September 2022.

17.     Plaintiff attending a fundraiser event on March 18, 2023, to obtain food was a violation of the sick leave policies.

18.     Whether light duty was available to HPD police officers during the period of September 2 through December 18, 2023.

19.     Whether Defendant failed to engage in the interactive process once Plaintiff requested reasonable accommodation.

20.     Whether Plaintiff was written up for violating the sick leave policy when male officers were not.

21.     Whether the City's demotion of  Plaintiff to patrol officer for a first sick leave violation write up was excessive.

22.     Whether Plaintiff's healing was delayed due to the City's sick leave policies.

23.     Whether male employees who violated the sick leave policy were demoted/suspended.

24.     Any contested issues related to damages.

25.     On May 18, 2022, Payne filed a formal response in support of a female records clerk's grievance regarding the vacation policy  that was applicable to the females who currently worked in the communications department.

26.     Payne's time entries into KRONOS were changed from vacation to sick/vacation.

27.     Daniel Long, PA-C, recommended on June 28, 2023, that while Payne continued to heal she should be able to participate in events outside of the home in order to reorient herself with day to day activities, regain her strength, as well as maintain a healthy mental state."

28.     Daniel Long, PA-C, who was a treating medical provider advised the City that the City's refusal to lift Payne's restrictions to leave her home "could have certainly affected her healing and delayed her ability to perform return to work testing as the job description of police officer requires."

29.     The Hammond Police Department Sick Leave Policies state that you can only leave your "place of confinement" for certain enumerated activities without notifying your supervisor.

30.     Payne routinely notified her supervisor when leaving her place of confinement.

31.     Plaintiff provided medical documentation restricting her to light-duty work on numerous occasions.

32.     Plaintiff formally requested light-duty work, which was denied by Human Resources.

33.     The Hammond Police Department's Relief Shifts have a section for Officer's who are on "light duty"

34.     Hammond Police Department does not track officers who are assigned light duty.

35.     Plaintiff filed an EEOC Charge of discrimination on May 3, 2022.

36.     Defendant was notified of the EEOC Charge on May 9, 2022.

37.     On May 17, 2022, Payne was notified that she was being moved to Patrol from Communications Supervisor.

38.     On May 18, 2022, Payne filed a formal response in support of a female records clerk's grievance regarding the vacation policy  that was applicable to the females who currently worked in the communications department.

39.     On May 25, 2022, Payne was demoted two ranks from Sargent to Police Officer, less than 15 days after filing the Charge of Discrimination.

40.     On June 8, 2022, Payne filed a grievance form asking to "immediately resume command of the records division." This request was denied.

41.    Defendant claims Plaintiff was terminated for being unable to perform essential job functions, but Plaintiff had performed light-duty work in the past and other employees were offered this accommodation.

42.    Defendant made no effort to discuss alternative accommodations with Payne.

43.    Defendant never contacted her physician Dr. Oberlander before sending the Job Analysis Report to discuss Payne's ability to perform essential job duties.

44.    Defendant never contacted her physician Dr. Oberlander before sending the Job Analysis Report to discuss Payne's ability to perform essential job duties.

45.    The City Physician never contacted Dr. Oberlander, Payne's treating physician to discuss her ability to return to work.

46.    Dr. Eric Oberlander, Payne's treating physician believes in his medical opinion that Payne could return to work after reasonable recovery from surgery.

47.    Dr. Eric Oberlander, Payne's treating physician believes in his medical opinion that Payne, after recovering from surgery could perform the essential job duties of Lieutenant and Police Officer.

48.    Dr. Eric Oberlander, Payne's treating physician believes that the City's sick leave policies could have delayed her healing and ability to return to work.

49.    The job responsibilities of a Lieutenant are supervisory in nature.

50.    Plaintiff was terminated two years before retirement eligibility being deprived of approximately $5,000 per month, $60,000 per year. Plaintiff has lost approximately $120,000 in retirement income since being terminated 2023.

51.    Plaintiff has lost approximately $140,000 in back pay and benefits since being terminated in 2023.

52.    Any contested issue of fact insofar as it relates to any contested issue of law.

## DEFENDANT'S CONTESTED ISSUES OF FACT

1.    Whether Plaintiff was eligible to return to work under the City's Sick Leave Policies during the period of September 2, 2022 through December 18, 2023?

2.    Whether Plaintiff was eligible to return to work after expiration of her P.O.S.T. firearms qualification on or about February 13, 2023?

3.    Whether Plaintiff's demotion from the permanent rank of Sergeant to the rank of Police Officer was in accordance with applicable civil service rules?

4.    Whether Plaintiff was permitted to attend a fundraiser event on March 18, 2023, without authorization, while on sick leave status?

5.    Whether light duty was available to HPD police officers during the period of September 2 through December 18, 2023?

6.    Whether Plaintiff was permitted under civil service rules to work in an alternate position outside of her police officer classification as a reasonable accommodation?

7.    Whether Plaintiff was confined by the City to her home while on sick leave status, during the period of September 2, 2022 – December 18, 2023?

8.    Whether the recommended work restrictions in a Job Analysis by Dr. Oberlander, dated September 25, 2023, eliminated or modified the essential job functions of Plaintiff's police officer rank?

9.    Whether the recommended work restrictions in a Job Analysis by Dr. Christner, dated November 2, 2023, eliminated or modified the essential job functions of Plaintiff's police officer rank?

10.    Facts relating to damages, if any, Plaintiff alleges she is entitled to in this action.

11.    Facts relating to attorneys' fees, costs and expenses, if any, Plaintiff alleges she is entitled to in this action.

12.    Any contested issue of fact insofar as it relates to any contested issue of law.

## PRE-TRIAL ORDER INSERT - DEFENDANT'S CONTESTED ISSUES OF LAW

1.    Whether Plaintiff can establish all *prima facie* element of disability discrimination under the Americans with Disabilities Act and/or the LEDL, La. R.S. 23:332 *et seq.*?

2.    Whether Plaintiff was a qualified individual with a disability under the ADA and/or LEDL?

3.    Whether Plaintiff can prove by a preponderance of evidence that a request for light duty was a "reasonable" accommodation under the ADA and/or LEDL, as a matter of law?

4.    Whether Plaintiff can prove by a preponderance of evidence that physician restrictions that modified or eliminated essential job functions of Plaintiff's probationary Lieutenant rank was a "reasonable" accommodation under the ADA and/or LEDL, as a matter of law?

5.    Whether Plaintiff can prove by a preponderance of evidence that physician restrictions that

modified or eliminated essential job functions of Plaintiff's Police Officer rank was a "reasonable" accommodation under the ADA and/or LEDL, as a matter of law?

6.  Whether Plaintiff can prove by a preponderance of evidence that reassignment of Plaintiff to a job classification outside of Plaintiff's police officer civil service classification was a "reasonable" accommodation under the ADA and/or LEDL, as a matter of law?

7.  Whether Plaintiff can establish all *prima facie* elements of sex discrimination under Title VII and/or the LEDL?

8.  Whether similarly situated male officers were treated more favorably under nearly identical circumstances regarding sick leave policy requirements?

9.  Whether similarly situated male officers were treated more favorably under nearly identical circumstances regarding disciplinary actions for sick leave policy violations?

10. Whether similarly situated male officers were treated more favorably under nearly identical circumstances regarding light duty availability?

11. Whether Plaintiff can establish all *prima facie* elements of wrongful termination under Title VII, the ADA, and/or the LEDL?

12. Whether Plaintiff can establish all *prima facie* elements of retaliatory demotion under Title VII and/or the ADA?

13. Whether Plaintiff can establish all *prima facie* elements of retaliatory discharge under Title VII, the ADA, and/or La. R.S. 23:967?

14. Whether Plaintiff can prove Defendant's legitimate, non-discriminatory reasons for allegedly discriminatory employment acts were false and merely a pretext for intentional discrimination?

15. Whether Plaintiff can prove Defendant's legitimate, non-retaliatory reasons were pretextual and protected activity was the "but for" cause of Plaintiff's demotion?

16. Whether Plaintiff can prove Defendant's legitimate, non-retaliatory reasons were pretextual and protected activity was the "but for" cause of Plaintiff's removal from service?

17. Whether Plaintiff can prove by a preponderance of the evidence that is entitled to general damages?

18. Whether Plaintiff can prove by a preponderance of evidence that she is entitled to compensatory damages?

19. Whether Plaintiff can prove by a preponderance of the evidence that she is entitled to back pay?

20. Whether Plaintiff can prove by a preponderance of the evidence that she is entitled to front pay?

21. Whether Plaintiff has failed to mitigate her alleged damages?

22. Whether Plaintiff is entitled to attorneys' fees and costs?

23. Whether Defendant is entitled to dismissal on any or all of Plaintiff's claims at the close of Plaintiff's case or at the close of Defendant's case?

24. Whether Defendant is entitled to attorneys' fees and/or costs if Plaintiff fails to prevail under Title VII, the ADA, LEDL and/or La. R.S. 23:967?

25. Whether Defendant is entitled to a judgment as a matter of law on any or all of Plaintiff's claims that survive the Court's ruling on Defendant's Motion for Summary Judgment?

26. Any and all other legal issues that are inherent from the pleadings, allegations, discovery, and the evidence at trial.

27. Any contested issue of law as it is related to any contested issue of fact.

## PRE-TRIAL ORDER INSERT – PLAINTIFF'S CONTESTED ISSUES OF LAW

1. Whether Defendant had notice of Plaintiff's disability and a duty to engage in the interactive process required by the ADA and LEDL once Plaintiff requested accommodation.

2. Whether Defendant failed to engage in the required interactive process once Plaintiff requested a reasonable accommodation.

3. Whether Defendant's refusal to lift restrictions on Plaintiff while on extended sick leave against her doctors' recommendations contributed to a delay in healing.

4. Whether the Hammond Police Department's Sick Leave Policies are discriminatory in their application.

5. Whether Defendant failed to provide a reasonable accommodation when Plaintiff requested light-duty work, temporary modification of job duties, or reassignment to a vacant position.

6. Whether Defendant's asserted job requirements were truly "essential functions" or whether they could have been temporarily modified without undue hardship.

7. Whether Defendant's refusal to accommodate Plaintiff's medical restrictions constituted discrimination "because of disability" under the ADA and LEDL.

8. Whether Plaintiff was subjected to disparate treatment and/or adverse employment actions (including demotion, discipline, and termination) because of her disability and/or requests for accommodation.

9. Whether Defendant's stated reason for Plaintiff's demotion is factually false.

10. Whether Defendant articulated a legitimate, non-discriminatory reason for demoting and/or

terminating Plaintiff.

11. Whether Defendant's stated reasons for Plaintiff's demotion and termination were pretextual, and whether unlawful discrimination was the motivating or "but-for" cause of those actions.

12. Whether Plaintiff engaged in protected activity under the ADA and Title VII by requesting accommodation and opposing discriminatory treatment.

13. Whether Defendant unlawfully retaliated against Plaintiff in violation of 42 U.S.C. § 12203 and La. R.S. 23:967 by demoting and/or terminating her because of her participation in a protected activity.

14. Whether the close proximity in Defendant receiving notice of her filing an EEOC Complaint and her demotion creates a presumption that the stated purpose (sick leave violation) of her demotion and subsequent termination was pretextual.

15. Whether Plaintiff can establish sex discrimination under Title VII and the LEDL by showing that similarly situated male officers were treated more favorably with respect to light-duty assignments, discipline, or leave requirements.

16. Whether Defendant's policies or practices had a disparate impact on female officers or were applied in a manner that perpetuated unequal treatment based on gender.

17. Whether Defendant's actions constitute a violation of both the ADA and Title VII, warranting compensatory and equitable relief.

18. Any and all other legal issues that are inherent from the pleadings, allegations, discovery, and the evidence at trial.

19. Any contested issue of law as it is related to any contested issue of fact.

**PRE-TRIAL – PLAINTIFF'S EXHIBITS**

| | PLAINTIFF'S EXHIBITS WITH NO OBJECTIONS BY DEFENDANT | |
|---|---|---|
| *NO.* | *DESCRIPTION OF DOCUMENT* | *BATES NO(S).* |
| 1. | Employee Exit packer | COH_JP-001876- COH_JP-001943 |
| 2. | City of Hammond Anniversary Increases | COH_JP-002263-2361 |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |
| 7. | EEOC Charge of Discrimination | COH_JP-0000735-000736 |
| 8. | Hammond PD Position Paper | COH_JP-0000807-0000839 |
| 9. | EEOC Right to Sue Letter | COH_JP-0000728-0000729 |
| 10. | EEOC Retaliation charge 5/3/2023 | COH_JP-0000750-0000752 |
| 11. | Travelers Insurance Policy | COH_JP-000725 |
| 12. | Declaration of Dr. Eric Oberlander | PLS-000003 |
| 13. | | |
| 14. | 2020 Tax Returns | Plaintiff_JP_000052 |
| 15. | 2021 Tax Returns | Plaintiff_JP_000053 |
| 16. | 2022 Tax Returns | Plaintiff_JP_000054 |
| 17. | 2023 Tax Returns | Plaintiff_JP_000055 |
| 18. | | |
| 19. | | |
| 20. | Letter from Daniel Long 6/28/23 to City re: lifting restrictions after major surgery | COH_JP-0000999 |
| 21. | 9/12/2022 Letter from Stephanie Guidry, NP to Hammond PD re: light duty from 9/3/22-9/10/22 | COH_JP-000710 |
| 22. | Hammond PD APR 9/16/2022 | COH_JP-000711 |
| 23. | 9/2022 Email between Payne and Browder re: vacation/cruise | COH_JP-000707-000709 |
| 24. | Text with Capt. Wayne S. leaving place of confinement | COH_JP-0000987-0000990 |

| NO. | DESCRIPTION OF DOCUMENT | BATES NO(S). |
|---|---|---|
| 25. | Notice of Disciplinary Action with Demotion and Investigation Checklist | COH_JP-002477-004283 |
| 26. | City of Hammond APR 8/1/23 light duty | COH_JP00001012 |
| 27. | 8/7/23 Email with Browder requesting update on light duty | COH_JP-00001021 |
| 28. | Email exchange with Browder re: light duty 8/2023 | COH_JP-00001013-00001016 |
| 29. | Other sick leave violations | COH_JP-00001000-00001010 |
| 30. | | |
| 31. | 11/20/23 Loudermill Hearing Transcript and audio | |
| 32. | | |
| 33. | City of Hammond Job Analysis and Return to work documentation | COH_JP-000305-000312 |
| 34. | | |
| 35. | | |
| 36. | Payne Light Duty Status | COH_JP-002087 |
| 37. | 8/23/23 Letter to City from Daniel Long, PA re: lifting restrictions | COH_JP-000707 |
| 38. | Hammond Police Department 9/9/22 Incident Report | COH_JP-000339 |
| 39. | Hammond Police Department 9/7/22 Complaint | COH_JP-000269 – COH_JP-000281 |
| 40. | Hammond Police Department Interoffice Memorandum | COH_JP-000366 – COH_JP-000373 |
| 41. | Neuromedical Center Clinic 9/12/22 Stephanie Guidry, NP return to work post CESI light duty | COH_JP-000361 |
| 42. | North Oak Physician Group ltr. From Deborah Sellers, NP to Hammond PD re: light duty/leaving confinement to heal | COH_JP-0001213 or – COH_JP-0001260 |
| 43. | Email exchange from Moreau to Payne re sick leave violation | COH_JP-003067 – COH_JP-003069 |
| 44. | Kronos printout of Payne sick leave | COH_JP-000655-000678 |
| 45. | Notice of violation 3/29/23 | COH_JP-000307-0003087 |

| NO. | DESCRIPTION OF DOCUMENT | BATES NO(S). |
|---|---|---|
| 46. | Memorandum of Police Chief Edwin Bergeron Jr. to Diana McMahon re: Jennifer Payne Assignment/Chain of Command, April 29, 2025 | COH_JP-000235 |
| 47. | Spreadsheet, Jennifer Payne Police Officer Rank & Salary History, Hammond Police Department, 07/16/2001 – 03/02/2022 | COH_JP-000237 |
| 48. | City of Hammond, Detail Check History, Jennifer Payne, 01/01/2021 – 12/31/2023 | COH_JP-002228-002262 |
| 49. | City of Hammond, Detail Check History, Jennifer Payne, 01/01/2022 – 03/12/2025 | COH_JP-000238 – COH_JP-000262 |
| 50. | City of Hammond, Jennifer Payne, Training Records | COH_JP-002388-002402 |
| 51. | City of Hammond, Employee Benefits Records, Jennifer Payne | COH_JP-001883-002012 |
| 52. | FOIA Request to City of Hammond re light duty | PLS-00001-00008 |
| 53. | Affidavit of Ryan Ray | PLS-00009-00010 |
| 54. | | |
| 55. | 11/17/22 email re: virtual visit request post surgery | COH_JP-001616-17 |
| 56. | Relief Shift Hammond PD Spreadsheet including light duty | COH_JP-002739-2747 |
| 57. | | |
| 58. | Hammond APR "after violation occurred" | COH_JP-001083; COH_JP-002211-002212 |
| 59. | Hammond PD Complaint 9/2/2022 by Capt. Wayne S. | COH_JP-000269-000279 |
| 60. | Hammond PD Complaint 3/18/23 by Capt. Wayne S. | COH_JP-001182-001184 |
| 61. | Personnel action form 2/15/22; Personnel action form 10/25/22 | COH_JP-000263-000264; COH_JP-000265-000266 |
| 62. | City of Hammond, Employee Demotion Salary Record, Jennifer Payne, Effective May 25, 2023 | COH_JP-002264 |
| 63. | NeuroMedical Center Clinic Return to Work ltr. From Daniel Long re: request to lift restrictions denied 8/23/23 | COH_JP-0001129 |

| NO. | DESCRIPTION OF DOCUMENT | BATES NO(S). |
|-----|-------------------------|--------------|
| 64. | 4/17/23 City Physicians APR from Debbie Sellars, NP re: agree with Long to lift restrictions | COH_JP-001090 |
| 65. | 11/30/23 Email from Diane McMahon to Payne and others re: lifting restrictions per MD requests | COH_JP-001171-001172 |
| 66. | City of Hammond, Sick Leave Policies acknowledged by Payne | COH_JP-001215-001216 |
| 67. | 3/18/23 sick leave violation investigation by IA re: Tanzania Event | COH_JP-001279-1407 |
| 68. | Hammond Police Department General Order 108 | COH_JP-001352-1357 |
| 69. | Neuro Medical Center 4/5/23 Letter to Hammond PD re: surgery and recovery time | COH_JP-001410 |
| 70. | City APR 4/5/23 return to work | COH_JP-001409 |
| 71. | | |
| 72. | Interoffice memo: 8/8/23 Re: 1 day suspension for second sick leave violation | COH_JP-001261-1236 |
| 73. | 5/9/23 Notice of Pre disciplinary hearing for 3/18/23 alleged violation | COH_JP-001267-1278 |
| 74. | Order No. 108 Table of Penalties etc. | COH_JP-001271-1278 |
| 75. | 3/23/23 Investigation into Payne re: investigation into Tanzania | COH_JP-002355 |
| 76. | | |
| 77. | Personnel Action Form, Jennifer Payne, Completion of Working Test Period, 05/1/2003 | COH_JP-002354 |
| 78. | Personnel Action Form, Jennifer Payne, Completion of Probational Police Officer Working Test Period, 05/20/2003 | COH_JP-002353 |
| 79. | Personnel Action Form, Jennifer Payne, Initiation of Probational Sergeant Working Test Period, 01/09/2017 | COH_JP-002341 |
| 80. | Personnel Action Form, Jennifer Payne, Completion of Probational Sergeant Working Test Period, 07/09/2017 | COH_JP-002340 |

| NO. | DESCRIPTION OF DOCUMENT | BATES NO(S). |
|---|---|---|
| 81. | Personnel Action Form, Jennifer Payne, Promotion 02/18/2022 | COH_JP-000263 – COH_JP-000264 |
| 82. | Personnel Action Form, Jennifer Payne, Pause of Working Test Period, 10/25/2022 | COH_JP-000265 – COH_JP-000266 |
| 83. | Personnel Action Form, Jennifer Payne, Demotion, 05/25/2023 | COH_JP-002325 – COH_JP-002326 |
| 84. | Moreau Physical Therapy, City of Hammond, Medical Clearance and Release Form, 08/23/2023 | COH_JP-000268 |
| 85. | Hammond Police Department, Complaint of Captain Wayne Scivicque re: Lt. Jennifer Payne, Date of Incident: Sept. 2, 2022 | COH_JP-000269 – COH_JP-000271 |
| 86. | Notification of Investigation IA 22-05 | COH_JP-000281-278 |
| 87. | Audio recording, IA 22-05, Notification of IA Investigation, September 23, 2022 | COH_JP-002733 |
| 88. | Audio recording, IA 22-05, Interview Lt. Payne, Oct. 20, 2022 | COH_JP-002731 |
| 89. | Audio recording, IA 22-05, Notification of Pre-Disciplinary Hearing, November 18, 2022 | COH_JP-002734 |
| 90. | Audio recording, IA 22-05, Notice of Disciplinary Action, May 25, 2023 | COH_JP-002732 |
| 91. | Hammond Police Department, Investigation Report, IA Control No. 22-05, Jennifer Payne, September 9, 2022 | COH_JP-000272 – COH_JP-000280 |
| 92. | Notification of Investigation, IA No. 22-05, Jennifer Payne, September 23, 2022 | COH_JP-000281 |
| 93. | Notice of Pre-Disciplinary Hearing, From Assistant Chief Angelo Monistere to Lt. Jennifer Payne, November 18, 2022 | COH_JP-000287 – COH_JP-000289 |
| 94. | Notice of Removal From Service, From Mayor Pete Panepinto to Jennifer Payne, December 18, 2023 | COH_JP-000290 – COH_JP-000291 |
| 95. | | |
| 96. | City of Hammond, Employee Benefits Termination Form, Jennifer Payne, Effective 12/31/2023 | COH_JP-001879 |

| *NO.* | *DESCRIPTION OF DOCUMENT* | *BATES NO(S).* |
|-------|---------------------------|----------------|
| 97. | Timesheets, Jennifer Payne, January 12 – August 30, 2022 | COH_JP-000292 – COH_JP-000294 |
| 98. | Timesheets, Jennifer Payne, August 17 – September 25, 2022 | COH_JP-000543 |
| 99. | Timesheets, Jennifer Payne, August 29 – September 25, 2022 | COH_JP-000514 - COH_JP-000521 |
| 100. | Leave Records, Jennifer Payne, August 29 – September 25, 2022 | COH_JP-000544 - COH_JP-000547 |
| 101. | Timesheets, Jennifer Payne, December 1, 2020 – May 19, 2023 | COH_JP-000655 - COH_JP-000678 |
| 102. | Municipal Police Employees' Retirement System, Disability Retirement Application, 11-14-2023 | COH_JP-000295 - COH_JP-000304 |
| 103. | Transcript of the Testimony of Loudermill Hearing of Jennifer Payne, November 20, 2023 | COH_JP-000427 - COH_JP-000513 |
| 104. | 11-20-2023 Loudermill Hearing Exhibits, attached to Loudermill Hearing Transcript | COH_JP-000305 - COH_JP-000319 |
| 105. | Transcript of the Testimony of Loudermill Hearing of Jennifer Payne, February 1, 2023 | COH_JP-000548 - COH_JP-000632 |
| 106. | February 1, 2023, Loudermill Hearing Exhibits, attached to Loudermill Hearing Transcript | COH_JP-002597-002730 |
| 107. | Transcript of the Testimony of Loudermill Hearing of Jennifer Payne, with hearing exhibit, June 6, 2023 | COH_JP-001217 - COH_JP-001260 |
| 108. | Jennifer Payne, Internal Affairs Administrative Investigation Record, IA No. 22-05 | COH_JP-002477-002596 |
| 109. | Email of David Mauro to Jacqueline Browder, subject "IA 22-05 Lt. Payne," Oct. 20-21, 2022 | COH_JP-000425 - COH_JP-000426 |
| 110. | Notice of Disciplinary Action, Internal Affairs No. 22-05, May 25, 2023 | COH_JP-001214 – COH_JP-001216 |
| 111. | Audio recording, IA 23-03, Notification of IA Investigation, March 29, 2023 | COH_JP-003100 |
| 112. | Audio recording, IA 23-03, Interview Lt. Payne, April 27, 2023 | COH_JP-003098 |

| NO. | DESCRIPTION OF DOCUMENT | BATES NO(S). |
|---|---|---|
| 113. | Audio recording, IA 23-03, Notification of Pre-Disciplinary Hearing, May 9, 2023 | COH_JP-003099 |
| 114. | Audio recording, IA 23-03, Final Notice of Disciplinary Action, August 8, 2023 | COH_JP-002974 |
| 115. | Audio recording, IA 23-03, 2nd Payne Signature on Final Notice of Disciplinary Action, August 8, 2023 | COH_JP-003096 |
| 116. | Jennifer Payne, Internal Affairs Administrative Investigation Record, IA No. 23-03 | COH_JP-001267 - COH_JP-001414 |
| 117. | Hammond Police Department, Complaint of Capt. Wayne Scivicque re: Jennifer Payne, Incident Date: March 18, 2023 | COH_JP-001182 – COH_JP-001195 |
| 118. | Hammond Police Department, Investigation Report, IA Control No. 23-03, Jennifer Payne, March 23, 2023 | COH_JP-001196 – COH_JP-001207 |
| 119. | Notification of Investigation, Internal Affairs No. 23-03, March 29, 2023 | COH_JP-001208 – COH_JP-001209 |
| 120. | Text Messages of Jennifer Payne to Captain Wayne Scivicque, March 16-18, 2023 | COH_JP-001415 |
| 121. | Notice of Pre-Disciplinary Hearing, Internal Affairs No. 23-03, May 9, 2023 | COH_JP-001210 – COH_JP-001212 |
| 122. | May 23, 2023 Letter of Deborah Sellers, NP | COH_JP-001213 |
| 123. | February 27 – April 26, 2023 Timesheet, Jennifer Payne | COH_JP-001265 – COH_JP-001266 |
| 124. | Notice of Disciplinary Action, Internal Affairs No. 23-03, August 8, 2023 | COH_JP-001261 – COH_JP-001263 |
| 125. | Moreau Physical Therapy, City of Hammond, Medical Clearance and Release Form, with attached Functional Job Description of Police Officer | COH_JP-000634 - COH_JP-000637 |
| 126. | Job Description, Police Officer (Competitive Class), Revised 02-15-2018 | COH_JP-000648 - COH_JP-000649 |
| 127. | Functional Job Description, City of Hammond, Police Officer | COH_JP-000652 - COH_JP-000654 |
| 128. | Job Description, Police Sergeant (Promotional Class), Revised 01-19-2005 | COH_JP-000679 - COH_JP-000680 |

| NO. | DESCRIPTION OF DOCUMENT | BATES NO(S). |
|---|---|---|
| 129. | Hammond Police Department, Shift Rosters, Showing Jennifer Payne Sick Leave Status | COH_JP-000638 - COH_JP-000647 |
| 130. | Hammond Police Department, Shift Rosters, Showing Jennifer Payne Supervisors, Revised 12/1/21 – 12/31/23 | COH_JP-002739-002747 |
| 131. | 06-22-2022 Attending Physician's Report, Jennifer Payne | COH_JP-001096 |
| 132. | 07-11-2022 Attending Physician's Report, Jennifer Payne | COH_JP-001101 |
| 133. | 07-18-2022 Attending Physician's Report, Jennifer Payne | COH_JP-001102 |
| 134. | 07-22-2022 Attending Physician's Report, Jennifer Payne | COH_JP-001103 |
| 135. | 09-01-2022 Attending Physician's Report, Jennifer Payne | COH_JP-000706 |
| 136. | 09-02-2022 Emails between Jennifer Payne and Jacqueline Brower, subject "APR" | COH_JP-000707 - COH_JP-000709 |
| 137. | 09-12-2022 Letter of Stephanie Guidry, NP, The NeuroMedical Center Clinic | COH_JP-000710 |
| 138. | 09-16-2022 Email by Jennifer Payne to Captain Wayne Scivicque and Jacqueline Browder, subject "Form" re: Stephanie Guidry Form | COH_JP-001646 – COH_JP-001647 |
| 139. | 09-16-2022 Attending Physician's Report, Jennifer Payne | COH_JP-001504 |
| 140. | 09-16-22 Email by Jennifer Payne to Captain Wayne Scivicque and Jacqueline Browder, subject "APR," with attached 09-16-22 APR | COH_JP-001700 – COH_JP-001701 |
| 141. | 09-21-2022 Attending Physician's Report, Jennifer Payne | COH_JP-001162 |
| 142. | 10-05-2022 Attending Physician's Report, Jennifer Payne | COH_JP-001168 |
| 143. | 11-14-2022 Attending Physician's Report, Jennifer Payne | COH_JP-001170 |
| 144. | 12-14-2022 Attending Physician's Report, Jennifer Payne | COH_JP-001178 |

| NO. | DESCRIPTION OF DOCUMENT | BATES NO(S). |
|---|---|---|
| 145. | Attending Physician's Report, Jennifer Payne, signed 02-13-2023 | COH_JP-001078 |
| 146. | 04-05-2023 Attending Physician's Report, Jennifer Payne | COH_JP-001782 |
| 147. | 04-05-2023 Return to Work/School Letter by Daniel Long, PA, The NeuroMedical Center Clinic | COH_JP-001084 |
| 148. | 04-12-2023 Text Messages of Jennifer Payne to Captain Wayne Scivicque and Assistant Chief Angelo Monistere | COH_JP-001085 - COH_JP-001088 |
| 149. | 04-17-2023 Attending Physician's Report, Jennifer Payne | COH_JP-001090 |
| 150. | 05-23-2023 Attending Physician's Report, Jennifer Payne | COH_JP-001779 |
| 151. | 05-23-2023 Letter by Deborah A. Sellers, NP, North Oaks Physician Group | COH_JP-001092 |
| 152. | April-June 2023 Text Messages between Jennifer Payne and Captain Wayne Scivicque | JP_000135-000143 |
| 153. | Emails between Jacqueline Browder and Jennifer Payne, subject "Doctors Appointment," June 19-July 27, 2023 | COH_JP-001094 - COH_JP-001095 |
| 154. | 06-28-2023 Attending Physician's Report, Jennifer Payne | COH_JP-001098 |
| 155. | 06-28-2023 Return to Work/School Letter by Daniel Long, PA | COH_JP-001099 |
| 156. | 06-26-2023 Letter of Deborah A. Sellers, NP, North Oaks Physicians Group | COH_JP-000683 |
| 157. | 07-31-2023 Attending Physician's Report, Jennifer Payne | COH_JP-000684 |
| 158. | 08-01-2023 Attending Physician's Report, Jennifer Payne | COH_JP-000685 |
| 159. | Emails between Jacqueline Browder & Jennifer Payne, subject "Return to Full Duty," with attachments, August 3-18, 2023 | COH_JP-000686 - COH_JP-000701 |
| 160. | Emails between Jacqueline Browder and Diana McMahon, subject "Return to Full Duty," August 3-7, 2023 | COH_JP-001487 – COH_JP-001488 |

| NO. | DESCRIPTION OF DOCUMENT | BATES NO(S). |
|---|---|---|
| 161. | 08-07-2023 Emails between Jacqueline Browder and Jennifer Payne, "any word on light duty" | COH_JP-000702-703 |
| 162. | 08-08-2023 Email by Jennifer Payne to Jacqueline Browder, subject "APR" | COH_JP-001492 |
| 163. | Emails between Jacqueline Browder and Jennifer Payne, subject "Paperwork," August 21-22, 2023 | COH_JP-001108 |
| 164. | Email Chain between Jacqueline Browder and Jennifer Payne, with attachments, subject "Dr. Visit," with attachments, August 23, 2023 | COH_JP-001686 – COH_JP-001689 |
| 165. | Moreau PT City of Hammond Clearance Form | COH_JP-000690-000701 |
| 166. | 08-23-2023 Return to Work/School Letter by Daniel Long, PA | COH_JP-001129 |
| 167. | 08-23-2023 Attending Physician's Report, Jennifer Payne | COH_JP-000704 |
| 168. | 08-23-2023 Moreau Physical Therapy, City of Hammond Medical Clearance and Release Form re: Jennifer Payne, completed by Eric Oberlander, MD | COH_JP-000705 |
| 169. | 08-25-2023 Email by Jennifer Payne to Captain Wayne Scivicque and Jacqueline Browder, with attachments, subject "APR" | COH_JP-001479 – COH_JP-001480 |
| 170. | 08-30-2023 Letter of Diana McMahon, with attachments, to Dr. Eric Oberlander re: Jennifer Payne | COH_JP-000716 - COH_JP-000723 |
| 171. | 08-30-2023 Letter of Diana McMahon, with attachments, to Dr. Eric Oberlander re: Jennifer Payne | COH_JP-0001133- COH_JP-001143; COH_JP-000716-000723 |
| 172. | September 2, 2022 email from Payne to Brower re: light duty denial and cruise | COH_JP-000707-000709 |
| 173. | Emails between Jennifer Payne and Jacqueline Browder, subject "?," September 1-5, 2023 | COH_JP-001502 – COH_JP-001503 |
| 174. | 09-25-2023 Job Analysis of Dr. Eric Oberlander, MD, with attachments | COH_JP-001146 - COH_JP-001160 |

| NO. | DESCRIPTION OF DOCUMENT | BATES NO(S). |
|---|---|---|
| 175. | Emails between Jacqueline Browder and Jennifer Payne, subject "Medical Records Release Form for City Doctor's Visit," September 28-29, 2023 | COH_JP-001163 -COH_JP-001164 |
| 176. | September 29, 2023, Emails between Jacqueline Browder and Jennifer Payne re: City Doctor appt. on October 6, 2023 | COH_JP-001165 |
| 177. | Emails between Jacqueline Browder and Jennifer Payne, subject "Phone Call," October 5-10, 2023 | COH_JP-001169 |
| 178. | 10-06-2023 Attending Physician's Report, Jennifer Payne | COH_JP-000712 |
| 179. | 10-26-2023 Attending Physician's Report, Jennifer Payne | COH_JP-000714 |
| 180. | City of Hammond, Job Analysis, By Michael Christner, MD, 11/02/2023 | COH_JP-000282 – COH_JP-000283 |
| 181. | Email of Diana McMahon, subject "job analysis – city doctor," with attachment "Job Analysis-JPayne," November 8, 2023 | COH_JP-000284 – COH_JP-000286 |
| 182. | 11-30-2023 Email by Diana McMahon to Jennifer Payne, with attachments | COH_JP-001825 – COH_JP-001827 |
| 183. | Certified Copy of The Traveler's Indemnity Company, Delivery Invoice and Declarations Page, City of Hammond, Policy No. ZLP-21P10280-23-PA, Policy Period 05/01/2023 – 05/01/2024 | COH_JP-002748-002973 |
| 184. | EEOC FOIA Request Response, EEOC Charge of Discrimination No. 461-2023-00971 | COH_JP-000728 - COH_JP-001072 |
| 185. | Hammond Police Dept. Firing Range Qualification Sheet, Jennifer Payne, 1-18-22 | COH_JP-001875 |
| 186. | Tax Year 2020, Federal and Louisiana State Tax Return, Jennifer Payne | JP_000052-000070 |
| 187. | Tax Year 2021, Federal and Louisiana State Tax Return, Jennifer Payne | JP_000071-000101 |
| 188. | Tax Year 2022, Federal and Louisiana State Tax Return, Jennifer Payne | JP_000102-000125 |

| NO. | DESCRIPTION OF DOCUMENT | BATES NO(S). |
|---|---|---|
| 189. | Tax Year 2023, Federal and Louisiana State Tax Return, Jennifer Payne | JP_000126-000137 |
| 190. | W-2 Form 2019, Jennifer Payne | JP_000166 |
| 191. | W-2 Form 2020, Jennifer Payne | JP_000167 |
| 192. | W-2 Form 2021, Jennifer Payne | JP_000168 |
| 193. | W-2 Form 2022, Jennifer Payne | JP_000169 |
| 194. | W-2 Form 2023, Jennifer Payne | JP_000170 |
| 195. | Email by Jennifer Payne to Jacqueline Browder, subject with notation "Sent to HR 7/6/22" | JP_000080-000081 |
| 196. | 09-02-2022 Emails between Jennifer Payne and Jacqueline Browder, subject "APR" | COH_JP-001515 – COH_JP-001516 |
| 197. | Sept. 13-14, 2022 Email Chain between Jacqueline Browder and Jennifer Payne, subject "City Doctor" | COH_JP-001650 – COH_JP-001651 |
| 198. | 09-15-2022 Email chain between Jennifer Payne and Jacqueline Browder, subject "Doctor Appointment" | COH_JP-001637 |
| 199. | 09-15-2022 Email by Jacqueline Browder to Jennifer Payne, subject "Doctor Appointment" | COH_JP-001839 |
| 200. | Sept. 18-19, 2022 Email chain between Jennifer Payne and Jacqueline Browder, subject "APR" | COH_JP-001660 – COH_JP-001663 |
| 201. | 09-22-2022 Email chain between Jennifer Payne and Captain Wayne Scivicque, subject "APR" | COH_JP-001627 |
| 202. | 09-23-2022 Email from Jennifer Payne to Jacqueline Browder re: notice of pending IA investigation | COH_JP-001571 |
| 203. | 09-27-2022 Email chain between Jennifer Payne and Jacqueline Brower, subject "Doctor Appointment" | COH_JP-001757 – COH_JP-001759 |
| 204. | 09-27-2022 Email by Jennifer Payne to Jacqueline Browder, subject "The Neuromedical Center" | COH_JP-001678 – COH_JP-001679 |

| NO. | DESCRIPTION OF DOCUMENT | BATES NO(S). |
|---|---|---|
| 205. | 10-03-2022 Email chain between Jennifer Payne and Jacqueline Browder, subject "City Doctor" | COH_JP-001724 |
| 206. | 11-14-2022 Email chain between Jennifer Payne and Jacqueline Browder, subject "APR" | COH_JP-001674 – COH_JP-001675 |
| 207. | 11-17-2022 Email chain between Jennifer Payne and Jacqueline Browder | COH_JP-001616 – COH_JP-001617 |
| 208. | 12-20-22 Email by Jennifer Payne, subject | COH_JP-001685 |
| 209. | 12-20-2022 – 01-06-2023 Email Chain, subject "Hearing 12/29 Jennifer Payne" | COH_JP-001572 – COH_JP-001574 |
| 210. | 01-18-2023 Email Chain between Jennifer Payne and Jacqueline Browder, subject "Monthly Doctor's Appointment" | COH_JP-001742 – COH_JP-001744 |
| 211. | 01-23-2023 Email between Diana McMahon and Jennifer Payne, subject "Paystubs" | COH_JP-001425 – COH_JP-001426 |
| 212. | 02-14-2023 Email by Jennifer Payne to Jacqueline Browder, subject "APR" | COH_JP-001726 |
| 213. | 03-03-2023 Email by Jacqueline Browder to Jennifer Payne, subject "City Doctor's Appointment" | COH_JP-001766 |
| 214. | 03-09-2023 Email by Jennifer Payne to Jacqueline Browder, subject "City Doctor Appointment" | COH_JP-001702 |
| 215. | 03-09-2023 Email by Jennifer Payne to Jacqueline Browder, subject "City Doctor" | COH_JP-001763 – COH_JP-001764 |
| 216. | 03-10-2023 Email chain between Jacqueline Browder and Jennifer Payne, subject "City Doctor" | COH_JP-001680 – COH_JP-001681 |
| 217. | 04-14-2023 Email chain between Jennifer Payne and Jacqueline Browder, subject "Monthly City Doctor Evaluation" | COH_JP-001634 – COH_JP-001636 |
| 218. | Text to supervisor from Payne 4.12.23 | COH_JP-001085-1088 |
| 219. | 04-14-2023 Email chain between Jennifer Payne and Jacqueline Browder, subject "Monthly City Doctor Evaluation" | COH_JP-001760 – COH_JP-001762 |

| NO. | DESCRIPTION OF DOCUMENT | BATES NO(S). |
|---|---|---|
| 220. | 05-19-2023 Email chain between Jennifer Payne and Jacqueline Browder, subject "Records Release" | COH_JP-001722 – COH_JP-001723 |
| 221. | 05-23-2023 Email chain with subject "City Doctor" | COH_JP-001846 – COH_JP-001848 |
| 222. | 5-25-2023 Interoffice Memorandum re: Notice of disciplinary action demoting Payne | COH_JP-001214-001212 |
| 223. | 07-06-2023 Email between Jennifer Payne and Jacqueline Browder, subject "City Doctor" | COH_JP-001495 |
| 224. | 07-26-2023 Email chain between Jacqueline Browder and Jennifer Payne, subject "Doctors Appointment" | COH_JP-001693 – COH_JP-001695 |
| 225. | 07-31-2023 Notice of Eligibility & Rights and Responsibilities under the Family and Medical Leave Act | COH_JP-001797 – COH_JP-001800 |
| 226. | 08-21-2023 Email by Jacqueline Browder to Diana McMahon, subject "City Doctor" | COH_JP-001851 – COH_JP-001853 |
| 227. | 08-22-2023 Email by Jennifer Payne to Jacqueline Browder, subject "Paperwork" | COH_JP-001657 |
| 228. | NeuroMedical Center Clinic ltr. From Long to City dated 8/23/23 re: fusion and request to lift restrictions | COH_JP-001129 |
| 229. | 9-1-2023 Email by Payne to Jacqueline Browder cc: Diana McMahon re: waiting on City | COH_JP-001144-1145 |
| 230. | Neuromedical Center-email following up on Payne job evaluation 9/5/23 | COH_JP-001158-1160 |
| 231. | Disciplinary Action Date of Incident 9/7/22 | COH_JP-000272-000312 |
| 232. | 09-23-2023 Email by Jacqueline Browder to Jennifer Payne re: City Doctor Appointment on October 6, 2023 | COH_JP-001594 |
| 233. | 10-24-2023 Email by Jacqueline Browder to Jennifer Payne, subject "Doctor Appointment" | COH_JP-001840 |

| NO. | DESCRIPTION OF DOCUMENT | BATES NO(S). |
|---|---|---|
| 234. | 10-24-2023 Email by Diana McMahon to C. Theodore Alpaugh, subject "Doctor Appointment" | COH_JP-001842 |
| 235. | 11-20-2023 Email by Jennifer Payne; subject "Permission to attend union meeting" | COH_JP-001822 |
| 236. | KRONOS Timesheet | COH_JP-000320 |
| 237. | Payne 8/29/22-9/11/22 pay period | COH_JP-000364-365 |
| 238. | 9/9/22 Interoffice memorandum re: alleged violation of sick leave | COH_JP000366-00426 |
| 239. | | |
| 240. | | |
| 241. | | |
| 242. | | |
| 243. | | |
| 244. | | |

| PLAINTIFF'S EXHIBITS <u>WITH OBJECTIONS</u> BY DEFENDANT | | | |
|---|---|---|---|
| **NO.** | **DESCRIPTION OF DOCUMENT** | **BATES NO(S).** | **DEFENDANT'S OBJECTIONS** |
| 1. | Benny's Place 4 Audio | PLS-000001 | <u>Objection</u>: This document was not produced by Plaintiff before the deadline for discovery and depositions ended on September 2, 2025. This audiorecording was in existence months before the discovery deadline but was not submitted to Defendant until September 3, 2025 at 12:12 a.m. after the close of depositions and discovery the day before. Magistrate Judge Dossier submitted an Order on August 29, 2025 that stated, in relevant part, "Plaintiff is reminded that efforts to engage in discovery inconsistent with the Scheduling Order deadline may result in sanctions, including an assessment of reasonable attorney's fees and costs." Plaintiff did not follow the Court's Scheduling Order or the Magistrate Judge's August 29 Order. Thus, Defendant objects under FRCP 37(c)(1) to use of this audiorecording at the trial of this matter. |

| 2. | Benny's Place 5 Audio | PLS-000002 | Objection:  This audiorecording was not produced by Plaintiff before the deadline for discovery and depositions ended on September 2, 2025.  This audiorecording was in existence months before the discovery deadline but was not submitted to Defendant until September 3, 2025 at 12:12 a.m. after the close of depositions and discovery the day before.  Magistrate Judge Dossier submitted an Order on August 29, 2025 that stated, in relevant part, "Plaintiff is reminded that efforts to engage in discovery inconsistent with the Scheduling Order deadline may result in sanctions, including an assessment of reasonable attorney's fees and costs."  Plaintiff did not follow the Court's Scheduling Order or the Magistrate Judge's August 29 Order.  Thus, Defendant objects under FRCP 37(c)(1) to use of this audiorecording at the trial of this matter. |
|---|---|---|---|
| 3. | IA Interview | PLS-0000004 | Objection:  This audiorecording was not produced by Plaintiff before the deadline for discovery and depositions ended on September 2, 2025.  This audiorecording was in existence months before the discovery deadline but was not submitted to Defendant until September 3, 2025 at 12:12 a.m. after the close of depositions and discovery the day before.  Magistrate Judge Dossier submitted an Order on August 29, 2025 that stated, in relevant part, "Plaintiff is reminded that efforts to engage in discovery inconsistent with the Scheduling Order deadline may result in sanctions, including an assessment of reasonable attorney's fees and costs."  Plaintiff did not follow the Court's Scheduling Order or the Magistrate Judge's August 29 Order.  Thus, Defendant objects under FRCP 37(c)(1) to use of this audiorecording at the trial of this matter. |

| 4. | Mariner's Inn 2 | PLS-000005 | Objection: This audiorecording was not produced by Plaintiff before the deadline for discovery and depositions ended on September 2, 2025. This audiorecording was in existence months before the discovery deadline but was not submitted to Defendant until September 3, 2025 at 12:12 a.m. after the close of depositions and discovery the day before. Magistrate Judge Dossier submitted an Order on August 29, 2025 that stated, in relevant part, "Plaintiff is reminded that efforts to engage in discovery inconsistent with the Scheduling Order deadline may result in sanctions, including an assessment of reasonable attorney's fees and costs." Plaintiff did not follow the Court's Scheduling Order or the Magistrate Judge's August 29 Order. Thus, Defendant objects under FRCP 37(c)(1) to use of this audiorecording at the trial of this matter. |

| 5. | 2019 Tax Returns | PLS-0000006 | <u>Objection</u>:  Plaintiffs did not produce any documents to Defendant with this bates labeling on or after the deadline for discovery and depositions ended on September 2, 2025.   Defendant is not in possession of this document and its referenced labeling of PLS-000006.  Defendant cannot review the exhibit in this unproduced form of PLS-00006.<br><br>Defendant further objects on the grounds that a 2019 tax return was not produced by Plaintiff before the deadline for discovery and depositions ended on September 2, 2025.  This tax return was in existence months before the discovery deadline but was not submitted to Defendant before or after the close of depositions and discovery.  Magistrate Judge Dossier submitted an Order on August 29, 2025 that stated, in relevant part, "Plaintiff is reminded that efforts to engage in discovery inconsistent with the Scheduling Order deadline may result in sanctions, including an assessment of reasonable attorney's fees and costs."  Plaintiff did not follow the Court's Scheduling Order or the Magistrate Judge's August 29 Order.  Thus, Defendant objects under FRCP 37(c)(1) to use of this 2019 tax return at the trial of this matter. |

| 6. | Cypress Point Medical Records | Plaintiff_JP_000299-000366 | Objection: These medical records were not produced by Plaintiff before the deadline for discovery and depositions ended on September 2, 2025. These medical records are dated on various months in 2022 -well before the discovery deadline - but were not submitted to Defendant until September 3, 2025 at 12:12 a.m. after the close of depositions and discovery the day before. Magistrate Judge Dossier submitted an Order on August 29, 2025 that stated, in relevant part, "Plaintiff is reminded that efforts to engage in discovery inconsistent with the Scheduling Order deadline may result in sanctions, including an assessment of reasonable attorney's fees and costs." Plaintiff did not follow the Court's Scheduling Order or the Magistrate Judge's August 29 Order. Thus, Defendant objects under FRCP 37(c)(1) to use of these medical records as exhibits at the trial of this matter. Defendant further objects to these medical records on the grounds of foundation; relevancy; unfair prejudice; and other relevant factors listed in FRE 403. |

| 7. | NOHS          Medical Records | Plaintiff_JP_000298; 000367-000370 | Objection:  These medical records were not produced by Plaintiff before the deadline for discovery and depositions ended on September 2, 2025.  These medical records are dated on various dates ranging from 2022-August 2025 - all before the discovery deadline - but were not submitted to Defendant until September 3, 2025 at 12:12 a.m. after the close of depositions and discovery the day before.  Magistrate Judge Dossier submitted an Order on August 29, 2025 that stated, in relevant part, "Plaintiff is reminded that efforts to engage in discovery inconsistent with the Scheduling Order deadline may result in sanctions, including an assessment of reasonable attorney's fees and costs." Plaintiff did not follow the Court's Scheduling Order or the Magistrate Judge's August 29 Order.  Thus, Defendant objects under FRCP 37(c)(1) to use of these medical records as exhibits at the trial of this matter.<br><br>Defendant further objects to these medical records on the grounds of foundation; relevancy; unfair prejudice; and other relevant factors listed in FRE 403. |
| --- | --- | --- | --- |

| 8. | Grievance form dated 6/8/22 re: Payne pgs. 1-32 | PLS-00000010-42 | Objection: This grievance was not produced by Plaintiff before the deadline for discovery and depositions ended on September 2, 2025.<br><br>Plaintiff initially attempted to introduce this grievance as an exhibit at the deposition of Police Chief Bergeron on August 28, 2025. Defense counsel objected during the deposition to questions about the grievance, since it hadn't been submitted in discovery. Plaintiff's counsel did not submit the grievance as a deposition exhibit and stated on the record that the document was privileged and would be entered on a privilege log. This grievance in this form was only produced for the first time in this suit as Exhibit No. 1 to Plaintiff's summary judgment opposition. Thus, Defendant objects under FRCP 37(c)(1) to use of this grievance as an exhibit at the trial of this matter.<br><br>Defendant further objects to this grievance on the grounds of hearsay; foundation; relevancy; unfair prejudice; and other relevant factors listed in FRE 403. |
| 9. | Text with Wayne re: father | | Objection: Plaintiff provides no bates number or date to identify this exhibit with specificity. Defendant cannot confirm if this exhibit was timely produced in discovery, and is unable to review the exhibit in any form. Defendant objects to this vaguely referenced text on the grounds of foundation; relevancy; unfair prejudice; and other relevant factors listed in FRE 403. |

| 10. | Investigation Report of Henry Olinde, Jr. re: investigation into Chief Bergeron regarding Payne 11/21/22 | PLS-00011-00031 | **Objection:** Plaintiffs did not produce any documents to Defendant with this bates labeling on or after the deadline for discovery and depositions ended on September 2, 2025. Defendant is not in possession of this document and its referenced labeling of PLS-00011-00031. Defendant cannot review the exhibit in this unproduced form of PLS-00011-00031.<br><br>This referenced investigation report is dated 11/21/22 - well before the discovery deadline - but was not produced to Defendant as allegedly now bates labeled at any time. Magistrate Judge Dossier submitted an Order on August 29, 2025 that stated, in relevant part, "Plaintiff is reminded that efforts to engage in discovery inconsistent with the Scheduling Order deadline may result in sanctions, including an assessment of reasonable attorney's fees and costs." Plaintiff did not follow the Court's Scheduling Order or the Magistrate Judge's August 29 Order. Thus, Defendant objects under FRCP 37(c)(1) to use of this investigation report as exhibits at the trial of this matter.<br><br>Defendant further objects to this investigation report on the grounds that there is no sexual harassment claim at issue in this suit, as such claim was dismissed at the Rule 12(b) stage. Thus, Defendant also objects to this proposed exhibit on the grounds of foundation; relevancy; unfair prejudice; and other relevant factors listed in FRE 403. |

| 11. | Kronos printout re: Payne vacation/sick leave 9/2022 | | Objection: Plaintiff provides no bates number to identify this exhibit with specificity. Defendant cannot confirm if this exhibit was timely produced in discovery and is unable to review the exhibit in any form. Defendant objects to this vaguely referenced text on the grounds of foundation; relevancy; unfair prejudice; and other relevant factors listed in FRE 403. |
|---|---|---|---|
| 12. | Drago v. City of Hammond | COH_JP-001412-1414 | Objection: Defendant objects to this case law decision on the grounds of relevancy; and other relevant factors listed in FRE 403. |
| 13. | Text from Male employee treated differently | PLS-00033 | Objection: Plaintiffs did not produce any text message to Defendant with this bates labeling on or after the deadline for discovery and depositions ended on September 2, 2025. Defendant is not in possession of this document and its referenced labeling of PLS-0033. This referenced text message also contains no date. Magistrate Judge Dossier submitted an Order on August 29, 2025 that stated, in relevant part, "Plaintiff is reminded that efforts to engage in discovery inconsistent with the Scheduling Order deadline may result in sanctions, including an assessment of reasonable attorney's fees and costs." Plaintiff did not follow the Court's Scheduling Order or the Magistrate Judge's August 29 Order. Thus, Defendant objects under FRCP 37(c)(1) to use of this text message as an exhibit at the trial of this matter.<br><br>Defendant cannot review the exhibit in this unproduced form of PLS-00033. Defendant further objects to this text message on the grounds of foundation; relevancy; unfair prejudice; and other relevant factors listed in FRE 403. |

| 14. | Sick Leave violations (other) | COH_JP-001395-1407 | Objection:  The title of this exhibit does not match the documents listed as COH_JP-001395-1407.  The referenced bates labels documents related to IA No. 23-03 for investigation of Plaintiff Jennifer Payne. These documents do not represent "sick leave violations (other)." Plaintiff's bates numbers are inaccurate and Defendant cannot review the exhibit in this inaccurately labeled form. Defendant objects to this vaguely referenced topic as an exhibit at trial on the grounds of foundation; relevancy; unfair prejudice; and other relevant factors listed in FRE 403. |

| 15. | Public Records Request re: light duty | PLS-000002 | <u>Objection</u>: Plaintiffs did not produce any public records request with this bates labeling on or after the deadline for discovery and depositions ended on September 2, 2025. Defendant is not in possession of this document and its referenced labeling of PLS-000002. This referenced public records request also contains no date. Magistrate Judge Dossier submitted an Order on August 29, 2025 that stated, in relevant part, "Plaintiff is reminded that efforts to engage in discovery inconsistent with the Scheduling Order deadline may result in sanctions, including an assessment of reasonable attorney's fees and costs." Plaintiff did not follow the Court's Scheduling Order or the Magistrate Judge's August 29 Order. Thus, Defendant objects under FRCP 37(c)(1) to use of this text message as an exhibit at the trial of this matter.<br><br>Defendant cannot review the exhibit in this unproduced form of PLS-000002. Defendant further objects to this referenced public records request on the grounds of foundation; relevancy; unfair prejudice; and other relevant factors listed in FRE 403. |
| --- | --- | --- | --- |

| 16. | FOIA Request to City of Hammond re light duty | PLS-00001-00008 | Objection: Plaintiffs did not produce any public records request with this bates labeling on or after the deadline for discovery and depositions ended on September 2, 2025. Defendant is not in possession of this document and its referenced labeling of PLS-000001-00008. This referenced FOIA request also contains no date. Magistrate Judge Dossier submitted an Order on August 29, 2025 that stated, in relevant part, "Plaintiff is reminded that efforts to engage in discovery inconsistent with the Scheduling Order deadline may result in sanctions, including an assessment of reasonable attorney's fees and costs." Plaintiff did not follow the Court's Scheduling Order or the Magistrate Judge's August 29 Order. Thus, Defendant objects under FRCP 37(c)(1) to use of this FOIA request as an exhibit at the trial of this matter.<br><br>Defendant cannot review the exhibit in this unproduced form of PLS-000001-00008. Defendant further objects to this referenced FOIA request on the grounds of foundation; relevancy; unfair prejudice; and other relevant factors listed in FRE 403. |

## PRE-TRIAL ORDER INSERT - DEFENDANT'S EXHIBITS

| DEFENDANT'S EXHIBITS WITH NO OBJECTIONS BY PLAINTIFF | | |
|---|---|---|
| *NO.* | *DESCRIPTION OF DOCUMENT* | *BATES NO(S).* |
| 1. | City of Hammond, Fire and Police Civil Service Board Rules, 05-11-2023 | COH_JP-000039 - COH_JP-000061 |

| NO. | DESCRIPTION OF DOCUMENT | BATES NO(S). |
|---|---|---|
| 2. | City of Hammond, Ordinance No. 04-3023 C.S., Personnel Policies and Procedures Manual for City Employees, Effective June 1, 2004 | COH_JP-000110 – COH_JP-000188 |
| 3. | City of Hammond, Ordinance No. 13-5346 C.S., An Ordinance to Amend the Personnel Policy on Bad Weather, Emergency Pay, and Sick Leave, July 16, 2013 | COH_JP-000189 – COH_JP-000196 |
| 4. | Hammond Police Department General Order No. 105, Duties and Responsibilities of Police Personnel, Effective 01/13/2014 | COH_JP-000064 – COH_JP-000079 |
| 5. | Hammond Police Department General Order No. 108, Disciplinary Code, Effective 01/13/2014 | COH_JP-000080 – COH_JP-000093 |
| 6. | Hammond Police Department General Order No. 140, Sick Leave Policies, Effective 09/01/2014 | COH_JP-000197 – COH_JP-000202 |
| 7. | City of Hammond, Mayor's Equal Opportunity Statement, January 1, 2022 | COH_JP-000206 – COH_JP-000207 |
| 8. | City of Hammond, Mayor's Equal Opportunity Statement, Signed Acknowledgements of Jennifer Payne, January 2009 - January 1, 2021 | COH_JP-002428 – COH_JP-002451 |
| 9. | Employee Handbook Acknowledgement, Jennifer Payne, 11/30/2000 | COH_JP-002462 |
| 10. | New Employee Orientation Checklist, Jennifer Payne, 07/03/2000 | COH_JP-002455-002458 |
| 11. | Memorandum of Police Chief Edwin Bergeron Jr. to Diana McMahon re: Jennifer Payne Assignment/Chain of Command, April 29, 2025 | COH_JP-000235 |
| 12. | Spreadsheet, Jennifer Payne Police Officer Rank & Salary History, Hammond Police Department, 07/16/2001 – 03/02/2022 | COH_JP-000237 |
| 13. | City of Hammond, Detail Check History, Jennifer Payne, 01/01/2021 – 12/31/2023 | COH_JP-002228-002262 |
| 14. | City of Hammond, Detail Check History, Jennifer Payne, 01/01/2022 – 03/12/2025 | COH_JP-000238 – COH_JP-000262 |
| 15. | City of Hammond, Jennifer Payne, Training Records | COH_JP-002388-002402 |
| 16. | City of Hammond, Employee Benefits Records, Jennifer Payne | COH_JP-001883-002012 |
| 17. | City of Hammond, Employee Salary Adjustment Records, Jennifer Payne | COH_JP-002263-002315; COH_JP-002342 |
| 18. | LA OWCA Second Injury Board Knowledge Questionnaire, Jennifer Payne, 06/30/2000 | COH_JP-002225 |

| NO. | DESCRIPTION OF DOCUMENT | BATES NO(S). |
|---|---|---|
| 19. | City of Hammond, Post Employment Medical Examination and Questionnaire, Jennifer Payne, 11/29/2000 | COH_JP-002209-002210; COH_JP-002213-002214 |
| 20. | LA OWCA Second Injury Board Knowledge Questionnaire, Jennifer Payne, 11/29/2000 | COH_JP-002215 |
| 21. | Pre-employment Psychological Screening Report, Jennifer Payne, September 17, 2002 | COH_JP-002075-002080 |
| 22. | Post-Offer Employment Evaluation, Jennifer Payne, 09/23/2002 | COH_JP-002205-002206 |
| 23. | Post-Offer Employment Evaluation, Jennifer Payne, 11/12/2002 | COH_JP-002207; COH_JP-002211-002212 |
| 24. | LA OWCA Second Injury Board Knowledge Questionnaire, Jennifer Payne, 11/15/2012 | COH_JP-002060-002064 |
| 25. | LA OWCA Second Injury Board Knowledge Questionnaire, Jennifer Payne, 06/06/2014 | COH_JP-002013-002017 |
| 26. | Fitness for Duty Evaluation, Jennifer Payne, 11/13/2012 | COH_JP-002065-002073; COH_JP-002074 |
| 27. | City of Hammond, Employee Demotion Salary Record, Jennifer Payne, Effective May 25, 2023 | COH_JP-002264 |
| 28. | Application for Employment, Jennifer Payne, Radio Room Operator, 04/07/2000 | COH_JP-002369-002374 |
| 29. | Louisiana New Hire – Employee Form, Jennifer Payne, Communications Officer, 04/12/2000 | COH_JP-002368 |
| 30. | Application for Competitive Employment, Jennifer Payne, Communications Officer, June 30, 2000 | COH_JP-002375-002381 |
| 31. | City of Hammond, Offer Letter, Jennifer Payne, Provisional Police Communications Officer, July 3, 2000 | COH_JP-002366-002367 |
| 32. | Louisiana New Hire – Employee Form, Jennifer Payne, Communications Officer, 07/03/2000 | COH_JP-002363 |
| 33. | Personnel Action Form, Jennifer Payne, Provisional Appointment to Communications Officer, 07/03/2000 | COH_JP-002360 |
| 34. | Personnel Action Form, Jennifer Payne, Initiation of Probational Communications Officer Working Test Period, 11/01/2000 | COH_JP-002359 |
| 35. | City of Hammond, Offer Letter, Jennifer Payne, Probationary Police Communications Officer, November 30, 2000 | COH_JP-002364-002365 |
| 36. | Personnel Action Form, Jennifer Payne, Completion of Probational Communications Officer Working Test Period, November 1, 2001 | COH_JP-002358 |

| NO. | DESCRIPTION OF DOCUMENT | BATES NO(S). |
|---|---|---|
| 37. | Personnel Action Form, Jennifer Payne, Completion of Probational Communications Officer Working Test Period, 01/02/2002 | COH_JP-002356 |
| 38. | Personnel Action Form, Jennifer Payne, Completion of Working Test Period, effective 11/01/2002 | COH_JP-002357 |
| 39. | Personnel Action Form, Jennifer Payne, Initiation of Probational Police Officer Working Test Period, 11/22/2002 | COH_JP-002355 |
| 40. | May 1, 2003, Memorandum by Asst. Chief Kenny Corkern, regarding completion of probational police officer working test period | COH_JP-002352 |
| 41. | Personnel Action Form, Jennifer Payne, Completion of Working Test Period, 05/1/2003 | COH_JP-002354 |
| 42. | Personnel Action Form, Jennifer Payne, Completion of Probational Police Officer Working Test Period, 05/20/2003 | COH_JP-002353 |
| 43. | Personnel Action Form, Jennifer Payne, Initiation of Probational Sergeant Working Test Period, 01/09/2017 | COH_JP-002341 |
| 44. | Personnel Action Form, Jennifer Payne, Completion of Probational Sergeant Working Test Period, 07/09/2017 | COH_JP-002340 |
| 45. | Personnel Action Form, Jennifer Payne, Promotion (Probational), 02/18/2022 | COH_JP-000263 – COH_JP-000264 |
| 46. | Personnel Action Form, Jennifer Payne, Pause of Working Test Period, 10/25/2022 | COH_JP-000265 – COH_JP-000266 |
| 47. | Personnel Action Form, Jennifer Payne, Demotion, 05/25/2023 | COH_JP-002325 – COH_JP-002326 |
| 48. | Moreau Physical Therapy, City of Hammond, Medical Clearance and Release Form, 08/23/2023 | COH_JP-000268 |
| 49. | Hammond Police Department, Complaint of Captain Wayne Scivicque re: Lt. Jennifer Payne, Date of Incident: Sept. 2, 2022 | COH_JP-000269 – COH_JP-000271 |
| 50. | Audio recording, IA 22-05, Notification of IA Investigation, September 23, 2022 | COH_JP-002733 |
| 51. | Audio recording, IA 22-05, Interview Lt. Payne, Oct. 20, 2022 | COH_JP-002731 |
| 52. | Audio recording, IA 22-05, Notification of Pre-Disciplinary Hearing, November 18, 2022 | COH_JP-002734 |
| 53. | Audio recording, IA 22-05, Notice of Disciplinary Action, May 25, 2023 | COH_JP-002732 |
| 54. | Hammond Police Department, Investigation Report, IA Control No. 22-05, Jennifer Payne, September 9, 2022 | COH_JP-000272 – COH_JP-000280 |

| NO. | *DESCRIPTION OF DOCUMENT* | BATES NO(S). |
|---|---|---|
| 55. | Notification of Investigation, IA No. 22-05, Jennifer Payne, September 23, 2022 | COH_JP-000281 |
| 56. | Notice of Pre-Disciplinary Hearing, From Assistant Chief Angelo Monistere to Lt. Jennifer Payne, November 18, 2022 | COH_JP-000287 – COH_JP-000289 |
| 57. | Notice of Removal From Service, From Mayor Pete Panepinto to Jennifer Payne, December 18, 2023 | COH_JP-000290 – COH_JP-000291 |
| 58. | Louisiana Workforce Commission, Separation Notice, 01/18/2024 | COH_JP-001878 |
| 59. | City of Hammond, Employee Benefits Termination Form, Jennifer Payne, Effective 12/31/2023 | COH_JP-001879 |
| 60. | Timesheets, Jennifer Payne, January 12 – August 30, 2022 | COH_JP-000292 – COH_JP-000294 |
| 61. | Timesheets, Jennifer Payne, August 17 – September 25, 2022 | COH_JP-000543 |
| 62. | Timesheets, Jennifer Payne, August 29 – September 25, 2022 | COH_JP-000514 - COH_JP-000521 |
| 63. | Leave Records, Jennifer Payne, August 29 – September 25, 2022 | COH_JP-000544 - COH_JP-000547 |
| 64. | Timesheets, Jennifer Payne, December 1, 2020 – May 19, 2023 | COH_JP-000655 - COH_JP-000678 |
| 65. | Municipal Police Employees' Retirement System, Disability Retirement Application, 11-14-2023 | COH_JP-000295 - COH_JP-000304 |
| 66. | Transcript of the Testimony of Loudermill Hearing of Jennifer Payne, November 20, 2023 | COH_JP-000427 - COH_JP-000513 |
| 67. | 11-20-2023 Loudermill Hearing Exhibits, attached to Loudermill Hearing Transcript | COH_JP-000305 - COH_JP-000319 |
| 68. | Transcript of the Testimony of Loudermill Hearing of Jennifer Payne, February 1, 2023 | COH_JP-000548 - COH_JP-000632 |
| 69. | February 1, 2023, Loudermill Hearing Exhibits, attached to Loudermill Hearing Transcript | COH_JP-002597-002730 |
| 70. | Transcript of the Testimony of Loudermill Hearing of Jennifer Payne, with hearing exhibit, June 6, 2023 | COH_JP-001217 - COH_JP-001260 |
| 71. | Jennifer Payne, Internal Affairs Administrative Investigation Record, IA No. 22-05 | COH_JP-002477-002596 |
| 72. | Email of David Mauro to Jacqueline Browder, subject "IA 22-05 Lt. Payne," Oct. 20-21, 2022 | COH_JP-000425 - COH_JP-000426 |
| 73. | IA No. 22-05, Facebook Postings of Jennifer Payne, September 10, 2022 | COH_JP-000523 - COH_JP-000542 |

| NO. | DESCRIPTION OF DOCUMENT | BATES NO(S). |
|---|---|---|
| 74. | Notice of Disciplinary Action, Internal Affairs No. 22-05, May 25, 2023 | COH_JP-001214 – COH_JP-001216 |
| 75. | Audio recording, IA 23-03, Notification of IA Investigation, March 29, 2023 | COH_JP-003100 |
| 76. | Audio recording, IA 23-03, Interview Lt. Payne, April 27, 2023 | COH_JP-003098 |
| 77. | Audio recording, IA 23-03, Notification of Pre-Disciplinary Hearing, May 9, 2023 | COH_JP-003099 |
| 78. | Audio recording, IA 23-03, Final Notice of Disciplinary Action, August 8, 2023 | COH_JP-002974 |
| 79. | Audio recording, IA 23-03, 2nd Payne Signature on Final Notice of Disciplinary Action, August 8, 2023 | COH_JP-003096 |
| 80. | Jennifer Payne, Internal Affairs Administrative Investigation Record, IA No. 23-03 | COH_JP-001267 - COH_JP-001414 |
| 81. | Hammond Police Department, Complaint of Capt. Wayne Scivicque re: Jennifer Payne, Incident Date: March 18, 2023 | COH_JP-001182 – COH_JP-001195 |
| 82. | Hammond Police Department, Investigation Report, IA Control No. 23-03, Jennifer Payne, March 23, 2023 | COH_JP-001196 – COH_JP-001207 |
| 83. | Notification of Investigation, Internal Affairs No. 23-03, March 29, 2023 | COH_JP-001208 – COH_JP-001209 |
| 84. | Text Messages of Jennifer Payne to Captain Wayne Scivicque, March 16-18, 2023 | COH_JP-001415 |
| 85. | Notice of Pre-Disciplinary Hearing, Internal Affairs No. 23-03, May 9, 2023 | COH_JP-001210 – COH_JP-001212 |
| 86. | May 23, 2023 Letter of Deborah Sellers, NP | COH_JP-001213 |
| 87. | February 27 – April 26, 2023 Timesheet, Jennifer Payne | COH_JP-001265 – COH_JP-001266 |
| 88. | Notice of Disciplinary Action, Internal Affairs No. 23-03, August 8, 2023 | COH_JP-001261 – COH_JP-001263 |
| 89. | Moreau Physical Therapy, City of Hammond, Medical Clearance and Release Form, with attached Functional Job Description of Police Officer | COH_JP-000634 - COH_JP-000637 |
| 90. | Job Description, Police Officer (Competitive Class), Revised 02-15-2018 | COH_JP-000648 - COH_JP-000649 |
| 91. | Functional Job Description, City of Hammond, Police Officer | COH_JP-000652 - COH_JP-000654 |

| NO. | DESCRIPTION OF DOCUMENT | BATES NO(S). |
|---|---|---|
| 92. | Job Description, Police Sergeant (Promotional Class), Revised 01-19-2005 | COH_JP-000679 - COH_JP-000680 |
| 93. | Hammond Police Department, Shift Rosters, Showing Jennifer Payne Sick Leave Status | COH_JP-000638 - COH_JP-000647 |
| 94. | Hammond Police Department, Shift Rosters, Showing Jennifer Payne Supervisors, Revised 12/1/21 – 12/31/23 | COH_JP-002739-002747 |
| 95. | 06-22-2022 Attending Physician's Report, Jennifer Payne | COH_JP-001096 |
| 96. | 07-11-2022 Attending Physician's Report, Jennifer Payne | COH_JP-001101 |
| 97. | 07-18-2022 Attending Physician's Report, Jennifer Payne | COH_JP-001102 |
| 98. | 07-22-2022 Attending Physician's Report, Jennifer Payne | COH_JP-001103 |
| 99. | 09-01-2022 Attending Physician's Report, Jennifer Payne | COH_JP-000706 |
| 100. | 09-02-2022 Emails between Jennifer Payne and Jacqueline Brower, subject "APR" | COH_JP-000707 - COH_JP-000709 |
| 101. | 09-12-2022 Letter of Stephanie Guidry, NP, The NeuroMedical Center Clinic | COH_JP-000710 |
| 102. | 09-16-2022 Email by Jennifer Payne to Captain Wayne Scivicque and Jacqueline Browder, subject "Form" re: Stephanie Guidry Form | COH_JP-001646 – COH_JP-001647 |
| 103. | 09-16-2022 Attending Physician's Report, Jennifer Payne | COH_JP-001504 |
| 104. | 09-16-22 Email by Jennifer Payne to Captain Wayne Scivicque and Jacqueline Browder, subject "APR," with attached 09-16-22 APR | COH_JP-001700 – COH_JP-001701 |
| 105. | 09-21-2022 Attending Physician's Report, Jennifer Payne | COH_JP-001162 |
| 106. | 10-05-2022 Attending Physician's Report, Jennifer Payne | COH_JP-001168 |
| 107. | 11-14-2022 Attending Physician's Report, Jennifer Payne | COH_JP-001170 |
| 108. | 12-14-2022 Attending Physician's Report, Jennifer Payne | COH_JP-001178 |
| 109. | Attending Physician's Report, Jennifer Payne, signed 02-13-2023 | COH_JP-001078 |
| 110. | 04-05-2023 Attending Physician's Report, Jennifer Payne | COH_JP-001782 |
| 111. | 04-05-2023 Return to Work/School Letter by Daniel Long, PA, The NeuroMedical Center Clinic | COH_JP-001084 |
| 112. | 04-12-2023 Text Messages of Jennifer Payne to Captain Wayne Scivicque and Assistant Chief Angelo Monistere | COH_JP-001085 - COH_JP-001088 |
| 113. | 04-17-2023 Attending Physician's Report, Jennifer Payne | COH_JP-001090 |
| 114. | 05-23-2023 Attending Physician's Report, Jennifer Payne | COH_JP-001779 |

| NO. | DESCRIPTION OF DOCUMENT | BATES NO(S). |
|-----|------------------------|--------------|
| 115. | 05-23-2023 Letter by Deborah A. Sellers, NP, North Oaks Physician Group | COH_JP-001092 |
| 116. | April-June 2023 Text Messages between Jennifer Payne and Captain Wayne Scivicque | JP_000135-000143 |
| 117. | Emails between Jacqueline Browder and Jennifer Payne, subject "Doctors Appointment," June 19-July 27, 2023 | COH_JP-001094 - COH_JP-001095 |
| 118. | 06-28-2023 Attending Physician's Report, Jennifer Payne | COH_JP-001098 |
| 119. | 06-28-2023 Return to Work/School Letter by Daniel Long, PA | COH_JP-001099 |
| 120. | 06-26-2023 Letter of Deborah A. Sellers, NP, North Oaks Physicians Group | COH_JP-000683 |
| 121. | 07-31-2023 Attending Physician's Report, Jennifer Payne | COH_JP-000684 |
| 122. | 08-01-2023 Attending Physician's Report, Jennifer Payne | COH_JP-000685 |
| 123. | Emails between Jacqueline Browder & Jennifer Payne, subject "Return to Full Duty," with attachments, August 3-18, 2023 | COH_JP-000686 - COH_JP-000701 |
| 124. | Emails between Jacqueline Browder and Diana McMahon, subject "Return to Full Duty," August 3-7, 2023 | COH_JP-001487 – COH_JP-001488 |
| 125. | 08-07-2023 Emails between Jacqueline Browder and Jennifer Payne, subject "Thank You" | COH_JP-000702 |
| 126. | 08-08-2023 Email by Jennifer Payne to Jacqueline Browder, subject "APR" | COH_JP-001492 |
| 127. | Emails between Jacqueline Browder and Jennifer Payne, subject "Paperwork," August 21-22, 2023 | COH_JP-001108 |
| 128. | Email Chain between Jacqueline Browder and Jennifer Payne, with attachments, subject "Dr. Visit," with attachments, August 23, 2023 | COH_JP-001686 – COH_JP-001689 |
| 129. | 08-23-2023 Return to Work/School Letter by Daniel Long, PA | COH_JP-001129 |
| 130. | 08-23-2023 Attending Physician's Report, Jennifer Payne | COH_JP-000704 |
| 131. | 08-23-2023 Moreau Physical Therapy, City of Hammond Medical Clearance and Release Form re: Jennifer Payne, completed by Eric Oberlander, MD | COH_JP-000705 |
| 132. | 08-25-2023 Email by Jennifer Payne to Captain Wayne Scivicque and Jacqueline Browder, with attachments, subject "APR" | COH_JP-001479 – COH_JP-001480 |
| 133. | 08-30-2023 Letter of Diana McMahon, with attachments, to Dr. Eric Oberlander re: Jennifer Payne | COH_JP-000716 - COH_JP-000723 |
| 134. | 08-30-2023 Letter of Diana McMahon, with attachments, to Dr. Eric Oberlander re: Jennifer Payne | COH_JP-0001133- COH_JP-001143 |

| NO. | *DESCRIPTION OF DOCUMENT* | BATES NO(S). |
|---|---|---|
| 135. | Emails between Jennifer Payne and Jacqueline Browder, subject ",?," September 1-5, 2023 | COH_JP-001502 – COH_JP-001503 |
| 136. | 09-25-2023 Job Analysis of Dr. Eric Oberlander, MD, with attachments | COH_JP-001146 - COH_JP-001160 |
| 137. | Emails between Jacqueline Browder and Jennifer Payne, subject "Medical Records Release Form for City Doctor's Visit," September 28-29, 2023 | COH_JP-001163 - COH_JP-001164 |
| 138. | September 29, 2023, Emails between Jacqueline Browder and Jennifer Payne re: City Doctor appt. on October 6, 2023 | COH_JP-001165 |
| 139. | Emails between Jacqueline Browder and Jennifer Payne, subject "Phone Call," October 5-10, 2023 | COH_JP-001169 |
| 140. | 10-06-2023 Attending Physician's Report, Jennifer Payne | COH_JP-000712 |
| 141. | 10-26-2023 Attending Physician's Report, Jennifer Payne | COH_JP-000714 |
| 142. | City of Hammond, Job Analysis, By Michael Christner, MD, 11/02/2023 | COH_JP-000282 – COH_JP-000283 |
| 143. | Email of Diana McMahon, subject "job analysis – city doctor," with attachment "Job Analysis-JPayne," November 8, 2023 | COH_JP-000284 – COH_JP-000286 |
| 144. | 11-30-2023 Email by Diana McMahon to Jennifer Payne, subject "Restrictions," with attachments | COH_JP-001825 – COH_JP-001827 |
| 145. | Certified Copy of The Traveler's Indemnity Company, Delivery Invoice and Declarations Page, City of Hammond, Policy No. ZLP-21P10280-23-PA, Policy Period 05/01/2023 – 05/01/2024 | COH_JP-002748-002973 |
| 146. | EEOC FOIA Request Response, EEOC Charge of Discrimination No. 461-2023-00971 | COH_JP-000728 - COH_JP-001072 |
| 147. | Hammond Police Dept. Firing Range Qualification Sheet, Jennifer Payne, 1-18-22 | COH_JP-001875 |
| 148. | Tax Year 2020, Federal and Louisiana State Tax Return, Jennifer Payne | JP_000052-000070 |
| 149. | Tax Year 2021, Federal and Louisiana State Tax Return, Jennifer Payne | JP_000071-000101 |
| 150. | Tax Year 2022, Federal and Louisiana State Tax Return, Jennifer Payne | JP_000102-000125 |
| 151. | Tax Year 2023, Federal and Louisiana State Tax Return, Jennifer Payne | JP_000126-000137 |
| 152. | W-2 Form 2019, Jennifer Payne | JP_000166 |
| 153. | W-2 Form 2020, Jennifer Payne | JP_000167 |

| NO. | DESCRIPTION OF DOCUMENT | BATES NO(S). |
|---|---|---|
| 154. | W-2 Form 2021, Jennifer Payne | JP_000168 |
| 155. | W-2 Form 2022, Jennifer Payne | JP_000169 |
| 156. | W-2 Form 2023, Jennifer Payne | JP_000170 |
| 157. | Email by Jennifer Payne to Jacqueline Browder, subject "And Thank You," with notation "Sent to HR 7/6/22" | JP_000080-000081 |
| 158. | 09-02-2022 Emails between Jennifer Payne and Jacqueline Browder, subject "APR" | COH_JP-001515 – COH_JP-001516 |
| 159. | Sept. 13-14, 2022 Email Chain between Jacqueline Browder and Jennifer Payne, subject "City Doctor" | COH_JP-001650 – COH_JP-001651 |
| 160. | 09-15-2022 Email chain between Jennifer Payne and Jacqueline Browder, subject "Doctor Appointment" | COH_JP-001637 |
| 161. | 09-15-2022 Email by Jacqueline Browder to Jennifer Payne, subject "Doctor Appointment" | COH_JP-001839 |
| 162. | Sept. 18-19, 2022 Email chain between Jennifer Payne and Jacqueline Browder, subject "APR" | COH_JP-001660 – COH_JP-001663 |
| 163. | 09-22-2022 Email chain between Jennifer Payne and Captain Wayne Scivicque, subject "APR" | COH_JP-001627 |
| 164. | 09-23-2022 Email from Jennifer Payne to Jacqueline Browder re: notice of pending IA investigation | COH_JP-001571 |
| 165. | 09-27-2022 Email chain between Jennifer Payne and Jacqueline Brower, subject "Doctor Appointment" | COH_JP-001757 – COH_JP-001759 |
| 166. | 09-27-2022 Email by Jennifer Payne to Jacqueline Browder, subject "The Neuromedical Center" | COH_JP-001678 – COH_JP-001679 |
| 167. | 10-03-2022 Email chain between Jennifer Payne and Jacqueline Browder, subject "City Doctor" | COH_JP-001724 |
| 168. | 11-14-2022 Email chain between Jennifer Payne and Jacqueline Browder, subject "APR" | COH_JP-001674 – COH_JP-001675 |
| 169. | 11-17-2022 Email chain between Jennifer Payne and Jacqueline Browder, subject "City Doctor" | COH_JP-001616 – COH_JP-001617 |
| 170. | 12-20-22 Email by Jennifer Payne, subject "I apologize" | COH_JP-001685 |
| 171. | 12-20-2022 – 01-06-2023 Email Chain, subject "Hearing 12/29 Jennifer Payne" | COH_JP-001572 – COH_JP-001574 |
| 172. | 01-18-2023 Email Chain between Jennifer Payne and Jacqueline Browder, subject "Monthly Doctor's Appointment" | COH_JP-001742 – COH_JP-001744 |
| 173. | 01-24-2023 Email by Andre Coudrain to Jennifer Payne, subject "Hearing 12/29 Jennifer Payne – Rescheduled" | COH_JP-001582 – COH_JP-001585 |

| NO. | *DESCRIPTION OF DOCUMENT* | BATES NO(S). |
|---|---|---|
| 174. | 01-23-2023 Email between Diana McMahon and Jennifer Payne, subject "Paystubs" | COH_JP-001425 – COH_JP-001426 |
| 175. | 02-14-2023 Email by Jennifer Payne to Jacqueline Browder, subject "APR" | COH_JP-001726 |
| 176. | 03-03-2023 Email by Jacqueline Browder to Jennifer Payne, subject "City Doctor's Appointment" | COH_JP-001766 |
| 177. | 03-09-2023 Email by Jennifer Payne to Jacqueline Browder, subject "City Doctor Appointment" | COH_JP-001702 |
| 178. | 03-09-2023 Email by Jennifer Payne to Jacqueline Browder, subject "City Doctor" | COH_JP-001763 – COH_JP-001764 |
| 179. | 03-10-2023 Email chain between Jacqueline Browder and Jennifer Payne, subject "City Doctor" | COH_JP-001680 – COH_JP-001681 |
| 180. | 04-14-2023 Email chain between Jennifer Payne and Jacqueline Browder, subject "Monthly City Doctor Evaluation" | COH_JP-001634 – COH_JP-001636 |
| 181. | 04-14-2023 Email chain between Jennifer Payne and Jacqueline Browder, subject "Monthly City Doctor Evaluation" | COH_JP-001760 – COH_JP-001762 |
| 182. | 05-19-2023 Email chain between Jennifer Payne and Jacqueline Browder, subject "Records Release" | COH_JP-001722 – COH_JP-001723 |
| 183. | 05-23-2023 Email chain with subject "City Doctor" | COH_JP-001846 – COH_JP-001848 |
| 184. | 07-06-2023 Email between Jennifer Payne and Jacqueline Browder, subject "City Doctor" | COH_JP-001495 |
| 185. | 07-26-2023 Email chain between Jacqueline Browder and Jennifer Payne, subject "Doctors Appointment" | COH_JP-001693 – COH_JP-001695 |
| 186. | 07-31-2023 Notice of Eligibility & Rights and Responsibilities under the Family and Medical Leave Act | COH_JP-001797 – COH_JP-001800 |
| 187. | 08-21-2023 Email by Jacqueline Browder to Diana McMahon, subject "City Doctor" | COH_JP-001851 – COH_JP-001853 |
| 188. | 08-22-2023 Email by Jennifer Payne to Jacqueline Browder, subject "Paperwork" | COH_JP-001657 |
| 189. | 09-23-2023 Email by Jacqueline Browder to Jennifer Payne re: City Doctor Appointment on October 6, 2023 | COH_JP-001594 |
| 190. | 10-24-2023 Email by Jacqueline Browder to Jennifer Payne, subject "Doctor Appointment" | COH_JP-001840 |
| 191. | 10-24-2023 Email by Diana McMahon to C. Theodore Alpaugh, subject "Doctor Appointment" | COH_JP-001842 |

| NO. | DESCRIPTION OF DOCUMENT | BATES NO(S). |
|---|---|---|
| 192. | 11-20-2023 Email by Jennifer Payne; subject "Permission to attend union meeting" | COH_JP-001822 |

**DEFENDANT'S EXHIBITS WITH OBJECTIONS BY PLAINTIFF**

| NO. | DESCRIPTION OF DOCUMENT | BATES NO(S). | PLAINTIFF'S OBJECTIONS |
|---|---|---|---|
| 17. | | | |
| 18. | | | |
| 19. | | | |
| 20. | | | |
| 21. | | | |
| 22. | | | |
| 23. | | | |

## PLAINTIFF'S WITNESSES

**WILL CALL:**

1.  Plaintiff, Jennifer Payne
    46506 Pine Hill Court
    Hammond, LA 70401

    Will be called on direct examination to testify concerning all issues related to Plaintiff's remaining claims in this suit.

2.  Officer Ryan Ray; (504) 343-8371; 826 Crestwood Drive, Covington, La. 70433; Officer Ray has knowledge of male employees being offered light duty when Plaintiff was denied the same accommodation while out on sick leave.

3.  Lieutenant Daniel Boudreaux, (985) 969-3942;30499 Pete Smith Road, Holden, La. 70744; has knowledge of the Hammond Police Department's sick leave policy and male employees being allowed to leave their place of confinement while on sick leave while Plaintiff was denied the same treatment.

4.  Lieutenant David Mauro, City of Hammond Police Department (985) 969-2181; c/o Phelps Dunbar, LLP M. Nan Alessandra 365 Canal Street, Ste. 2000, New Orleans, La. 70130; Cash Coudrain & Bass, Andre Gerard Coudrain, 106 S. Magnolia Street, Hammond, La.

70454; Lt. Mauro has knowledge of the facts and circumstances surrounding the Internal Affairs Investigations into Plaintiff, Complaints about Plaintiff for allegedly violating the sick leave policy, and Plaintiff being the only Officer demoted for violating the sick leave policy;

5. Diana McMahon, Human Resource Manager, City of Hammond; c/o Phelps Dunbar, LLP M. Nan Alessandra 365 Canal Street, Ste. 2000, New Orleans, La. 70130; Cash Coudrain & Bass, Andre Gerard Coudrain, 106 S. Magnolia Street, Hammond, La. 70454; Ms. McMahon has knowledge or information regarding any and all communications and dealings with Plaintiff, the City of Hammond's policies and procedures regarding discrimination, retaliation and the allegations set forth in Plaintiff's complaint. Ms McMahon also has knowledge of the involvement or lack thereof into any investigations, demotions, and termination of Plaintiff. Ms. McMahon also has knowledge of the demotion and termination of Plaintiff, in addition to the involvement of the City of Hammond's HR department in any investigations into Plaintiff, along with the City of Hammond's determination to lift the sick leave requirements for Plaintiff pursuant to letters from various healthcare providers regarding the unduly burdensome nature of the policies. Ms. McMahon also has knowledge of the interactive process for the City of Hammond/Hammond Police Department.

## MAY CALL:

6. Chief of Police Edwin Bergeron, Jr.
   City of Hammond Police Department
   120 S. Oak St.
   Hammond, LA 70401

   Will testify concerning knowledge or information regarding any relevant dealings or communications with Plaintiff; relevant employment decisions and actions related to Plaintiff; the City's removal of Plaintiff from service with the Hammond Police Department; Internal Affairs Investigation No. 22-05 of Plaintiff; Internal Affairs Investigation No. 23-03 of Plaintiff; and relevant facts related to Plaintiff's remaining claims at trial of this suit.

7. Captain Wayne Scivicque
   City of Hammond Police Department
   120 S. Oak St.
   Hammond, LA 70401

   Dealings or communications with Plaintiff; HPD Complaints filed by Captain Scivicque on September 2, 2022 and March 18, 2023 regarding Plaintiff; relevant employment decisions or communications as Plaintiff's supervisor; communications with Plaintiff during extended sick leave status on September 2, 2022 – December 18, 2023; and any relevant facts related to Plaintiff's remaining claims at trial of this suit.

8. Jacqueline C. Browder
   City of Hammond
   219 E. Robert St.
   Hammond, LA 70401

   Human Resources Generalist, City of Hammond.  Will testify concerning knowledge or information regarding dealings or communications with Plaintiff while on sick leave during relevant period in this suit; relevant City of Hammond policies and procedures; and any relevant facts related to Plaintiff's remaining claims at trial of this suit.

9. Mayor Pete Panepinto
   City of Hammond
   310 E. Charles St.
   Hammond, LA 70401

   Mayor, City of Hammond.  May be called to testify regarding knowledge or information of disciplinary actions of Plaintiff regarding Internal Affairs Investigation No. 22-05 and Internal Affairs Investigation No. 23-03; regarding the City's decision to remove Plaintiff from service with the Hammond Police Department; relevant policies and procedures of the City of Hammond; and any relevant facts related to Plaintiff's remaining claims at trial of this suit.

10. Assistant Chief of Police Angelo Monistere
    City of Hammond Police Department
    120 S. Oak St.
    Hammond, LA 70401

    May be called concerning knowledge or information of relevant dealings and communications with Plaintiff; relevant employment actions regarding Plaintiff; relevant civil service rules; relevant policies and procedures of Hammond Police Department; and any relevant facts related to Plaintiff's remaining claims at trial of this suit.

11. Captain Avery Rohner
    City of Hammond Police Department
    120 S. Oak St.
    Hammond, LA 70401

    May be called concerning knowledge or information regarding any dealings or communications with Plaintiff; relevant employment decisions regarding Plaintiff; and any relevant facts related to Plaintiff's remaining claims at trial of this suit.

12. Eric Oberlander, M.D.
    The NeuroMedical Center
    19065 Dr. John Lambert Dr., Suite 2900
    Hammond, LA 70403

Personal physician of Plaintiff. May be called concerning knowledge or information regarding treatment of Plaintiff during the relevant period; completion of City of Hammond Attending Physician forms regarding Plaintiff; a Medical Clearance and Release Form, dated August 23, 2023, regarding Plaintiff; and a Job Analysis, dated September 25, 2023, regarding Plaintiff; the failure of the City to contact him regarding Plaintiff's recovery, the City's sick leave policies, Plaintiff's ability after recovery to perform essential job duties.

13. Daniel Long, P.A.
    The NeuroMedical Center
    19065 Dr. John Lambert Dr., Suite 2900
    Hammond, LA 70403

    Personal healthcare provider of Plaintiff. May be called concerning knowledge of Attending Physician's Forms and correspondence to City of Hammond regarding Plaintiff during relevant period and the City's sick leave policies and how they may delay Plaintiff's healing.

14. Debbie Sellers, FNP
    North Oaks Occupational Health Services
    1900 S. Morrison Blvd., Suite B
    Hammond, LA 70403

    Healthcare provider for city. May be called concerning knowledge Attending Physician forms and correspondence to City of Hammond regarding Plaintiff during relevant period and her concurring opinion with Plaintiff's treating providers regarding the City's sick leave policies

## <u>DEFENDANT'S WITNESSES</u>

1. Plaintiff, Jennifer Payne
   46506 Pine Hill Court
   Hammond, LA 70401

   Will be called on cross-examination to testify concerning all issues related to Plaintiff's remaining claims in this suit.

2. Chief of Police Edwin Bergeron, Jr.
   City of Hammond Police Department
   120 S. Oak St.
   Hammond, LA 70401

   Will call. Will testify concerning knowledge or information regarding any relevant dealings or communications with Plaintiff; relevant civil service rules; relevant General Orders, rules, policies and procedures of the Hammond Police Department and City of Hammond; relevant employment decisions and actions related to Plaintiff; the City's removal of Plaintiff from service with the Hammond Police Department; Internal Affairs

Investigation No. 22-05 of Plaintiff; Internal Affairs Investigation No. 23-03 of Plaintiff; and relevant facts related to Plaintiff's remaining claims at trial of this suit.

3. Captain Wayne Scivicque
   City of Hammond Police Department
   120 S. Oak St.
   Hammond, LA 70401

   Will call. Will testify concerning knowledge or information regarding any dealings or communications with Plaintiff; HPD Complaints filed by Captain Scivicque on September 2, 2022 and March 18, 2023 regarding Plaintiff; relevant employment decisions or communications as Plaintiff's supervisor; communications with Plaintiff during extended sick leave status on September 2, 2022 – December 18, 2023; and any relevant facts related to Plaintiff's remaining claims at trial of this suit.

4. Lieutenant David Mauro
   City of Hammond Police Department
   120 S. Oak St.
   Hammond, LA 70401

   Will call. Will testify concerning knowledge of information regarding Internal Affairs Investigation No. 22-05; Internal Affairs Investigation No. 23-03; and any relevant facts related to Plaintiff's remaining claims at trial of this suit.

5. Diana Guzman-McMahon
   City of Hammond
   219 E. Robert St.
   Hammond, LA 70401

   Will call. Director of Human Resources, City of Hammond. Will testify concerning knowledge or information regarding dealings or communications with Plaintiff; relevant City of Hammond policies and procedures; Attending Physician Reports and healthcare provider communications regarding Plaintiff; fit-for-duty and job analysis communications regarding Plaintiff; any communications with Plaintiff regarding requests to leave home while on sick leave status; and any relevant facts related to Plaintiff's remaining claims at trial of this suit.

6. Jacqueline C. Browder
   City of Hammond
   219 E. Robert St.
   Hammond, LA 70401

   Will call. Human Resources Generalist, City of Hammond. Will testify concerning knowledge or information regarding dealings or communications with Plaintiff while on sick leave during relevant period in this suit; relevant City of Hammond policies and procedures; and any relevant facts related to Plaintiff's remaining claims at trial of this suit.

7. Mayor Pete Panepinto
   City of Hammond
   310 E. Charles St.
   Hammond, LA 70401

   May call.  Mayor, City of Hammond.  May be called to testify regarding knowledge or information of disciplinary actions of Plaintiff regarding Internal Affairs Investigation No. 22-05 and Internal Affairs Investigation No. 23-03; regarding the City's decision to remove Plaintiff from service with the Hammond Police Department; relevant policies and procedures of the City of Hammond; and any relevant facts related to Plaintiff's remaining claims at trial of this suit.

8. Assistant Chief of Police Angelo Monistere
   City of Hammond Police Department
   120 S. Oak St.
   Hammond, LA 70401

   May call.  May be called concerning knowledge or information of relevant dealings and communications with Plaintiff; relevant employment actions regarding Plaintiff; relevant civil service rules; relevant policies and procedures of Hammond Police Department; and any relevant facts related to Plaintiff's remaining claims at trial of this suit.

9. Captain Avery Rohner
   City of Hammond Police Department
   120 S. Oak St.
   Hammond, LA 70401

   May call.  May be called concerning knowledge or information regarding any dealings or communications with Plaintiff; relevant employment decisions regarding Plaintiff; and any relevant facts related to Plaintiff's remaining claims at trial of this suit.

10. Sergeant Craig Dunn
    City of Hammond Police Department
    120 S. Oak St.
    Hammond, LA 70401

    May call.  May be called concerning knowledge or information regarding P.O.S.T. firearms qualification and re-qualification requirements and procedures; and firearms training record of Plaintiff produced by Defendant in discovery.

11. Charles Borchers IV
    City of Hammond
    310 E. Charles St.
    Hammond, LA 70401

May call. Director of Administration, City of Hammond. May be called to testify on knowledge or information regarding City of Hammond policies and procedures.

12. Kevin Beecher
    City of Hammond
    219 E. Robert St.
    Hammond, LA 70401

    May call.  Recruiting and Staffing, City of Hammond.  May be called to testify concerning knowledge or information of human resources documents produced by Defendant in discovery; and relevant City of Hammond policies and procedures.


13. Lacy Landrum, Ph.D
    Elos
    607 W. Morris Avenue
    Hammond, LA 70403

    May call.  Former Director of Administration, City of Hammond.  May be called to testify concerning knowledge or information regarding dealings or communications with Plaintiff; and any relevant facts related to Plaintiff's remaining claims at trial of this suit.

14. Adrienne Bordelon, State Examiner
    Office of State Examiner
    Louisiana Municipal Fire and Police Civil Service
    7722 Office Park, Suite 550
    Baton Rouge, LA 70809

    May call.  State Examiner, Louisiana Office of State Examiner (OSE).  May be called to testify concerning knowledge of the Office of State Examiner and Municipal Fire and Police Civil Service rules and procedures; and communications during a May 4, 2023 OSE meeting with Hammond Police Department and City of Hammond administrators and supervisors on relevant civil service rules and disciplinary actions regarding Plaintiff.

15. Melissa Frazier, Benefits Administrator
    Municipal Employees' Retirement System of Louisiana
    7937 Office Park Boulevard
    Baton Rouge, LA 70809

    May call.  Benefits Administrator, Municipal Employees' Retirement System of Louisiana (MERS).  May be called to testify concerning knowledge or information of MERS rules and procedures, including the process for disability retirement applications; and any relevant facts regarding any communications with Plaintiff related to any disability retirement inquiries or application.

16. Eric Oberlander, M.D.
    The NeuroMedical Center

19065 Dr. John Lambert Dr., Suite 2900
Hammond, LA 70403

May call.  Personal physician of Plaintiff.  May be called concerning knowledge or information regarding treatment of Plaintiff during the relevant period; completion of City of Hammond Attending Physician forms regarding Plaintiff; a Medical Clearance and Release Form, dated August 23, 2023, regarding Plaintiff; and a Job Analysis, dated September 25, 2023, regarding Plaintiff.

17. Michael Christner, M.D.
North Oaks Occupational Health Services
1900 S. Morrison Blvd., Suite B
Hammond, LA 70403

May call.  Healthcare provider for city employee fit-for-duty assessments.  May be called concerning knowledge of Attending Physician forms regarding Plaintiff; and a Job Analysis, dated November 2, 2023 regarding Plaintiff.

18. Daniel Thompson, M.D.
The NeuroMedical Center
19065 Dr. John Lambert Dr., Suite 2900
Hammond, LA 70403

May call.  Personal physician of Plaintiff.  May be called concerning knowledge of Attending Physician forms regarding Plaintiff during relevant period.

19. Daniel Long, P.A.
The NeuroMedical Center
19065 Dr. John Lambert Dr., Suite 2900
Hammond, LA 70403

May call.  Personal healthcare provider of Plaintiff.  May be called concerning knowledge of Attending Physician's Forms and correspondence to City of Hammond regarding Plaintiff during relevant period.

20. Debbie Sellers, FNP
North Oaks Occupational Health Services
1900 S. Morrison Blvd., Suite B
Hammond, LA 70403

May call.  Healthcare provider for city employee fit-for-duty assessments.  May be called concerning knowledge Attending Physician forms and correspondence to City of Hammond regarding Plaintiff during relevant period.

21. Stephanie Guidry, NP
The NeuroMedical Center
19065 Dr. John Lambert Dr., Suite 2900

Hammond, LA 70403

May call.  Personal healthcare provider of Plaintiff. May be called concerning knowledge of Attending Physician forms or correspondence regarding Plaintiff during relevant period.

All witnesses and exhibit list were filed in accordance with the Scheduling Order.

Depositions of certain individuals may be introduced and will be produced pursuant to the Court's Pre-Trial Order.

This matter is set for a bench trial on November 17, 2025, beginning at 9:00a.m., and is expected to last two to three days. The possibility of settlement was considered.

**DAMAGES:**

The issue of liability _____will or will not_____ be tried separately from that of quantum.

**KIEFER & KIEFER**

_____
**ANNA M. SINGLETON (Bar No. 40050)**
1300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163
Telephone:      (504) 828-3313
Facsimile:      (504) 828-0024
Email:
 asingleton@kieferlaw.com

And

**ANDERSON | TRAYLOR | EDWARDS**

  /s/Ashley  Anderson   Traylor
Ashley Anderson Traylor, Bar #36287
Christopher J. Edwards, Jr. Bar #35471
J. Thomas Anderson, Bar #2464
S. Camp Sledge, Bar #39506
509 West Morris Avenue (70403)
P.O. Drawer 4129
Hammond, Louisiana 70404
Phone – (985) 345-7777
Fax – (985) 221-7501
ashley@ateattorneys.com
*Attorneys for Plaintiff, Jennifer Payne*


BY:      /s/ M. Nan Alessandra
            M. NAN ALESSANDRA (#16783)
            365 Canal St., Suite 2000
            New Orleans, LA  70130
            Telephone: (504) 566-1311
            Facsimile:  (504) 568-9130
            Email:  nan.alessandra@phelps.com
**AND**

            **CASHE COUDRAIN & BASS**
            ANDRE G. COUDRAIN (#1789)
            106 South Magnolia St. (70403)
            P.O. Drawer 1590
            Hammond, LA  70404
            Telephone: (985) 542-6848
            Telecopier: (985) 542-9602
            Email:  agc@ccbattorneys.com


**ATTORNEYS FOR DEFENDANT, CITY OF HAMMOND**



New    Orleans,   Louisiana  _____   UNITED   STATES

DISTRICT JUDGE

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 27TH day of October, 2025 a copy of the foregoing was filed electronically in the record.

_____
ANNA M. SINGLETON